# EXHIBIT 3

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 15-cv-01889-REB-CBS

RODOLFO LLACUA, et al.,

    Plaintiffs,

v.

WESTERN RANGE ASSOCIATION, et al.,

    Defendants.

---

ORDER OVERRULING OBJECTIONS TO RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

---

**Blackburn, J.**

The matters before me are (1) the magistrate judge's **Recommendation on Defendants' Motions To Dismiss the Second Amended Complaint** [#125],[1] filed June 3, 2016; and (2) plaintiff's **Objection to Report and Recommendation** [#131], filed July 1, 2016.  I overrule the objections, adopt the recommendation in substantive part, and dispose of the motions to dismiss and plaintiffs' claims as set forth herein.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which cognizable objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  The recommendation is exquisitely detailed and exceptionally well-reasoned.  So thoroughly has the magistrate judge considered and analyzed the issues raised by and inherent to

---

[1] "[#125]" is an example of the convention I use to identify the docket number assigned to a specific paper by the case management and court's electronic case filing system (CM/ECF).  I use this convention throughout this order.

the underlying motions to dismiss that any extended exegesis on the court's part would be little more than a festooned reiteration of his excellent work.

After meticulously rehearsing the substantive and procedural legal standards for assertion of a viable claim under section 1 of the Sherman Act, the magistrate judge thoroughly vetted the relevant allegations of the Second Amended Complaint.[2] Likewise, with respect to the putative RICO claims, plaintiffs' insistence that the magistrate judge erred in concluding they failed plausibly to allege a RICO enterprise is belied by the recommendation's comprehensive discussion of the relevant legal standards as compared to the allegations of the operative complaint.[3]

Plaintiffs' objection merely reiterates or recasts[4] the arguments the magistrate judge so carefully and cogently examined. Having reviewed these arguments *de novo*, the court finds nothing to support any suggestion that the magistrate judge misstated the relevant law or misapplied it to the factual allegations of the operative complaint. Again, his masterful work in synthesizing the arguments and authorities in these

---

[2] Noting that the Second Amended Complaint did not allege facts which directly established the existence of an actionable agreement under section 1, the magistrate judge went on to consider whether these allegations were sufficient to plausibly suggest the existence of such an agreement by circumstantial evidence. Carefully examining each of the five categories of factual allegations that undergirded plaintiff's claims, the magistrate judge found plaintiffs, at best, had alleged no more than parallel conduct, equally likely to result from independent, lawful action as from conspiracy to violate the antitrust laws.

[3] Plaintiffs complain that, in "summarily" finding their RICO enterprise allegations insufficient, the recommendation fails to "provide[] Plaintiffs with any direction as to what facts are lacking to allege sufficient distinctiveness[.]" (**Obj.** at 20.) Neither the magistrate judge nor this court is plaintiffs' advocate, however. A judicial officer bears no responsibility to apprise a party – especially one represented by ostensibly learned counsel – as to the nature or quantum of facts that must be pleaded to overcome a motion to dismiss under Rule 12(b).

[4] To the extent plaintiffs' objection suggests – for the first time – that their complaint contains allegations of direct evidence of conspiracy, that argument is waived. The magistrate judge can hardly be faulted for failing to address an issue plaintiffs never raised for his consideration in the first instance. **See Marshall v. Chater**, 75 F.3d 1421, 1426 (10th Cir. 1996); **Alleyne v. Midland Mortgage Co.**, 2006 WL 2860811 at *3 (D. Colo. Sept. 12, 2006).

2

complex areas of law could not be improved by further exegesis on the part of this court.  Suffice to say, this court concurs fully with the magistrate judge's substantive conclusions as to the disposition of the pending motions to dismiss.

The magistrate judge recommends plaintiffs' federal claims be dismissed with prejudice, noting that plaintiffs did not formally request leave to file a third amended complaint and that nothing in the record indicated plaintiffs would be able to allege either viable federal claims or a basis for diversity jurisdiction.  (**Recommendation** at 42 n.25.)  Plaintiffs, however, subsequently filed a motion seeking leave to amend ([#139], filed August 18, 2016), which has been referred to the magistrate judge for consideration.  Thus, the court is constrained to conditionally reject this portion of the recommendation and dismiss plaintiffs' federal claims without prejudice,  pending determination of the motion to amend.  If amendment ultimately is not granted, judgment with prejudice will enter on the federal claims, and the court will decline supplemental jurisdiction over the remaining state law claims, dismissing them without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation on Defendants' Motions To Dismiss the Second Amended Complaint** [#125], filed June 3, 2016, is approved and adopted as an order of this court, except to the extent it recommends plaintiffs' federal claims be dismissed with prejudice;

2.  That the objections in plaintiff's **Objection to Report and Recommendation** [#131], filed July 1, 2016, are overruled;

3

    3. That the following motions are granted:

        a. **Defendant Martin Auza Sheep Company's Motion To Dismiss Plaintiffs' Second Amended Complaint** [#83], filed January 8, 2016;

        b. **Defendant Cunningham Sheep Company's Motion To Dismiss Counts I, II, and III of Plaintiffs' Second Amended Complaint** [#86], filed January 8, 2016;

        c. **Defendant Western Range Association's Combined Motion To Dismiss Plaintiffs' Second Amended Complaint and Memorandum of Law in Support** [#87], filed January 8, 2016;

        d. **Defendants Nottingham Land and Livestock, LLLP's and Two Bar Sheep Co, LLC's Motion To Dismiss Second Amended Complaint** [#88], filed January 8, 2016;

        e. **Motion To Dismiss Claims Against Child Ranch, LLC; Estill Ranches, LLC; and Dennis Richins d/b/a Dennis Richins Livestock** [#89], filed January 8, 2016; and

        f. **Defendant Mountain Plains Agricultural Service's Motion To Dismiss Plaintiffs' Second Amended Complaint and Memorandum in Support** [#91], filed January 8, 2016; and

    4. That plaintiffs' claims are dismissed without prejudice, pending resolution of plaintiffs' motion for leave to file an amended complaint.

Dated September 6, 2016, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge