# EXHIBIT 4

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 15-cv-01889-REB-CBS

RODOLFO LLACUA, et al.,

    Plaintiffs,

v.

WESTERN RANGE ASSOCIATION, et al.,

    Defendants.

---

ORDER RE: OBJECTIONS TO RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

---

Blackburn, J.

The matters before me are (1) the magistrate judge's **Memorandum Opinion and Recommendation on Plaintiffs' Motion To Amend the Second Amended Complaint** [#158],[1] filed December 21, 2016; (2) **Defendant MPAS's Objection to Magistrate Judge's Memorandum Opinion and Recommendation on Plaintiff's Motion To Amend the Second Amended Complaint** [#162], filed January 26, 2017; (3) **Defendant Western Range Association's Objection to Magistrate Judge's Memorandum Opinion and Recommendation on Plaintiff's Motion To Amend the Second Amended Complaint as it Relates to Count VIII** [#163], filed January 26, 2017; and (4) plaintiffs' **Objection to Report and Recommendation** [#164], filed January 26, 2017. As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all

---

[1] "[#158]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

portions of the recommendation to which objections have been filed, and have considered carefully the recommendation; plaintiffs' and defendants' respective objections and responses thereto; the arguments presented in the underlying motion, responses, and reply; and all applicable caselaw.

As he did in vetting plaintiffs' Second Amended Complaint, the magistrate judge here has masterfully and cogently analyzed the viability of the substantive allegations included in this latest proposed amendment of plaintiffs' Sherman Act and civil RICO claims. It would add nothing to his adroit discussion and well-supported arguments for this court to expound further on these matters. Put succinctly, plaintiffs' proposed amendment does little more than heap factual detail on top of the same insupportable legal theories previously asserted. Nothing in their objections convinces this court the magistrate judge misapprehended or misapplied the relevant law. I thus approve and adopt the magistrate judge's recommendation to dismiss plaintiffs' proposed Sherman Antitrust Act claims, as well as the majority of their civil RICO claims, as futile.

However, I must respectfully must reject the recommendation that plaintiffs be granted leave to amend to assert a civil RICO claim against defendant Dennis Richins. Regardless whether these allegations are substantively sufficient to withstand a motion to dismiss, I agree with defendants – based on a more complete understanding of the procedural history of this case – that plaintiffs' undue delay in filing this most recent proposed amendment is undue, unjustified, and prejudicial.

Some background is necessary to put the court's determination in context. Soon after this case was filed, defendant Mountain Plains Agricultural Service ("MPAS") filed a motion to stay, pending resolution of pending and anticipated motions to dismiss

2

[#23]. Less than a week later, on October 28, 2015, plaintiffs filed their First Amended Complaint [#32].[2] On November 13, 2015, the magistrate judge held a status conference to consider, *inter alia*, the motion to stay (*see* [#52]).[3] In addressing that motion, the magistrate judge pointed out that the then-imminent (now fully applicable) changes to Rule 1 of the Federal Rules of Civil Procedure expressly imposed on both the court and all parties the responsibility for ensuring the "just, speedy, and inexpensive determination of every action." Emphasizing the seriousness with which he took the objectives underlying the rule, the magistrate judge cautioned the parties at length that he already foresaw the case – a putative class action involving complex antitrust and racketeering claims – "on a glide path to slow," in contravention of Rule 1. He therefore denied the motion to stay, and authorized limited discovery.[4]

The magistrate judge then addressed plaintiffs' counsel. Noting two motions to dismiss the First Amended Complaint already had been filed and two more were anticipated the following Monday, the magistrate judge made it plain that plaintiffs should not expect unfettered leeway to proffer multiple iterations of their complaint, followed by multiple rounds in which defendants' motions to dismiss were countered with yet further requests to amend. He therefore specifically informed plaintiffs' counsel that he would "impose upon you a specific obligation":

---

[2] The filing of that amended complaint mooted both MPAS's motion to dismiss and a separate motion to dismiss [#39] filed by Cunningham Sheep Company contemporaneously with the amended complaint. (*See* [## 42 & 43].).

[3] Although no transcript was ordered, the court has reviewed carefully the audio recording of the status conference in its entirety.

[4] Requesting the parties to produce a phased discovery plan, he noted his intent was not to "jump into the deep end of the discovery pool," but rather merely to "dip[] a toe in the water."

3

> As to the motions to dismiss that were filed on November 11 and November 12, as for the motions to dismiss that are filed on Monday, I will require plaintiffs' counsel, to the extent that plaintiffs' counsel as any inclination, even as a fall-back position, to the extent that plaintiff's counsel has any inclination to raise the possibility of further amendments as a cure, I'll require you to take the initiative to put together a telephone conference call with all the defense counsel on or before November 20 to raise that prospect. I don't want to wait 21 days [after the motions to dismiss are filed] for you to simply say "OK, judge, well we think the motions are losers, [but] we want to amend yet one more time." Because that doesn't benefit . . . it certainly doesn't benefit the plaintiffs and I can tell you without a moment's of [sic] hesitation, it doesn't benefit the court.
>
> So if you have any inclination to respond to these motions by raising or asserting yet another motion for leave to amend, I want that discussed with defense counsel, um, no later than November 20. You're going to have to put your cards on the table. Okay?

Counsel for plaintiff's replied, "Understood, Your Honor." In case that discussion were not sufficiently clear, the magistrate judge shortly thereafter again cautioned he did not "want to be in a situation where we spend untold months briefing, with an outside possibility of amending . . ."

That discussion gives context to the magistrate judge's prior recommendation that the federal claims set forth in the Second Amended Complaint be dismissed without further leave to amend:[5]

> Plaintiffs have not formally requested leave to amend their complaint a third time. When Plaintiffs do not formally seek leave to amend, the court need not provide for amendment upon dismissal. To obtain leave, Plaintiffs would have to show that a third amendment would likely enable them to

---

[5] Nothing in the record before me suggests the meeting between the parties contemplated by the magistrate judge occurred on or before the designated November 20 deadline.

plausibly allege the federal claims or diversity jurisdiction. Nothing in the record indicates that a third amendment would enable Plaintiffs to do either. The court accordingly recommends dismissing without leave to amend.

(**Recommendation on Defendants' Motions To Dismiss the Second Amended Complaint** at 42 n.25 [#125], filed June 3, 2016 (internal citations omitted).) Two and a half months after that recommendation had been docketed – and nearly three weeks after plaintiffs' objections had been fully briefed, with barely a mention of the prospect of amendment, much less a request for same[6] – plaintiffs submitted a proposed Third Amended Complaint, conditioned on this court's ruling on the recommendation regarding the pending motions to dismiss. (**See Motion To Amend** [#139], filed August 18, 2016.)

At the time plaintiffs' motion for leave to amend was filed, the court followed its routine practice and referred it to the magistrate judge [#141]. Meanwhile, three weeks later, the court approved and adopted the magistrate judge's recommendation to dismiss the federal claims asserted in the Second Amended Complaint. At that time, however, this court was unaware of the magistrate judge's prior pointed admonishments regarding further attempts to amend. Therefore, in light of the filing of the motion for leave to amend, I noted I felt "constrained to conditionally reject" the recommendation to deny leave to amend, and thus dismissed plaintiffs' federal claims without prejudice pending determination of the motion for leave to amend. (**Order Overruling**

---

[6] On the penultimate page of their brief, plaintiffs claimed to be perplexed as to why they should not be allowed to amend to attempt to address the magistrate judge's conclusion that the Second Amended Complaint failed to state a viable civil RICO claim against Mr. Richins. (**See Plf. Obj.** at 19 [#131], filed July 1, 2016.) Yet they neither requested leave to amend nor addressed the relevant standards for leave to amend. Instead, they primarily insisted the claim was viable as pled.

5

**Objections to Recommendation of the United States Magistrate Judge** at 3 [#142], filed September 6, 2016.) Now, with a fuller understanding of the context of the magistrate judge's prior recommendation to deny leave to amend, this court's prior determination appears overly facile.

Moreover, the magistrate judge's current recommendation that plaintiffs now should be granted leave to amend seems to take inadequate account of his own prior efforts to prevent just this type of prodigal machination.  Nor do the reasons cited by the magistrate judge as justifying granting leave to amend strike the court as particularly compelling.  Indeed, the reason trial has not been set is attributable largely to plaintiffs' inability to land and stick on a definitive articulation of their claims.  The limited nature of the discovery undertaken thus far likewise is a consequence of plaintiffs' vacillation.

Indeed, the magistrate judge specifically (and rightly) rejected plaintiffs' arguments that amendment was appropriate because the court had misconstrued their claims.  He also stressed plaintiffs' *seriatim* amendments were "inefficient" and inconsistent with their responsibilities under Rule 1, exactly the circumstance he had attempted to avoid by directing plaintiffs to "put their cards on the table" more than a year ago, just before they filed their Second Amended Complaint.  (**Recommendation** at 31.)  Further, the magistrate judge noted plaintiffs' counsel should have been aware of many of the facts they proposed to add to their claim against Mr. Richins.  (***See id.*** at 31 n.20.)[7]  It is hard to square this discussion with a recommendation that plaintiffs be allowed to amend at this late date after repeated unsuccessful attempts to assert viable

---

[7] Mr. Richins argues plaintiffs appear to merely have recast their prior breach of contract claim against him as a RICO violation.  (***See*** [#171] at 2-3.)

6

claims.

Given all these circumstances, the court is compelled to conclude that plaintiffs' attempts at amendment have been dilatory, resulting in undue delay and prejudice to all defendants, not just Mr. Richins. Although "[l]ateness does not of itself justify the denial of the amendment,"

> [a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time. The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.

**Minter v. Prime Equipment Co.**, 451 F.3d 1196, 1204-05 (10th Cir. 2006) (citations and internal quotation marks omitted). In determining whether delay is undue, the Tenth Circuit has advised district courts to focus on the reasons for the delay. *Id.* at 1206. Denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." **Frank v. U.S. West**, 3 F.3d 1357, 1365-66 (10th Cir. 1993). **See also Durham v. Xerox Corp.**, 18 F.3d 836, 840 (10th Cir.) ("[U]nexplained delay alone justifies the district court's discretionary decision."), **cert. denied**, 115 S.Ct. 80 (1994).

Such is the case here. Although plaintiffs' delay is not wholly unexplained, their explanations as to why further amendment was necessary are wholly unconvincing. Specifically, plaintiffs maintain they could not have known the importance of certain issues in the case until defendants filed their responses to plaintiffs' objections to the recommendation to dismiss the Second Amended Complaint. That argument is, frankly,

7

nonsensical. Assuming *arguendo* defendants' arguments in response to the objections truly were new, as plaintiffs suggest, the magistrate judge plainly could not have relied on them in recommending dismissal. Nor did this court, as it simply approved and adopted the magistrate judge's substantive recommendations without further exegesis.

What strikes this court as far more likely is that plaintiffs – knowing the magistrate judge recommended dismissal of their federal claims, and fully aware from prior discussions with the magistrate judge that this court was likely to rule on the motions to dismiss the Second Amended Complaint before the end of September 2016 – decided to chance one last shot at attempting to cure the deficiencies the magistrate judge had identified. It is precisely this type of manipulation which has led the Tenth Circuit to caution courts against allowing plaintiffs "to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal[.]" **Minter**, 451 F.3d at 1206 (citations and internal quotation marks omitted). All three of those boundaries are transgressed by plaintiffs' efforts to amend in this matter.

I therefore respectfully reject the magistrate judge's recommendation that this single federal claim be allowed to proceed, and concomitantly deny plaintiffs' motion to amend as to that claim as well. Moreover, because that determination disposes of all federal claims in this lawsuit, I exercise my prerogative to decline supplemental jurisdiction over the pendant state law claims. 28 U.S.C. § 1367(a)(3). **See also Koch v. City of Del City**, 660 F.3d 1228, 1248 (10th Cir. 2011), **cert. denied**, 133 S.Ct. 211 (2012).

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Memorandum Opinion and Recommendation on Plaintiffs' Motion To Amend the Second Amended Complaint** [#158], filed December 21, 2016, is approved in part and rejected in part, as follows:

    a. That the recommendation is rejected insofar as it recommends allowing plaintiffs to assert a civil RICO claim against Mr. Richins and allowing the pendant state law claims to proceed; and

    b. That in all other respects, the recommendation is approved and adopted as an order of this court;

2. That the objections stated in plaintiffs' **Objection to Report and Recommendation** [#164], filed January 26, 2017, are overruled;

3. That the objections stated in **Defendant MPAS's Objection to Magistrate Judge's Memorandum Opinion and Recommendation on Plaintiff's Motion To Amend the Second Amended Complaint** [#162], filed January 26, 2017, are deemed to be moot;

4. That the objections stated in **Defendant Western Range Association's Objection to Magistrate Judge's Memorandum Opinion and Recommendation on Plaintiff's Motion To Amend the Second Amended Complaint as it Relates to Count VIII** [#163], filed January 26, 2017, are deemed to be moot;

5. That plaintiffs' **Motion To Amend** [#139], filed August 18, 2016, is denied;

6. That the plaintiffs' federal claims are dismissed with prejudice;

7. That plaintiffs' pendant state law claims are dismissed without prejudice;

8. That judgment shall enter on behalf of defendants, Western Range Association; Mountain Plains Agricultural Service, Martin Auza Sheep Corporation, Nottingham Land and Livestock, LLLP; Two Bar Sheep Corporation, LLC; Ball Brothers Sheep Company; Estill Ranches, LLC; Cunningham Sheep Company; Dennis Richins dba Dennis Richins Livestock; and Child Ranch, LLC, and against plaintiffs, Rodolfo Llacua; Esliper Huaman; Leovegildo Vilchez Guerra; Liber Vilchez Guerra; Rafael de la Cruz, and behalf of themselves and all others similarly situated, as follows:

    a. That judgment with prejudice shall enter as to plaintiffs' federal antitrust and RICO claims against defendants; and

    b. That judgment without prejudice shall enter as to plaintiffs' state law claims;

9. That defendants are awarded their costs, to be taxed by the clerk of the court in the time and manner required by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

10. That this case is closed.

Dated March 7, 2017, at Denver, Colorado.

                                BY THE COURT:

                                */s/ Robert E. Blackburn*
                                Robert E. Blackburn
                                United States District Judge