ELLEN JEAN WINOGRAD, ESQ.
Nevada State Bar No. 815
JOSE TAFOYA, ESQ.
Nevada State Bar No. 16011
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, Nevada 89511
Tel: 775-688-3000
Fax: 775-688-3088
ewinograd@woodburnandwedge.com
jtafoya@woodburnandwedge.com

Attorneys for Defendant
WESTERN RANGE ASSOCIATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CIRILO UCHARIMA ALVARADO, on Behalf of Himself and All Others Similarly Situated,

Plaintiff,

vs.

WESTERN RANGE ASSOCIATION,

Defendant.

Case No. 3:22-cv-00249-MMD-CLB

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE**

Defendant WESTERN RANGE ASSOCIATION ("Western Range"), by and through its counsel, WOODBURN AND WEDGE, files this REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE.

This Reply is based on the following memorandum of points and authorities, the pleadings on file herein and any oral argument at hearing as may be set by the Court.

///

///

///

///

///

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I | INTRODUCTION | 1 |
| II | SUMMARY OF WESTERN RANGE ASSOCIATION'S POSITION | 1 |
| III | SUMMARY OF PLAINTIFF'S APPARENT POSITION | 2 |
| IV | LEGAL ARGUMENT | 3 |
| | A. DISMISSAL IS WARRANTED | 3 |
| | 1. Res Judicata and Collateral Estoppel Preclude Plaintiff's Claims | 3 |
| | a. The Cases Plaintiff Relies Upon are Transparently Distinguishable | 5 |
| | 2. The Testimony Plaintiff Relies on to Defeat Dismissal is Wholly Inadequate to Do So | 7 |
| | 3. FRCP Requires Dismissal of These Claims Already Once Litigated, Involving Identical Issues and the Same Defendant | 9 |
| | B. IF DISMISSAL IS DENIED, VENUE MUST BE CHANGED TO UTAH | 10 |
| V | CONCLUSION | 12 |

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

# TABLE OF AUTHORITIES

**Cases** **Pages**

*Allen v. McCurry*,
449 U.S. 90 (1980) ... 3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 1

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007) ... 1

*Burlington N. R. Co. v. Hyundai Merch. Marine Co.*,
63 F.3d 1227 (3d Cir. 1995) ... 5

*Champagne Metals v. Ken-Mac Metals, Inc.*,
458 F.3d 1073 (10th Cir. 2006) ... 7, 8, 9

Depianti v. Jan-Pro,
39 F.Supp. 3d 112 (D.Mass. 2014) ... 6

Depianti v. Jan-Pro,
873 F.3d 21 (1st Cir. 2017) ... 6

*In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*,
28 F.4th 42 (9th Cir. 2022) ... 9, 10

*Llacua v. W. Range Ass'n*,
930 F.3d 1161 (10th Cir. 2019) ... 1, 2, 3, 4, 5, 6, 7, 8, 10, 11

*Marin v. HEW, Healthcare Fin. Agency*,
769 F.2d 590 (9th Cir. 1985) ... 3

*N. Am. Soccer League v. U.S. Soccer Federation*,
883 F.3d 32 (2nd Cir. 2018) ... 8

*Oaktree Cap Management, L.P., v. KPMG*,
963 F.2d 1064 (D. Nev. 2013) ... 8

*Ramos v. U.S. Bank National Association*,
2009 WL 1475023 (D.Oregon 2009) ... 3, 4

*Tahoe-Sierra Pres. Council v. Tahoe Regional Planning Agency*,
322 F.3d 1064 (9th Cir. 2003) ... 3

*United States v. Falstaff Brewing Corp.*,
410 U.S. 526, 93 S.Ct. 1096, 35 L.Ed.2d 475 (1973) ... 9

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

## TABLE OF AUTHORITIES CONTINUED

**Cases** **Pages**

*Vasquez v. Jan-Pro Franchising International, Inc.*, 986 F.3d 1106 (9th Cir. 2021) ........ 5, 6

**Statutes**

NRS 239B.030 ........ 12

**Rules**

24 (10th Cir ........ 7

FRCP 8(a)(2) ........ 8

FRCP 12 (b) ........ 1, 7

**Regulations**

20 C.F.R. § 655.122 (l) ........ 2, 9

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

## I
## INTRODUCTION

The instant action purports to be a "class action" lawsuit brought by Plaintiff Cirilo Ucharima Alvarado ("Alvarado" or "Plaintiff"), on behalf of himself and all others "similarly situated" [Doc #1, ¶ 1]. Plaintiff alleges inter alia, Western Range and its non-party member ranches engaged in a "horizontal wage fixing agreement and market allocation in violation of the Sherman Act" [Doc #1, ¶ 149–177].

As set forth in Defendant's Motion to Dismiss [Doc #23], Plaintiff's claims are not new. Plaintiff's counsel previously unsuccessfully brought similar or identical claims against Western Range in 2016 in the District of Colorado, in *Llacua, et al., v. Western Range Association, et al.,* Case No. 15-1889-REB-CBS. The *Llacua* Dismissal was in favor of Western Range by the Tenth Circuit Court of Appeals just three years ago, in *Llacua v. W. Range Ass'n,* 930 F.3d 1161 (10th Cir. 2019), on identical H-2A sheep herder antitrust claims.[1]

## II
## SUMMARY OF WESTERN RANGE ASSOCIATION'S POSITION

Defendant Western Range Association's position is as follows:

- This matter must be dismissed as a matter of law because plaintiff's conclusory allegations and formulaic recitation of the elements of causes of action are inadequate to survive FRCP 12 (b) dismissal. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007); *Llacua v. Western Range Association et al.,* 930 F.3d 1161 (10th Cir. 2019);

- Res Judicata requires dismissal, as these claims have already been fully adjudicated on essentially the same facts, pertaining to Western Range Association specifically, through the Colorado Court system and into the 10th Circuit Court of Appeals. The adjudication was in favor of Western Range Association;

- Plaintiff's claim that it now has "new information" that would overrule the 10th Circuit's Decision and lead to a different result, is wholly irrelevant;

- Plaintiff's antitrust claim must be dismissed on the merits;

- Plaintiff failed to join the Department of Labor, an indispensable party, which sets and regulates the structure pertaining to wage and hour liability in the H-2A program.

[1] Plaintiff claims in his opposition that there is "new information" and he pseudo-quotes selected and curated portions of Dennis Richins' testimony taken after the Colorado District Court Dismissal *Llacua v. Western Range Association, et al.,* the Tenth Circuit Court of Appeals affirmed in *Llacua c. Western Range Association, supra.*

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

- Should this Court decide not to dismiss this matter outright, it must be transferred to Utah (within the 10th Circuit) whereby Plaintiff's own allegations, Defendant has its principal place of business.

## III
## SUMMARY OF PLAINTIFF'S APPARENT POSITION

Although it is difficult or impossible to ascertain what Plaintiff asserts in his Opposition to Western Range Associations Dismissal Motion in the hopes of defeating FRCP dismissal, it appears, that Plaintiff is arguing essentially one theme. To wit: Plaintiff appears to be claiming that there is "new" circumstantial evidence from long ago Executive Director Dennis Richins, that "plausibly establishes" that Western Range Association and its members have engaged in the unlawful conduct described in the Complaint [Doc #37, pp. 10-11]. Plaintiff summarily concludes that "the Complaint amply satisfies the applicable standard, both by alleging direct evidence of the *Agreement* and by alleging circumstantial evidence that is not consistent with independent economic decision making."

As discussed below, whether or not Plaintiff's characterization of Richins' testimony constitutes "new evidence" is irrelevant; the Tenth Circuit Court of Appeals unambiguously eliminated this purported factual issue on a legal basis, holding that it is the Federal Government that sets the lowest wage that may be offered to H-2A shepherds and that the job order must disclose the offered wage. 20 C.F.R. § 655.122 (l). *Llacua v. Western Range Association, et al., supra* at 1180-1181.[2]

Secondarily, Plaintiff's position appears to be that although Plaintiff himself alleged that Western Range Association's principal place of business was in Utah[3] and notwithstanding the fact that the

---

[2] Whether the "direct evidence" offered by Richins, albeit significantly curated by Plaintiff, constitutes "direct" or "circumstantial" evidence is irrelevant. The Tenth Circuit Court of Appeals in *Llacua v. Western Range Association, supra, held the regulatory scheme* authorizes associations to coordinate with members:

> That the regulatory scheme permits, and in places *requires*, very actions the shepherds contend support the inference of conspiracy is an important contextual consideration. For example, Federal law governing the H-2A program explicitly and specifically authorizes associations to coordinate with members to support "master applications..."

*Id* at 1181.

[3] Plaintiff himself alleges that Dennis Richins was the Executive Director of Western Range Association [until 2015] [Doc #1, ¶¶ 80-85]. Plaintiff has been rather vague as to the timeframes within which the apparent wage under payments occurred and where and as such, must be held to his own allegations which this Court must accept as true.

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

service address for the Summons and Complaint shows the Utah address, Plaintiff somehow is entitled to have this matter heard (yet again) in a different venue (Nevada) that is not within the Tenth Circuit, the Federal Circuit Court of Appeals that specifically decided identical issues raised herein.

## IV
## LEGAL ARGUMENT

### A. DISMISSAL IS WARRANTED

#### 1. Res Judicata and Collateral Estoppel Preclude Plaintiff's Claims

As set forth in Defendant Western Range Association's moving papers, the precise issues before this Court and the claims presented by Plaintiff and against Western Range, have already been dispositively adjudicated as to Western Range in the Colorado District Court and the Tenth Circuit Court of Appeals in *Llacua v. Western Range Association*, 930 F.3d 1161 (10th Cir. 2019). The doctrine of Res Judicata is intended to relieve parties of the cost and vexation of multiple lawsuits on the same issues and preventing inconsistent determinations. *See e.g., Marin v. HEW, Healthcare Fin. Agency,* 769 F.2d 590, 594 (9th Cir. 1985); *Allen v. McCurry,* 449 U.S. 90, 94 (1980). A final judgment on the merits bars further claims by the parties or the privies based upon the same cause(s) of action. *Tahoe-Sierra Pres. Council v. Tahoe Regional Planning Agency,* 322 F.3d 1064,1077 (9th Cir. 2003).

Plaintiff appears to be placing undue emphasis on the fact that the *Llacua* case involved different Plaintiffs[4] and that Plaintiff Alvarado was "not in privity with" or "adequately represented" by the *Llacua* Plaintiffs [Doc #37, pp. 23-28]. What Plaintiff either ignores or intentionally fails to recognize, is that the legal issues are identical, most of the allegations in *Alvarado* and *Llacua* are identical and the theory of recovery, however strained, is also identical. *See, Declaration of Ellen Jean Winograd,* filed with moving papers as Exhibit 1, pp. 4-20; *Ramos v. U.S. Bank National Association*, 2009 WL 1475023 (D.Oregon 2009).

While Plaintiff appears to make a desperate argument that because the two matters involved different Plaintiffs (although they involve the same Defendant), Res Judicata should somehow not apply

[4] The Plaintiffs may be different, but they shared the same counsel.

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

because there was inadequate "class representation".[5]

In fact, following significant analysis, the opposite result was reached in *Ramos v. U.S. Bank National Association,* 2009 WL 1475023 (D.Oregon 2009).[6] As set forth in *Ramos v. U.S. Bank National Association, supra:*

> Nevertheless, the proper question is whether the *McElmurry* plaintiffs' representation of the interests of Smith and the putative class represented by her was "adequate" for preclusion purposes. . . The Magistrate Judge found the interests of Smith and those of the *McElmurry* Plaintiffs were aligned because the Plaintiffs in both cases alleged <u>the same claims</u> with only a temporal variation and the Plaintiffs in both cases "sought vindication of the same rights."
>
> * * *
>
> On this record, the Court concludes the Magistrate Judge did not err when he concluded Smith was adequately represented by the *McElmurry* Plaintiffs. Accordingly, the class/collective aspects of the claims alleged by Smith on behalf of the putative class of SSMS are barred by issue of preclusion.

*Id. at 4-5.*

The Court in *Ramos v. U.S. Bank National Association, supra,* recognized that differences in parties and temporal variations are <u>insufficient</u> to negate Collateral Estoppel or issue preclusion, when the claims in the two cases <u>were the "same", with "only a temporal variation"</u>. . . and Plaintiff sought vindication of the same rights. *id. at 5.* In addition, the Court emphasized that even without class certification, "representation" was adequate to invoke Res Judicata and Collateral Estoppel. *Id.*

In the instant case, as in *Ramos v. U.S. Bank National Association, supra,* it is clear that the rights that Plaintiff seeks to vindicate have already been litigated as is evident from the identical language used in both Complaints. While Plaintiff claims that the dismissal of the *Llacua v. Western Range Association, et al.,* case, somehow diminishes the issue preclusion of fact, in fact, it is precisely the dismissal analysis and identity of <u>*legal*</u> issues that creates the collateral estoppel effect. Accordingly, for this and the additional reasons set forth in Defendant's Dismissal Motion [Doc #23], Plaintiff's

[5] Curiously, Plaintiff argues that "thus, under 'binding precedent', cases dismissed before class certification-before Rule 23's procedural safe-guards come into play- cannot, without more, bind non-parties." [Doc #37, p. 26, lines, 19-22].

[6] Obviously, Oregon is also within the Ninth Circuit Court so the "binding precedent" to which Plaintiff refers, is somewhat questionable, at best [Doc # 37, p26].

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

argument not only fails to defeat Defendant's collateral estoppel claims, but in fact, it bolsters them [Doc #23].

Plaintiff's strategy here, is clear. Plaintiff's counsel did not like the outcome of the *Llacua v. Western Range Association* on identical issues and so Plaintiff and his counsel are now attempting to re-litigate those issues. In *Burlington N. R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1238–39 (3d Cir. 1995) the Court decisively denied re-litigation of an issue previously decided. In *Burlington v. Hyundai, supra,* implying there was "circuit shopping" the Court noted:

> **Having already litigated and lost this issue within the Ninth Circuit in *Atlantic Mutual*, Burlington now attempts to institute another action raising the same issue within another federal circuit in the hopes that this court would reach a conclusion different from that previously reached.... Burlington cannot now relitigate this issue that it already contested and lost in *Atlantic Mutual.* Issue preclusion applies.**

*Id.* at 1238-1239, emphasis added.

**a. The Cases Plaintiff relies Upon are Transparently Distinguishable**

Plaintiff also relied heavily on the *Vasquez v. Jan-Pro Franchising International, Inc.,* 986 F.3d 1106 (9th Cir. 2021) case to support his proposition that the *Llacua v. Western Range Association, supra* matter cannot preclude Plaintiff's claims herein. The procedural history of the *Vasquez v. Jan-Pro, supra* case is rather convoluted, but it recognized that part of the reason to avoid issue preclusion was that the class before it was "not certified" and therefore there was no analysis of the Plaintiffs adequacy as a representative in a sister Circuit Court. *id* at 1116. The Vasquez Court further pointed out that the First Circuit's decision "rested solely on the Res Judicata effect of the Georgia Judgment and *Depianti* [the Plaintiff] was the only franchisee who was a party in that litigation. "In short, *Depianti* "could not have understood that he was representing anyone else, and the First Circuit explicitly recognized that it had no reason to, and was not, protecting the interest of non-parties." *id.* at 1116. By contrast, the *Llacua* matter has significant issue preclusive elements, not only because it involved the same Defendant, but because in adopting and tailoring Magistrate Shaffer's recommendations, District Court Judge Blackburn specifically stated:

> [E]mphasizing the seriousness with which he took the objectives underlying the rule, the Magistrate Judge cautioned the parties at length that he already foresaw the case- a putative class action involving

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

> complex antitrust and racketeering claims- "on a glide path to slow," in contravention of Rule 1.

*Colorado District Court Decision, Llacua v. Western Range Association, et al.,* 15-1889 REB-CBS, at p. 3,[7] attached to moving papers as Exhibit 4.

Thus, in at least one instance, the *Llacua v. Western Range Association, supra,* the Court considered the effect its decision [on a motion] to stay would have on Putative Class involving identical theories of recovery. [March 2, 2017 Colorado District Court Order, p. 3].

Finally, Plaintiff argues that even if privity exists, the "time periods" are different [Doc #37, p.28-29]. This argument is meritless based upon the pleadings as Plaintiff has chosen to allege them, Plaintiff's "new evidence" (Richins' testimony) would not even apply and/or be relevant to Plaintiff's claims herein. And, this presupposes that the allegations in the instant case are otherwise adequate; this is simply not true. As in *Llacua v. Western Range Association, supra,* Alvarado's allegations while purportedly new, are precisely those which were already deemed to be conclusory and inadequate in *Llacua v. Western Range Association, supra,* pertaining to a time frame when long ago, when Dennis Richins was the Western Range Association Executive Director [Doc #23, Exhibit 1].

Accordingly, Plaintiff's reliance on *Vasquez v. Jan-Pro* , supra and his attempt to invalidate a Res Judicata or issue preclusion absolute defense, appears to be nothing more than one more attempt to obtain a different outcome from a different forum/jurisdiction and Court.

---

[7] The *Vasquez* Court recognized and distinguished the First Circuit Court Case which would have given rise to Res Judicata and Collateral Estoppel. Specifically, the *Vasquez* Court noted that the First Circuit Court Case (Depianti v. Jan-Pro, 873 F.3d 21 (1st Cir. 2017); [ Appeal from Depianti v. Jan-Pro, 39 F.Supp. 3d 112 (D.Mass. 2014)] involved only one remaining Plaintiff. Therein, the *Vasquez* Court noted:

> Depianti is the only remaining plaintiff whose rights are at issue in this appeal. Thus, while many of the allegations in the complaint were lobbed against Jan-Pro by the putative class as a whole, our focus falls squarely on Depianti.

Id at 1116.

By contrast, in *Llacua,* not only did Plaintiffs plead and unsuccessfully pursue identical Antitrust class action claims, but the *Llacua* Court also recognized that the entire action against Western Range Association be dismissed as to the putative class. [*See,* Doc 323, Exhibit 4], affirmed by the 10th Circuit in *Llacua v. Western Range Association, supra.*

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

Based on the foregoing, with or without consideration of the purportedly "new" excerpted, curated "factual" information this Court must on legal issues alone, dismiss this matter as failing to state a claim sufficient pursuant to FRCP 12(b) to survive Dismissal on the Complaint as pled. *Ashcroft v. Iqbal, supra; Atlantic v. Twombly, supra. See also discussion, infra.*

**2. The "Testimony" Plaintiff Relies Upon to Defeat Dismissal is Wholly Inadequate to Do So**

Plaintiff attempts to place undue emphasis on what is little more than carefully curated anecdotal testimony in *Llacua v. Richins, Western Range Association, et al., supra,* wherein Plaintiff purportedly creates an "agreement" to fix wages [Doc #37, pp. 10-11; Doc #1, ¶¶ 87 to 90][8].

The "direct" evidence Plaintiff references is Richins' testimony, and the circumstantial evidence is the same circumstantial evidence the *Llacua* court deemed was merely conclusory and which Western Range addressed in its motion. The major issue with Plaintiff's self-serving statement that Plaintiff offers "direct evidence", is that Dennis Richins' "testimony" can still arguably be considered merely circumstantial evidence. As the *Llacua* Court stated "Direct facts are 'explicit and require no inferences.' *Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1083 (10th Cir. 2006). By contrast, circumstantial facts require inferences to show that an anti-competitive agreement exists. *Id.* at 1084." *Llacua v. Western Range Association*, *supra,* n. 24 (10th Cir. 2019).

Here, Plaintiff concludes Richins' testimony was that Western Range *members* would "receive a letter [from Western Range] about what the wage would be," and that that wage was always the minimum DOL permitted [Doc #37, p. 11]. Even if that conclusory and overbroad global statement is taken as true, it requires an additional inference that the "letter saying what the wage would be" would have been tantamount to Western Range and its members agreeing to certain wages, as opposed WRA merely informing its members about the *minimum* wage [floor] each member was required to pay pursuant to the DOL regulations.[9]

---

[8] This "information" was obtained after Western Range had been dismissed by the Colorado District Court, and affirmed in *Llacua v. Western Range, supra.*

[9] As set by the Department of Labor.

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

In other words, Plaintiff's "smoking gun", is on its face, evidence Western Range advising members of **DOL** regulated wages.

> That the regulatory scheme permits, and in places *requires*, very actions the shepherds contend support the inference of conspiracy is an important contextual consideration. For example, Federal law governing the H-2A program explicitly and specifically authorizes associations to coordinate with members to support "master applications…"

*Id.* at 1181.

While Western Range Association certainly contends that this information as presented, must be accepted as true, for purposes of this motion,[10] Western Range respectfully submits these allegations are still insufficient as a matter of law to create the type of Sherman Act and Antitrust Wage fixing violations Plaintiff claims and to overcome the express language of *Llacua v. Western Range Association, supra.* This "new" anecdotal curated testimony does not rise to the FRCP 8(a)(2) standard of requiring detailed factual allegations, rather than just labels and "conclusions". *Bell Atlantic Corp., v. Twombly, supra.* The purported curated testimony of a single witness, taken out of context, can never rise above the "speculative level". *Ashcroft v. Iqbal, supra.* In other words, even if accepted as true, the excerpts of deposition cited by Plaintiff still failed to contain sufficient factual material to "state a claim that is plausible on its face". *Oaktree Cap Management, L.P., v. KPMG,* 963 F.2d 1064, 1073 (D. Nev. 2013).

In fact, the "new" "testimony" is irrelevant given the unambiguous precedential language of *Llacua v. Western Range Association, supra.,* wherein the Court stated:

> Instead, they ask this court to assume that because the Association Defendants assist their members in completing Job Offers and H-2A Applications, they are "fixing" or "setting" wages. These allegations do not, however, plausibly suggest individual member ranches entered into any agreement with the Association Defendants or among themselves to establish and adhere to a specific wage. *See N. Am. Soccer League*, 883 F.3d at 40 (noting circumstantial evidence in the context of a business association must show "that association members, in their individual capacities, consciously committed themselves to a common scheme designed to achieve an unlawful objective" (quotation and alteration omitted). There is no allegation association

---

[10] Western Range Association is intentionally avoiding refutation of Dennis Richins' purported testimony although Plaintiff has carefully excerpted and curated it to be misleading; to refute it, would potentially create the very type of issue of fact that could allow this matter to go forward. Western Range submits that regardless of any subsequent testimony or evidence that will controvert Plaintiff's short hand-picked excerpts, those excerpts are still legally inadequate to defeat Defendant's Dismissal Motion and they do not transform a deficient Complaint into one that is somehow properly pled. *Ashcroft v. Iqbal, supra; Bell Atlantic v. Twombly, supra.*

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

> members discussed or agreed among themselves how to pay foreign shepherds.
>
> * * *
>
> The same goes for the Shepherds' allegation that the wages offered in H-2A Applications prepared by the Association Defendants were identical. A Job Order must disclose the offered wage. 20 C.F.R. § 655.122(l). The Job Orders attached to the SAC show the Association Defendants complied with this regulation. There are no facts alleged in the SAC from which it can be inferred ranches needed to offer more to attract a sufficient number of qualified workers. The federal government sets the lowest wage that may be offered to H-2A shepherds. Assuming a sufficient supply of qualified labor is available at this wage, no rancher would be logically inclined to offer more.
>
> * * *
>
> That the regulatory scheme permits, and in places *requires*, the very actions the Shepherds contend support the inference of a conspiracy is an important contextual consideration. For example, federal law governing the H-2A program explicitly and specifically authorizes associations to coordinate with members to submit "Master Applications" and to act as joint employers of H-2A shepherds. *See supra* n.16 (quoting relevant provisions). Given these regulations, the mere process of utilizing joint applications and acting as joint employer does not give rise to a plausible inference of an improper agreement.

*Id. at 1180-1181*, emphasis added, citations omitted.

### 3. FRCP Requires Dismissal of These Claims Already Once Litigated Involving Identical Issues and the Same Defendant

As set forth in Section 1 above, Res Judicata and Collateral Estoppel prevent Plaintiff's claims. Further these cases Plaintiff cites are inapposite and distinguishable.

In *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 53–54 (9th Cir. 2022), (cited by Plaintiff at Doc #37, p. 10), the Court emphasized the necessity for plausibility in addition to factual support:

> We recognize that "circumstantial evidence is the lifeblood of antitrust law." *United States v. Falstaff Brewing Corp.*, 410 U.S. 526, 534 n.13, 93 S.Ct. 1096, 35 L.Ed.2d 475 (1973). Plaintiffs bringing a claim under Section 1 often must rely on such circumstantial evidence of parallel conduct and plus factors to sustain a case past the pleading stage. Nevertheless, a single plausible plus factor allegation that weakly tips in the plaintiffs' favor, without some further factual support, is not enough to open the floodgates to discovery in antitrust cases.

*Id.* at 53-54, emphasis added.

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

As in *Dynamic Random Access Memory (DRAM), supra.,* the Richins testimony, even if taken as true, establishes only Western Range's attempts to maximize member compliance with DOL mandated wage floors.

Stated plainly, with or without the curated and excerpted testimony of Dennis Richins (which must be accepted as true for purposes of this motion), the Tenth Circuit Court of Appeals quite clearly delineated that the antitrust and "wage floor" price fixing claims based upon the Department of Labor AEWRS, must fail as a matter of law.

In the case at bar, Plaintiff is left with only two sentences of circumstantial evidence, all of which the Tenth Circuit previously rejected when it affirmed dismissal. The *Llacua* Court expressly said the "district court correctly determined **the exceedingly limited factual allegations** in the SAC did not plausibly state the existence of a conspiracy to fix wages." *Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1181 (10th Cir. 2019). In the instant case, relying on nearly identical allegations, Plaintiff wants another "bite at the apple" in another forum, to open the "floodgates to discovery", even though Richins was not the Executive Director during the time period in which Plaintiff expressly states this case occurs, and that the alleged Richins testimony can just as easily be inferred as WRA ensuring compliance with DOL wage regulations.

Therefore, Plaintiff has not met the legal standard necessary to defeat Western Range Association's meritorious Summary Judgment Motion.

**B. IF DISMISSAL IS DENIED, VENUE MUST BE CHANGED TO UTAH**

It is ironic that Plaintiff purportedly quotes from Dennis Richins deposition in his Complaint [Doc #1, ¶¶ 87-90], but his Opposition fails to acknowledge this "crucial" information came from the former Executive Director who resides in Utah, where Plaintiff himself acknowledges to be Western Range's principal place of business [Doc # 1, ¶¶ 80-85; Doc # 7, p. 1].

As set forth in Western Range Association's moving papers, Utah is the appropriate venue for this matter for two major reasons. First, the *Llacua v. Western Range Association* case, dispositively determined in favor of Western Range Association, 930 F.3d 1161 (10th Cir. 2019), occurred in the

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

Tenth Circuit[11] and has established law on this specific issue Plaintiff is trying to re-raise in Nevada in the instant action. At best, this is forum shopping. At worst, it is a desperate attempt to obtain a different result in a different circuit, to create confusion between and among circuits, where there currently is none.

Second, Plaintiff himself identified Utah in two significant places within pleadings over which Plaintiff had sole control. First, in his Complaint, Plaintiff alleged:

> Defendant WRA is a California non-profit corporation with its principal place of business at 1245 Brickyard Rd., Salt Lake City, Utah, 84106. The WRA transacts business in Nevada by, among other things, recruiting sheepherders and setting wages for several of its member ranches in the State, including the ranch at which Plaintiff worked.

Doc #1, p. 5, ¶ 27

The second place Plaintiff identified Utah as principal place of business is the address appearing on the face of the Summons issued and served on Western Range. [Doc #7]. As the Summons was served 54 days after the Complaint was filed, this certainly would have given Plaintiff an opportunity to correct his error had he truly believed there to have been one.

In sum, it appears to be precisely Plaintiff's intent to circumvent the Tenth Circuit Court of Appeals published decision in favor of Western Range Association in *Llacua v. Western Range Association, et al., supra,* by filing a nearly identical action in a different forum and different Federal District Court Circuit. Surely, this Court must not condone any transparent attempt to manipulate jurisdiction to minimize the effect of binding precedent and insult the integrity of the Federal Court system by forum shopping.

---

[11] Dennis Richins was Executive Director of Western Range Association (until June, 2015) [Doc #1, ¶ 87]. Richins' testimony is further referenced in the body of the Complaint and in Opposition to Defendant's Dismissal Motion and Plaintiff is well aware that Dennis Richins and Western Range Association during his tenure, was at all times relevant thereto, principally operating out of the Utah office located at 1245 Brickyard Road, Salt Lake City, Utah, 84106 [Doc #7, p. 1].

Plaintiff simply cannot have it both ways. Either he can rely on long ago former Executive Director Dennis Richins to attempt to bolster his antitrust wage fixing case, or if he does so, he must recognize that during all times relevant to Dennis Richins' tenure as Executive Director, the principal place of business for Western Range Association was, as noted in the Complaint, Salt Lake City, Utah [Doc #1, ¶ 27]. Plaintiff even goes so far as to place a portion of a facsimile of a DOL ETA 790A Form into his Complaint [Doc #1, p. 12], but <u>conspicuously absent is, any reference whatsoever to Nevada</u>, notwithstanding the fact that there are references to Washington, Idaho, Montana, and Oregon, as well as specific counties therein [Doc #1, p. 12].

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

## V
## CONCLUSION

Based on the foregoing, Western Range respectfully requests that this Court dismiss Plaintiff's action with prejudice. In the alternative transfer the above-captioned matter to the United States District Court, for the District of Utah.

The undersigned does hereby affirm pursuant to NRS 239B.030 that the preceding document does not contain the social security number of any person.

DATED this 22 November, 2022.

WOODBURN AND WEDGE

By [signature]
ELLEN JEAN WINOGRAD
Attorneys for Defendant
WESTERN RANGE ASSOCIATION

WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Tel: (775) 688-3000

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22nd, 2022, a true and correct copy of the foregoing was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

TOWARDS JUSTICE
Alex Hood, Esq.
David Seligman, Esq.
Natasha Viteri, Esq.
2480 Fairfax Street, Ste. 220
Denver, CO 80207

THIERMAN BUCK LLP
Mark Thierman, Esq.
Joshua Buck, Esq.
Leah Jones, Esq.
Joshua Hendrickson, Esq.
7287 Lakeside Drive
Reno, Nv 89511

FAIRMARK PARTNERS, LLP
Jamie Crooks, Esq.
1825 7th Street NW, #821
Washington, DC 20001

By: [signature]
Employee of Woodburn and Wedge