**THIERMAN BUCK LLP**
MARK R. THIERMAN, Nev. Bar No. 8285
mark@thiermanbuck.com
JOSHUA D. BUCK, Nev. Bar No. 12187
josh@thiermanbuck.com
LEAH L. JONES, Nev. Bar No. 13161
leah@thiermanbuck.com
JOSHUA H. HENDRICKSON, Nev. Bar No. 12225
joshh@thiermanbuck.com
7287 Lakeside Drive
Reno, Nevada 89511
Telephone: (775) 284-1500
Facsimile: (775) 703-5027

**FAIRMARK PARTNERS, LLP**
JAMIE CROOKS, ESQ. (*Pro Hac Vice*)
AISHA RICH, ESQ. (*Pro Hac Vice*)
jamie@fairmarklaw.com
1825 7th St NW, #821
Washington, DC 20001

**TOWARDS JUSTICE**
DAVID H. SELIGMAN, ESQ. (*Pro Hac Vice*)
NATASHA VITERI, ESQ. (*Pro Hac Vice*)
ALEXANDER HOOD, ESQ. (*Pro Hac Vice*)
alex@towardsjustice.org
PO Box 371680, PMB 44465
Denver, CO 80237

**EDELSON PC**
YAMAN SALAHI, ESQ. (*Pro Hac Vice*)
ysalahi@edelson.com
150 California Street, 18th Floor
San Francisco, California 94111

*Attorneys for Plaintiff and the Putative Class*

**EDELSON PC**
Natasha Fernández-Silber (*Pro Hac Vice*)*
nfernandezsilber@edelson.com
350 N La Salle Dr., 14th Floor
Chicago, IL 60654
Tel: 312-589-6370
* Admitted in New York and Michigan

*Attorneys for Plaintiff and the Putative Class (Cont'd)*

**WOODBURN AND WEDGE**
ELLEN JEAN WINOGRAD,
Nev. Bar No. 815
JOSE TAFOYA, Nev. Bar No. 16011
6100 Neil Road, Ste. 500
Reno, NV 89511
ewinograd@woodburnandwedge.com
Telephone: (775) 688-3000
Facsimile: (775) 688-3088

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **CIRILO UCHARIMA ALVARADO, On Behalf of Himself and All Others Similarly Situated;**<br><br>**Plaintiff,**<br><br>**v.** | Case No. 3:22-cv-00249-MMD-CLB<br><br>**JOINT CASE MANAGEMENT REPORT, SCHEDULING ORDER, AND DISCOVERY PLAN** |

1

| | |
|---|---|
| WESTERN RANGE ASSOCIATION, a California non-profit corporation; ELLISON RANCHING COMPANY, a Nevada corporation; JOHN ESPIL SHEEP CO., INC., a Nevada corporation; F.I.M. CORP., a Nevada corporation; THE LITTLE PARIS SHEEP COMPANY, LLC, a Nevada limited liability company; BORDA LAND & SHEEP COMPANY, LLC, a Nevada limited liability company; HOLLAND RANCH, LLC, a Nevada limited liability company; NEED MORE SHEEP CO., LLC, a Nevada limited liability company; and FAULKNER LAND AND LIVESTOCK COMPANY, INC., an Idaho corporation, | SUBMITTED IN COMPLIANCE WITH LR 26-1(b)<br><br>(SPECIAL SCHEDULING REVIEW REQUESTED) |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 16 and Local Rule ("LR") 26, Plaintiff Cirilo Ucharima Alvarado ("Plaintiff") and Defendant Western Range Association ("Defendant" or "WRA"), by and through their respective counsel of record, hereby submit the joint case management report, stipulated discovery plan, and scheduling order required by Local Rule 26-1(a) and ECF No. 29 within the deadline set by ECF No. 47.

Plaintiff and WRA request a special scheduling review pursuant to LR 26-1(a). Plaintiff and WRA are requesting relief from LR 26-2 for additional time to complete discovery due to the nature of the complex antitrust issues involved in the case; the number of new defendants that Plaintiff added to the case in his First Amended Complaint filed June 16, 2023 (ECF No. 50); and the fact that Plaintiff has asserted this case is appropriate for class action treatment.

I.    **MEET AND CONFER**

Pursuant to the Court's Order to File Case Management Report (ECF No. 29), FRCP 26(f), and Local Rule 26-1, and following the end of the Court's stay on discovery pending resolution of WRA's Motion to Dismiss, counsel for Plaintiff and WRA met and conferred on May 24, 2023 and electronically corresponded regarding this Joint Report thereafter. Jamie Crooks and Aisha Rich were present at the May 24, 2023 meet and confer on behalf of Plaintiff and Ellen Jean Winograd was present on behalf of WRA. Counsel for the eight new ranch defendants were not present as the ranches had not yet been added to the case.

***Plaintiff's Statement:***

Defendant WRA has been non-cooperative, non-responsive, and non-compliant in preparing this Joint Case Management Report, Scheduling Order, and Discovery Plan.  Following the Court's decision denying WRA's motion to dismiss, Plaintiff and WRA agreed to hold an FRCP 26(f) conference no later than June 4, 2023.  (*See* ECF Nos. 44, 47.)  The parties also agreed to file a stipulated discovery plan and scheduling order with the Court no later June 30, 2023.  (ECF No. 47.)  In furtherance of those commitments, Plaintiff's Counsel (Aisha Rich) reached out to WRA's Counsel (Ellen Winograd) on May 4, 2023 seeking to schedule a Rule 26(f) conference.  Ms. Winograd agreed to meet telephonically on May 22, 2023 at 1 p.m.  On May 22, 2023, Ms. Rich and Mr. Crooks called in to Ms. Winograd's conference line at the agreed time but Ms. Winograd failed to appear.  Ms. Rich followed up via email, and Ms. Winograd responded that she was "unexpectedly delayed" and asked to reschedule the conference.  Counsel agreed to meet on May 24, 2023.  In advance of the May 24 conference, Ms. Rich emailed Ms. Winograd a copy of Plaintiff's Draft Proposed Discovery Schedule.  At the May 24 conference, Ms. Winograd indicated that she would not state a position as to Plaintiff's draft proposed discovery schedule until she and her client could review Plaintiff's First Amended Complaint (due June 16, 2023).  Ms. Rich asked that Ms. Winograd agree to set a follow-up meet and confer after June 16, 2023, and committed to circulating a draft joint case management report shortly after filing the First Amended Complaint.  Ms. Rich and Ms. Winograd set another telephonic meet and confer for June 27, 2023.

On June 20, 2023, Ms. Rich sent Ms. Winograd a draft joint case management report and a revised draft proposed discovery schedule.  Ms. Rich did not hear from Ms. Winograd until June 26, 2023, when Ms. Winograd emailed seeking to postpone the June 27, 2023 meet and confer.  Plaintiff's counsel agreed to a two-week extension as a matter of professional courtesy.  (ECF No. 59.)  Plaintiff's counsel believed at that time that the parties might be able to reach consensus regarding the schedule if they had additional time to negotiate.  The Court entered the parties' stipulation on June 29, 2023.  On June 30, 2023, Ms. Rich contacted Ms. Winograd proposing that Plaintiff and WRA have a meet and confer on either July 7 or July 10.  Ms. Winograd did not respond.  Ms. Rich followed up again via email and voicemails on July 10, 2023.  Ms. Rich did not receive any response from Ms. Winograd's office until July 12, 2023 when Ms. Winograd's paralegal

indicated that she "ha[d] been unexpectedly detained in Trial" and that her office would send over a redline of the joint case management report that same day.  Ms. Rich did not receive the redline until July 13 at 10:51 a.m. PST, a mere twenty-four hours before the statement was due to the Court. WRA's belated redline revealed for the first time that WRA and Plaintiff significantly disagree regarding the discovery plan in two key respects. First, WRA seeks to stay its discovery obligations until the new defendants have appeared in the case, even though this Court has found that Plaintiff states a colorable claim for relief against WRA and the parties have held a Rule 26(f) conference.[1] Second, WRA seeks to bifurcate class discovery from merits discovery (even though class and merits discovery here cannot be disentangled), to prevent Plaintiff from pursing fulsome discovery until after this Court determines that class treatment is appropriate. WRA's eleventh hour amendments to Plaintiff's proposed case management report have undermined the meet-and-confer process and are entirely inappropriate and unprofessional.  Plaintiff's counsel expended numerous hours and wasted effort over the past two months attempting to seek compliance with the FRCP, the Local Rules, and the Court's order.[2]  Despite sharing Plaintiff's draft discovery plan with Defendant WRA for the first time nearly two months ago, just before the May 24 meet-and-confer, Defendant WRA did not share any revisions or even hint that there were major areas of disagreement until the day before the Court-ordered deadline to submit a joint statement, on July 13, 2023.  Plaintiff opposes any further extensions and respectfully requests that the Court adopt Plaintiff's proposed plan, rather than order the parties to meet-and-confer further, as Defendant WRA has not conducted itself in good faith.

//

---

[1] WRA disputes that it seeks a stay here, but that is precisely what its proposal would amount to: no discovery can commence until all of the newly added defendants (some of which are in default) respond to the Plaintiff's FAC.  The addition of new defendants does not give WRA license to delay or shirk its discovery obligations.  Neither FCPR 1 nor any other federal rule or principle allows for a stay here.

[2] WRA's claim that its lack of responsiveness is excused by a lack of attorney manpower is preposterous.  WRA's counsel, Woodburn & Wedge, is a well-resourced firm that employs 17 attorneys.  Plaintiff's counsel, Fairmark, employs only 8 attorneys.  Nevertheless, counsel from Fairmark have taken the laboring oar with respect to case management, orchestrating the Rule 26(f) conference, drafting a joint case management report and discovery plan, and continually attempting to negotiate in good faith with WRA's counsel, who have been non-responsive and non-communicative. In any event, even if some discrepancy in attorney manpower existed, it would not excuse WRA's failure to comply with meet-and-confer obligations or to otherwise timely respond to case-related communications.

***Defendant WRA's Statement:***

WRA and its Counsel have worked in good faith to complete this report, but recent and on-going scheduling issues this summer have created unforeseen challenges.  Plaintiff is represented by four different firms and 10 different attorneys. Defendant WRA has one firm with two attorneys litigating this matter.

WRA has cooperated in good faith with Plaintiff.  To the extent Plaintiff believes the timing of certain responses and documents are an issue, such perceived issues were not a product of bad faith.  FRCP 1 requires parties to an action to secure the just, speedy, and inexpensive determination of every action and proceeding.  WRA maintains that commencing discovery when eight (8) defendants that Plaintiff added through his First Amended Complaint have not yet filed a response to the First Amended Complaint is contrary to FRCP 1 and judicial economy.  It is inevitable that the sequencing and course of discovery and motion practices will look very different based upon both the addition of the eight parties in the FAC and the determination on bifurcation motion(s).

## II.    CONTENTS OF JOINT CASE MANAGEMENT REPORT

### 1.    Short statement of nature of case.

This is an antitrust class action alleging that WRA and its member ranches have colluded to suppress the wages ranches offer to domestic and foreign sheepherders in the United States, in violation of the Sherman Act, 15 U.S.C. §§ 1, *et seq.*  The operative complaint alleges two (2) causes of action: (1) horizontal wage fixing in violation of the Sherman Act and (2) horizontal market allocation in violation of the Sherman Act.  Plaintiff seeks class-wide damages, as well as injunctive and declaratory relief.

WRA denies the allegations that it colluded with member ranches to fix sheepherder wages.  WRA filed a motion arguing that Plaintiff's causes of action should be dismissed for failure to state a claim, or in the alternative that venue should be transferred to the District of Utah (ECF No. 23).  This Court denied that motion on March 21, 2023 (ECF No. 43).  Thereafter, Plaintiff amended his Complaint and added eight new defendants.

All new defendants have been served.  Proofs or acknowledgments of service have been filed for six of the new defendants.  (*See* ECF No. 56 (F.I.M. Corp.), 57 (Need More Sheep Co., LLC), 58 (Borda Land & Sheep Company, LLC), 61 (Faulkner Land and Livestock Company, Inc.), 62

(Holland Ranch, LLC), 63 (John Espil Sheep Co.).)   The remaining two defendants—Ellison Ranching Company and The Little Paris Sheep Company, LLC—were served on July 1, 2023 and July 5, 2023, respectively; Plaintiff is awaiting a proof of service from the process server and will file it as soon as it is received.

Counsel for Borda Land & Sheep Company, LLC, The Little Paris Sheep Company, LLC, and John Espil Sheep Co., Inc., has already appeared, and stipulated to extend their deadline to respond to the complaint to August 14, 2023 (ECF No. 63).  Counsel for F.I.M. Corp. and Need More Sheep contacted Plaintiff's counsel on or around July 3, 2023 to request an extension to respond to the Complaint, which Plaintiff granted, agreeing to extend their deadline to August 10, 2023.  Counsel for Holland Ranch also contacted Plaintiff's counsel on July 13, 2023 to request an extension to respond to the Complaint, and Plaintiff agreed to postpone its deadline to respond to August 10, 2023.  Finally, Faulkner Land and Livestock Company, Inc. was served on June 21, 2023, so its response to the amended complaint was due on July 12, 2023; no response has been filed, and Plaintiff's position is that this defendant is in default.

**2.** **Jurisdictional basis of the case.**

***Plaintiff's Position***:

This Court has original jurisdiction over the federal antitrust claims alleged pursuant to both 28 U.S.C. § 1331 and 15 U.S.C. § 15(a).

***Defendant WRA's Position***:

At this time, it appears this Court has original jurisdiction over the federal antitrust claims alleged pursuant to both 28 U.S.C. § 1331 and 15 U.S.C. § 15(a).  Defendant WRA reserves the right to challenge subject matter at any time and does not, in this document, address, waive or alter any other party's right to challenge personal jurisdiction.

**3.** **Add and amend.**

Plaintiff amended his Complaint on June 16, 2023 and added eight new defendants: Ellison Ranching Company, John Espil Sheep Co., Inc., F.I.M. Corp., The Little Paris Sheep Company, LLC, Borda Land and Sheep Company, LLC, Holland Ranch, LLC, Need More Sheep, LLC and Faulkner Land and Livestock Company, Inc.  (ECF No. 50).  Plaintiff and WRA propose that the date for filing motions to amend pleadings and/or to add additional Parties shall not be later than

ninety (90) days prior to the fact discovery cut-off date, unless otherwise permitted by the Court pursuant to the FRCP.

**4.   Pending motions.**

There are no currently pending motions. As set forth herein and as communicated to Plaintiff's counsel, a bifurcation motion from Defendant WRA will follow, seeking to separate the class action certification discovery and/or trial from the underlying issues on the merits.  As discussed further below, Plaintiff has informed WRA that it opposes any bifurcation of class certification discovery from merits discovery, as well as any bifurcation of trial. Plaintiff submits that motion practice on bifurcation is unnecessary; Defendant WRA should have been prepared to argue for bifurcation in this submission.

**5.   Related cases.**

There are no related cases before this Court of which Plaintiff and WRA are aware.

**6.   Discovery to date.**

   ***a)       Rule 26(f) disclosures:***

Plaintiff served his initial disclosures on WRA on June 3, 2023.  WRA served its initial disclosures on Plaintiff on June 7, 2023.

   ***b)       Discovery served:***

Plaintiff served his First Requests for Production of Documents on WRA on May 30, 2023. WRA has not yet served any discovery on Plaintiff.

   ***Plaintiff's Position:***

Discovery is open and should proceed.  Plaintiff and WRA convened a Rule 26(f) conference on May 24, 2023, which opened the door to discovery.  *See* Fed. R. Civ. P. 26(d)(1) (discovery is permitted after "the parties have conferred as required by Rule 26(f)").  Additionally, on March 21, 2023, Judge Du denied Defendant WRA's motion to dismiss in full, holding that Plaintiff had stated a Sherman Act claim against Defendant WRA based on an alleged conspiracy between it and its members to fix the wages paid to Plaintiff and a proposed class of sheepherders.  (*See* ECF No. 43.) Although Plaintiff's First Amended Complaint added eight member ranches of the WRA as named defendants, the nature of Plaintiff's claims, factual allegations, and legal theories remains the same—

as WRA stipulated on June 28, 2023.  (*See* ECF No. 59.)  Moreover, the new defendants are members of the WRA, and therefore members of the same alleged conspiracy alleged in Plaintiff's initial complaint, which has survived a motion to dismiss.  WRA has offered no explanation for why a stay of stay of discovery would be warranted here.  *See Flores v. Merck & Co., Inc.*, No. 3:21-CV-00166-MMD-CLB, 2021 WL 4781503, at *2 (D. Nev. Oct. 13, 2021) (Baldwin, J.) ("[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should not proceed.").  The Court has already determined that Plaintiff has stated a plausible claim for relief, ECF No. 43, so it is highly unlikely that any dispositive motion will be filed that would be "potentially dispositive of the case."  *Flores*, 2021 WL 4781503, at *2.  Defendant WRA has had notice of Plaintiff's claims since June 1, 2022 (ECF No. 1) and should be capable of responding to discovery requests and producing documents relevant to Plaintiff's claims at this juncture.  Finally, whether or not WRA has filed its answer to the amended complaint has no relevance to whether discovery should be stayed, nor is the appearance of other parties relevant to whether *WRA* must comply with its discovery obligations.  This case has been pending for over a year and there is no reason for further delay on discovery.

### *Defendant WRA's Position:*

It is Defendant WRA's position that discovery is premature before WRA has even filed its Answer and before other parties have made appearances.

### c)   *Protective order:*

Plaintiff and WRA have agreed that a Stipulated Protective Order is necessary in this case and are in the process of negotiating proposed terms.

### *Plaintiff's Position:*

Given that it is appropriate for discovery to begin at this juncture, Plaintiff and WRA can and should negotiate and submit a Stipulated Protective Order to the Court without delay.  Plaintiff drafted a Stipulated Protective Order and sent it to WRA on June 2, 2023.  WRA has yet to respond to Plaintiff's request to set a meet and confer to discuss, or to otherwise send Plaintiff redline edits.

Plaintiff requests that the Court order Plaintiff and WRA to submit a Stipulated Protective Order, or competing Protective Orders, to the Court no later than July 28, 2023 (*see* Plaintiff's

Proposed Discovery Schedule at section 8 *infra*).  WRA's deadline to respond to Plaintiff's First Requests for Production is July 28, 2023, and the absence of a protective order may unduly delay responsive productions.  (*See* ECF No. 59.)  The Parties can always submit a revised Stipulated Protective Order if necessary after the new defendants have appeared in the case.

**Defendant WRA's Position**:  Defendant WRA's position is that in the interest of Judicial Economy mandated by FRCP 1, the Parties wait to submit the Stipulated Protective Order until after the recently added parties have appeared.  Defendant WRA asks the Court to order the Parties to submit the Stipulated Protective Order to the Court within 14 days after the new defendants have appeared.

d)      **Issues related to timing, sequencing, phasing, or scheduling of discovery:**

**Plaintiff's Position:**

Plaintiff does not believe discovery needs to occur in phases and does not request any changes related to timing, sequencing, or scheduling of discovery other than as contemplated by Plaintiff's proposed discovery schedule below (*see* section 8 *infra*).

Plaintiff expressly opposes Defendant WRA's request to bifurcate class discovery from merits discovery.  This is an antitrust case alleging a wage-fixing conspiracy and an agreement to divide the labor market.  Class certification and merits issues are inextricably intertwined because, at class certification, Plaintiff will be required to present a model for measuring class-wide damages based on its liability theory.  *See*, *e.g.*, *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013).  Given that requirement, "there is necessarily overlap between the class determination and the merits of the underlying claims." *Hunichen v. Atonomi LLC*, No. C19-0615-RAJ-MAT, 2020 WL 5759782, at *2 (W.D. Wash. Sept. 28, 2020) (denying motion to bifurcate discovery).  Due to the close relationship between the merits and class certification in antitrust litigation, courts around the country routinely and almost uniformly reject attempts to bifurcate discovery as inefficient and counter-productive. *See, e.g., In re Plastics Additives Antitrust Litig.*, No. 03-2038, 2004 WL 2743591, at *3-4 (E.D. Pa. Nov. 29, 2004) (finding class discovery and merits discovery "sufficiently intermingled" where plastic companies allegedly entered national price-fixing conspiracy because discovery necessary to prove the existence of the conspiracy (merits discovery) overlapped with the discovery necessary to

1    prove damage to class members (class discovery)).    To satisfy Rule 23's "predominance"

2    requirement, Plaintiff must secure evidence regarding Defendants' conspiracy, how it was

3    implemented, and who it impacted. As such, evidence concerning the operation of the alleged

4    conspiracy is both class-based and merits-based.  *See In re Rail Freight Fuel Surcharge Antitrust*

5    *Litig.*, 258 F.R.D. 167, 173-74 (D.D.C. 2009) (declining to bifurcate discovery because "the alleged

6    conspiracy's operation and scope are so closely intertwined that it would be an 'arbitrary

7    insistence . . . that thwarts the informed judicial assessment that the current class certification

8    practice emphasizes' to insist that one be classified as 'certification evidence' and the other as 'merits

9    evidence'"); *see also In re Domestic Airline Travel Antitrust Litig.*, No. MC 15-1404 (CKK), 2017

10   WL 11565592, at *4 (D.D.C. Jan. 30, 2017) (agreeing that "it seems difficult to determine . . . there

11   is a clear line between the discovery needed to resolve the class certification issue and other discovery

12   to resolve the merits of Plaintiffs' claims").  There is no reasonable way to bifurcate the evidence in

13   this case.  Indeed, WRA has offered no concrete examples of any evidence that could be considered

14   "purely" class- or merits-related.

15         Bifurcation would also likely delay rather than advance a decision on class certification.

16   Courts have found that separating class from merits discovery raises a slew of disputes about whether

17   certain discovery is relevant to class or merits issues.  *See, e.g., Makaeff v. Trump Univ.*, LLC, No.

18   10-cv-0949-GPC WVG, 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014).  It is certain that the

19   parties and the Court will be mired in disputes about whether particular discovery requests are geared

20   at class or merits issues if bifurcation is ordered.  Thus, judicial economy favors non-bifurcated

21   discovery.

22         In addition, bifurcation poses significant prejudice to Plaintiff, who will be delayed in his

23   ability to obtain fulsome discovery, and who may be denied the discovery needed to satisfy his high

24   burden to show Rule 23 certification is proper.  *See, e.g., In re High-Tech Emp. Antitrust Litig.*, 985

25   F. Supp. 2d 1167 (N.D. Cal 2013) (demonstrating how fact-intensive Rule 23 inquiry is in antitrust

26   litigation alleging division of labor market); *Seaman v. Duke University*, 1:15-CV-462, 2018 WL

27   671239, at *4-6, 8 (M.D.N.C. Feb. 1, 2018) (same); *Cason-Merenda v. VHS of Mich., Inc.*, 296

28   F.R.D. 528, 544 (E.D. Mich. 2013) (same re: wage-fixing); *Johnson v. Ariz. Hosp. & Healthcare*

*Ass'n*, No. 07-1292, 2009 WL 5031334, at *8, 11 (D. Ariz. July 14, 2009) (same re: wage-fixing); *Nitsch v. DreamWorks Animation SKG Inc.*, 315 F.R.D. 270, 300 (N.D. Cal. 2016) (same re: wage-fixing and market division).

### ***Defendant WRA's Position:***

Once the newly added parties make appearances, Defendant WRA and potentially other parties will move for bifurcation on the FRCP 23 Class Action-specific discovery and Class Action-specific issues.  If granted, Defendant WRA submits that the first phase of discovery should be limited to FRCP 23 Class Certification issues to determine FRCP class certification first, before proceeding to discovery, if any, on the merits of Plaintiff's claims.

### e)      ***Discovery outside of Nevada or the United States:***

Plaintiff's putative class includes sheepherders who worked for WRA member ranches across the Western United States. Plaintiff alleged WRA is a California non-profit corporation, with its principal place of business in Utah.  (ECF No. 50, ¶ 26.)  After filing, Plaintiff discovered that WRA's principal place of business is currently in Idaho.[3]  (ECF No. 25, ¶ 2.)  The remaining Defendants are incorporated within Nevada, with the exception of Faulkner Land and Livestock Company, Inc., which is an Idaho corporation.  Many putative class members, including Plaintiff, allegedly live in Peru, the United States and/or other South American countries.  Accordingly, on the underlying claims and potentially on Class Certification specific issues the Parties anticipate some discovery (e.g., depositions, requests for production, third-party subpoenas) outside the state of Nevada, within Utah, Idaho, California, and other states and potentially in countries outside the United States.

### f)      ***Summary of Depositions:***

Given the early procedural posture of this case, and the fact that discovery has not yet begun in earnest, it is the Parties' position that it is premature to summarize the number and nature of deposition testimony at this time.

//

---

[3] Defendant WRA has pointed out to Plaintiff that notwithstanding the fact that Plaintiff has stated that WRA has its principal place of business in Idaho as stated herein, he still alleged in his First Amended Complaint that WRA has its principal place of business in Utah. (ECF 50, ¶ 26).  Plaintiff apologizes for this scrivener's error; Plaintiff will file a notice of errata with the Court no later than July 21, 2023.

***Plaintiff's Position*:**

Plaintiff's position is that phasing of depositions would be inefficient, impracticable, and prejudicial to Plaintiff.  Plaintiff expects to begin taking depositions after document discovery has been substantially completed, as such discovery will reveal the identity of witnesses whose depositions might be necessary.  Plaintiff expects, however, that it will likely be necessary to exceed the default limit of 10 depositions per party.  *See* Fed. R. Civ. P. 30(a)(2)(A)(i).  There are currently nine corporate Defendants, and Plaintiff expects to take at least one Rule 30(b)(6) deposition of each and possibly additional depositions of fact-witnesses connected to those Defendants, to other co-conspirator members of the WRA, and other third-parties with knowledge.  However, given that no discovery has transpired yet, Plaintiff proposes that the Parties re-visit the issue of the total number of depositions at a future date.

***Defendant WRA's Position*:**

In addition to the fact that it is premature to summarize the number and nature of deposition testimony at this time, should this Court grant WRA's or any other party's bifurcation motion, the depositions may be phased if allowed by this Court.  Even more glaring is the fact that this Defendant has not filed an Answer or pleading responsive to the FAC.[4]

## 7. Expected ESI.

The Parties recognize their mutual obligation to preserve information that is potentially relevant to the claims and defenses alleged in this action.  All Parties will preserve ESI in their possession, custody, or control where the ESI may include information relevant to the litigation to the extent that the ranches and WRA have ESI.

It is possible that documented information is maintained in native paper format, due to the nature of ranching, range livestock herding, and the fact that different ranches, whether or not parties hereto, have different record-keeping procedures.  The Parties' preservation of ESI will also be consistent with their obligations under the Federal Rules.  The Parties are in the process of preparing

---

[4] No other newly named Defendant has yet filed an answer, though the docket indicates that John Espil, Little Paris Sheep and Borda Land and Livestock have obtained an Order extending the date to respond.  (ECF No. 64.)

and executing a separate comprehensive agreement concerning the production of ESI which they will file separately for the Court's consideration.

**Plaintiff's Position:**

Given that discovery is now open, Plaintiff and WRA can and should negotiate and submit an agreed ESI protocol to the Court without delay. Plaintiff drafted an ESI protocol and sent it to WRA on June 2, 2023. WRA has yet to respond to Plaintiff's request to set a meet and confer to discuss, or to otherwise send Plaintiff redline edits. Plaintiff requests that the Court order Plaintiff and WRA to submit an agreed ESI protocol to the Court no later than July 28, 2023 (*see* Plaintiff's Proposed Discovery Schedule at section 8 *infra*). WRA's deadline to respond to Plaintiff's First Requests for Production is July 28, 2023, and the absence of an agreed ESI protocol may unduly delay responsive productions. (*See* ECF No. 59.) The Parties can always submit a revised ESI Protocol to the Court if necessary after the new defendants have appeared in the case.

**Defendant WRA's Position:**

Defendant WRA's position is that it is in the interest of Judicial Economy mandated by FRCP 1, to wait to submit the agreed ESI protocol until after the recently added parties have appeared. Defendant WRA asks the Court to order the Parties to submit the agreed ESI protocol to the Court within 14 days after the new defendants have appeared.

**8. Proposed discovery deadlines.**

Plaintiff and WRA were not able to agree on a discovery schedule. Plaintiff and WRA each propose their own discovery schedule as follows.

**Plaintiff's Proposed Schedule:**

Plaintiff proposes the following comprehensive discovery schedule, which contemplates approximately 16 months for the completion of fact discovery followed by a period of expert discovery and briefing on class certification and summary judgment. Plaintiff believes that this schedule is warranted due to the nature of the complex antitrust issues involved in the case; the number of defendants; and the fact that Plaintiff has asserted this case is appropriate for class action treatment.

Plaintiff opposes WRA's request to stay its discovery obligations until the new defendants have appeared and responded to the First Amended Complaint. Nevertheless, Plaintiff acknowledges

that it is in the interests of judicial economy and efficiency to sync up certain aspects of discovery (e.g., depositions) and briefing.  Plaintiff believes that a period of 16 months of fact discovery will be sufficient to allow for efficient coordination among the parties.  However, the presence of new parties provides no basis for WRA to delay searching for and producing responsive documents.

For the reasons discussed in section 6(d) *supra*, Plaintiff opposes the bifurcation of class discovery from merits discovery.

| Item | On or Before Deadline Date |
| --- | --- |
| Deadline for WRA and Plaintiff to file Stipulated Protective Order, ESI Protocol, and Expert Discovery Stipulation with the Court | July 28, 2023 |
| WRA to Respond to Plaintiff's First Requests for Production | July 28, 2023 |
| Deadline for WRA to Propose Search Terms and Custodians re: Plaintiff's First Set of Requests for Production of Documents | August 4, 2023 |
| Deadline for Plaintiff to Send WRA Counter-Proposal Search Terms and Custodians | August 18, 2023 |
| Deadline for WRA to Respond to Plaintiff's Counter-Proposal | August 25, 2023 |
| Deadline for WRA and Plaintiff to Complete Meet and Confer and Determine Whether They Are at an Impasse | September 8, 2023 |
| Deadline for Plaintiff or WRA to Submit a Discovery Dispute re: Search Terms and Custodians to Court | 14 days after impasse declared |
| Deadline for Substantial Completion of Production of WRA Documents | March 15, 2024 |
| Deadline to Amend Pleadings or Add Parties | August 16, 2024 |
| Completion of Fact Discovery | November 15, 2024 |
| Plaintiff's Motion for Class Certification, Expert Disclosures, and Expert Report(s) | January 24, 2025 |
| WRA's Opposition to Motion for Class Certification, Expert Disclosures, Expert Report(s), and any Daubert Motions | March 25, 2025 |

| Plaintiff's Reply ISO Motion for Class Certification, Opposition to WRA's Daubert motion(s), and any Daubert motions | May 23, 2025 |
|---|---|
| WRA's Reply ISO of Defendant's Daubert motions | June 6, 2025 |
| WRA's Opposition to Plaintiff's Daubert motion(s) | June 23, 2025 |
| Plaintiff's Reply ISO of Plaintiff's Daubert motion(s) | July 11, 2025 |
| Class Certification and Daubert Hearing(s) | TBD by Court |
| Motions for Summary Judgment | August 25, 2025 |
| Oppositions to Motions for Summary Judgment | October 9, 2025 |
| Replies ISO Motions for Summary Judgment | October 23, 2025 |

***Defendant WRA's Proposed Schedule***:

Defendant proposes the following discovery schedule:

| Item | On or Before Deadline Date |
|---|---|
| Initial Disclosures between Alvarado and WRA | June 4, 2023 |
| First Amended Complaint Filed | June 16, 2023 |
| WRA to Answer or Otherwise Respond to First Amended Complaint, subject to Court determination on bifurcation of FRCP 23 Class Certification | July 17, 2023 |
| Deadline for WRA to Propose Search Terms and Custodians re: Plaintiff's First Set of Requests for Production of Documents | July 28, 2023 |
| Deadline for WRA and Plaintiff to file Stipulated Protective Order, ESI Protocol, and Expert Discovery Stipulation with the Court | July 28, 2023 |
| WRA to Respond to Plaintiff's First Requests for Production, subject to Court determination on bifurcation of FRCP 23 Class Certification | July 28, 2023 |
| Deadline for Plaintiff to Send WRA Counter-Proposal Search Terms and Custodians, subject to Court determination on bifurcation of FRCP 23 Class Certification | August 11, 2023 |

| | |
|---|---|
| Deadline for WRA to Respond to Plaintiff's Counter-Proposal, subject to Court determination on bifurcation of FRCP 23 Class Certification | August 18, 2023 |
| Deadline for WRA, Plaintiff and newly added parties to Complete Meet and Confer Regarding Discovery | October 15, 2023 |
| Deadline for Plaintiff, WRA or newly added parties to Submit a Discovery Dispute re: Search Terms and Custodians to Court | If no agreement reached, 14 days thereafter |
| Deadline for Substantial Completion of Production of WRA Documents, subject to Court determination on bifurcation of FRCP 23 Class Certification | April 30, 2024 |
| Deadline to Amend Pleadings or Add Parties | August 16, 2024 |
| Completion of FRCP Class Certification Discovery, if all newly added parties agree, subject to Court determination on bifurcation of FRCP 23 Class Certification | November 15, 2024 |
| Expert Disclosures, subject to Court determination on bifurcation of FRCP 23 Class Certification | January 31, 2025 |
| Plaintiff's Motion for Class Certification | March 31, 2025 |
| Opposition(s) to Motion for Class Certification, Expert Disclosures, Expert Report(s), and any Daubert Motions | April 30, 2025 |
| Plaintiff's Reply ISO Motion for Class Certification, Opposition(s) to Daubert motion(s), and any Daubert motions | May 15, 2025 |
| Defendants' Replies ISO of Defendant's Daubert motions, subject to Court determination on bifurcation of FRCP 23 Class Certification | July 31, 2025 |
| Defendants' Oppositions to Plaintiff's Daubert motion(s), subject to Court determination on bifurcation of FRCP 23 Class Certification | August 31 2025 |
| Plaintiff's Reply ISO of Plaintiff's Daubert motion(s) | September 30, 2025 |
| Motions for Summary Judgment | October 30, 2025 |
| Oppositions to Motions for Summary Judgment | November 30, 2025 |
| Replies ISO Motions for Summary Judgment | December 30, 2025 |

a)   ***Deadline for Completion of Discovery***

As a general matter, the Parties are requesting special scheduling review and relief from LR 26-1(b) and LR 26-2 and additional time to complete discovery given the potential for complex motion practice, and because Plaintiff has asserted this case as a class action, because there are new defendants to the case and efficiency will require coordinating some key aspects of discovery (e.g. depositions) and all dispositive briefing (e.g. class certification and summary judgment), and because this is a complex antitrust matter which will require specialized expert discovery.

***Plaintiff's Position***:   Plaintiff proposes that all fact discovery shall be completed by **November 15, 2024**, and discovery shall be served sufficiently in advance so that responses are due prior to that date.  Plaintiff further proposes that all expert discovery be conducted thereafter in conjunction with class certification briefing, as specified in Plaintiff's proposed discovery schedule *supra*.  WRA's proposal to bifurcate class and merits discovery is confusing and serves no purpose but to complicate the proceedings, prejudice Plaintiff's ability to obtain fulsome discovery in a timely fashion, and allow WRA numerous opportunities to dispense with this meritorious action.

***Defendant WRA's Position***:   Defendant WRA and/or other Defendants who will make an appearance herein may move to bifurcate discovery/trial on FRCP 23 Class Certification from discovery on the merits of plaintiff's allegations. Defendant WRA proposes that all fact discovery related to the scope of any class and/or subclasses shall be completed by **November 15, 2024**, and discovery after underlying allegations shall be completed by April 20, 2025, if bifurcation if denied, shall be served sufficiently in advance so that responses are due prior to that date.  Defendant WRA agrees that all expert discovery be conducted thereafter in conjunction with class certification briefing.

b)   ***Deadline for Amending Pleadings/Adding Parties***

The Parties propose that the date for filing motions to amend pleadings or to add parties be ninety (90) days prior to the fact discovery cut-off date, or **August 16, 2024**, unless otherwise permitted by the Court pursuant to the FRCP.  Should any motion to amend be filed, the filing party will provide as an exhibit to any amended pleading a redline reflecting changes made to the original pleading.

*c)* ***Deadline for Disclosure of Expert Testimony and Filing Class Certification Motion***

The Parties propose that disclosure of expert discovery should occur after the close of fact discovery and in conjunction with class certification briefing.   The Parties request special scheduling review and relief from LR 26-1(b) for the phasing of fact and expert discovery and for additional time to complete discovery given the potential for complex motion practice, because Plaintiff has asserted this case as a class action, there are new defendants to the case and efficiency will require coordinating some key aspects of discovery (e.g. depositions) and all dispositive briefing (e.g. class certification and summary judgment), and because this is a complex antitrust matter which will require specialized expert discovery.

***Plaintiff's Position***:   Under the schedule set out in Plaintiff's proposed discovery schedule above:

- Plaintiff will file his Motion for Class Certification, Expert Disclosures, and Expert Report(s) seventy (70) days after the close of fact discovery, or **January 24, 2025**.

- WRA will then file its Opposition, Expert Disclosures, Expert Report(s), and any Daubert Motions sixty (60) days thereafter, or **March 25, 2025**.

- Plaintiff will file his Reply in Support of Class Certification, Opposition to WRA's Daubert motion(s), and any Daubert motions sixty (60) days thereafter, or **May 23, 2025**.

- WRA will file its Reply in Support of any Daubert motion(s) fourteen (14) days after Plaintiff's Opposition, or **June 6, 2025**.

- WRA will file its Opposition to Plaintiff's Daubert motion(s) thirty (30) days after Plaintiff's Daubert motion(s), or **June 23, 2025**.

- Plaintiff will file its Reply in Support of his Daubert motion(s) twenty (20) days after WRA's Opposition, or **July 11, 2025**.

***WRA's Position***: Under the schedule set out in WRA's proposed discovery schedule above:

- Plaintiff will file his Motion for Class Certification March 31, 2025, Expert Disclosures, and Expert Report(s), January 31, 2025.

Defendants will then file Oppositions (April 30, 2025), Expert Disclosures, Expert Report(s), and any Daubert Motions on **May 15, 2025**.

- Plaintiff will file his Reply in Support of Class Certification, Opposition to Daubert motion(s), and any Daubert motions on **May 15, 2025**.

- Defendants will file Replies in Support of any Daubert motion(s) fourteen (14) days after Plaintiff's Opposition, or **July 31, 2025**.

- Defendants will file Oppositions to Plaintiff's Daubert motion(s) thirty (30) days after Plaintiff's Daubert motion(s), or **August 31, 2025**.

- Plaintiff will file its Reply in Support of his Daubert motion(s) twenty (20) days after WRA's Opposition, or **September 30, 2025**.

    *d)*   ***Deadline for Filing Dispositive Motions***

 ***Plaintiff's Position***:  Plaintiff proposes that any summary judgment motion(s) be filed forty-five (45) days after the competition of the Daubert briefing he has proposed above, or **August 25, 2025**.

 ***Defendant WRA's Position***:  WRA proposes that any summary judgment motion(s) be filed forty-five (45) days after the completion of the Daubert briefing it has proposed above, or **October 30, 2025**.

    *e)*   ***Deadline for Filing Joint Pretrial Order***

 Because the viability and scope of any class action has not been decided by any Court, it is the Parties' position that it would be premature to establish a pre-trial order deadline.  The Parties propose that they confer and make a good faith effort to agree and submit an updated proposed scheduling order which includes deadlines regarding trial thirty (30) days after the Court rules on Plaintiff's class certification motion.  An updated scheduling order regarding relevant deadlines should be entered after class certification has been decided.

**9.**   **Jury trial and pre-trial conference.**

 Plaintiff has made a jury trial request.  Defendant's position is that whether claims following motion practice still exist and are subject to jury trial, is a legal issue to be decided by the Court.  The Final Pretrial Conference shall be held two (2) weeks prior to the scheduled Trial Date.  The Parties

believe it is too early to estimate the length of trial, but that such an estimate will be included in the scheduling order filed thirty (30) days after the Court rules on Plaintiff's class certification motion.

**10. <u>Early settlement.</u>**

In compliance with LR 26-1(b)(7) the Parties certify that they have met and conferred about the possibility of using alternative dispute-resolution process including mediation, arbitration, and neutral evaluation.  At this time, the Parties do not know whether Alternative Dispute Resolution would be productive.  Given that this action is brought as a class action, the Parties reserve the right to further confer about the possibility of using alternative dispute resolution processes throughout the duration of this case.

**11. <u>Consent to Magistrate.</u>**

The Parties will timely file their respective AO 85 Consent to Magistrate Form with the Clerk of the Court should they wish to proceed before the magistrate judge.

**12. <u>Bifurcated/Phased Trial.</u>**

***<u>Plaintiff's Position</u>*:** The Parties do not currently agree on bifurcation or phasing of trial.

***<u>Defendant WRA's Position</u>***: The Parties do not currently agree on bifurcation or phasing of trial. WRA submits that the length of trial will greatly depend on the outcome of the Court's decision on Plaintiff's class certification motion and the nature of which claims still exist. WRA further respectfully submits that if bifurcation of class certification from case merits occurs, the letter and spirit of FRCP 1 will be achieved and expenses, particularly for the small-business Nevada Ranches, will be profoundly and significantly decreased.

**13. <u>Case management conferences.</u>**

***<u>Plaintiff's Position</u>***:  Plaintiff believes a case management conference should be set to determine which proposed discovery schedule should be in effect.  In the absence of a Court order, Plaintiff does not believe that WRA will comply with any discovery obligations.  Plaintiff respectfully requests that the Court set a case management conference the week of July 24 or August 14 (assuming either is convenient to the Court).

***<u>Defendant WRA's Position</u>***:  WRA does not believe a case management conference needs to be set in the case at this time unless the Court believes it would be helpful in deciding issues. All

20

parties to this Joint Case Management Report reserve the right to submit amended scheduling proposals, subject to this Court's approval, if necessitated by the course of discovery.

Dated: July 14, 2023.                    Dated: July 14, 2023.

**FAIRMARK PARTNERS, LLP**                **WOODBURN AND WEDGE**

/s/ Aisha Rich                           /s/ Ellen Jean Winograd
AISHA RICH, ESQ. (*Pro Hac Vice*)        ELLEN JEAN WINOGRAD
1825 7th St NW, #821                     6100 Neil Road, Ste. 500
Washington, DC 20001                     Reno, NV 89511

*Counsel for Plaintiff and the Putative Class*   *Counsel for Defendant Western Range Association*

**ORDER**

**IT IS SO ORDERED.**

Dated this _____ day of _____ 2023.

_____
U.S. District/Magistrate Judge

CERTIFICATE OF SERVICE

I, Aisha Rich, declare:

I am employed by the law offices of Fairmark Partners, LLP. My business address is 1825 7th St NW #821 Washington, DC 20001. I am over the age of 18 years and not a party to this action.

On the below date, I served the foregoing document by causing it to be served via electronic service through the Court's CM ECF electronic filing system, addressed as follows:

WOODBURN AND WEDGE
ELLEN JEAN WINOGRAD
JOSE TAFOYA
6100 Neil Road, Ste. 500
Reno, NV 89511

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on July 14, 2023.

/s/Aisha Rich
Aisha Rich
Fairmark Partners, LLP
1825 7th Street, NW, #821
Washington, DC 20001
aisha@fairmarklaw.com

*Counsel for Plaintiff and the Putative Class*