ELLEN JEAN WINOGRAD, ESQ.
Nevada State Bar No. 815
JOSE TAFOYA, ESQ.
Nevada State Bar No. 16011
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, Nevada 89511
Tel: 775-688-3000
Fax: 775-688-3088
ewinograd@woodburnandwedge.com
jtafoya@woodburnandwedge.com

Attorneys for Defendant
WESTERN RANGE ASSOCIATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CIRILO UCHARIMA ALVARADO, on Behalf Of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> WESTERN RANGE ASSOCIATION, a California Non-profit corporation; ELLISON RANCHING COMPANY, a Nevada corporation; JOHN ESPIL SHEEP CO., INC., a Nevada corporation; F.I.M. CORP., a Nevada Corporation; THE LITTLE PARIS SHEEP COMPANY, LLC, a Nevada Limited Liability Company; BORDA LAND & SHEEP COMPANY, LLC, a Nevada Limited Liability Company; HOLLAND RANCH, LLC, a Nevada Limited Liability Company; NEED MORE SHEEP CO., LLC, a Nevada Limited Liability Company; and FAULKNER LAND AND LIVESTOCK COMPANY, INC., an Idaho Corporation. | Case No. 3:22-cv-00249-MMD-CLB <br><br> **WESTERN RANGE ASSOCIATION'S ANSWER TO THE FIRST AMENDED COMPLAINT** |

Defendant WESTERN RANGE ASSOCIATION (Western Range) by and through its attorneys ELLEN JEAN WINOGRAD and JOSE TAFOYA of WOODBURN and WEDGE, and for its Answer to the First Amended Complaint (FAC) on file herein, admits, denies, alleges and avers as follows:

## I   JURISDICTION AND VENUE

1. Responding to paragraph 1 of Plaintiff's FAC, Defendant Western Range is without information or knowledge sufficient to form a belief as to the allegations contained therein and therefore denies said allegations.

2. Responding to paragraphs 2 and 3 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

## II   INTRODUCTORY STATEMENT

3. Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 3.

4. Responding to paragraphs 4 and 9 of Plaintiff's FAC, Defendant Western Range is without information or knowledge sufficient to form a belief as to the allegations contained therein and therefore denies said allegations.

5. Responding to paragraphs 5, 7, 8, 10, 12, 13, 15, 16,17, 18, 19, 20, 21 and 22 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

6. Responding to paragraph 6 of Plaintiff's FAC, Defendant Western Range admits sheep production employs numerous employees within the United States. Defendant Western Range denies the remaining allegations contained therein.

7. Responding to paragraph 11 of Plaintiff's FAC, Defendant Western Range admits that wage floors are set by the Department of Labor (DOL). Defendant Western Range denies the remaining allegations contained therein.

8. Responding to paragraph 14 of Plaintiff's FAC, Defendant Western Range admits that some or all foreign sheepherders sign contracts, if required by the DOL. Defendant Western Range denies the remaining allegations contained therein.

## III   PARTIES

### A.   Plaintiff

9. Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 22.

10.  Responding to paragraph 23 of Plaintiff's FAC, Defendant Western Range admits the allegations contained therein.

11.  Responding to paragraph 24 of Plaintiff's FAC, Defendant Western Range admits that Plaintiff was a Peruvian citizen when he came to the United States on a non-immigrant temporary H-2A Visa to work as a range livestock employee for the Little Paris Ranch. Defendant Western Range denies that plaintiff was "domiciled" in Nevada. Defendant Western Range is without information or knowledge sufficient to form a belief as to the remaining allegations contained therein and therefore denies said allegations.

12.  Responding to paragraph 25 of Plaintiff's FAC, Defendant Western Range is without information or knowledge sufficient to form a belief as to the allegations contained therein and therefore denies said allegations.

B.   **Defendants**

13.  Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 25.

14.  Responding to paragraph 26 of Plaintiff's FAC, Defendant Western Range admits that Defendant Western Range Association is a California non-profit corporation. Defendant Western Range denies the remaining allegations contained therein.

15.  Responding to paragraphs 27, 28, 29, 30, 31, 32 and 33 of Plaintiff's FAC, Defendant Western Range is without information or knowledge sufficient to form a belief as to the allegations contained therein and therefore denies said allegations.

16.  Responding to paragraph 34 of Plaintiff's FAC, Defendant Western Range admits that Defendant Faulkner is an Idaho Corporation. Defendant Western Range denies the remaining allegations contained therein.

IV   STATEMENT OF FACTS

A.   **"Regulatory Scheme Governing Importation of Foreign Sheepherder"**

17.  Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 34.

18.  Responding to paragraphs 35, 36, 38 and 43 of Plaintiff's FAC, Defendant Western Range admits the allegations contained therein.

19. Responding to paragraphs 37, 39, 40, 41 and 48 of Plaintiff's FAC, Defendant Western Range is without information or knowledge sufficient to form a belief as to the allegations contained therein and therefore denies said allegations.

20. Responding to paragraphs 42, 45 and 46 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

21. Responding to paragraph 44 of Plaintiff's FAC, Defendant Western Range admits that the DOL implemented special procedures for sheep herding and goat herding H-2A labor. Defendant Western Range is without information or knowledge sufficient to form a belief as to the remaining allegations contained therein and therefore denies said allegations.

22. Responding to paragraph 47 of Plaintiff's FAC, Defendant Western Range admits that DOL regulations do not preclude offering higher wages, if offered to domestic workers. Defendant Western Range denies the remaining allegations contained therein.

**B.** "**Sheepherders like Plaintiff Ucharima Alvarado Come to the United States Seeking Fair Compensation for their Skilled Work, But are Exploited and Harmed by Defendant's Anti Competitive Scheme**"

23. Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 48.

24. Responding to paragraph 49 of Plaintiff's FAC, Defendant Western Range admits that Plaintiff was initially in the United States on an H-2A Visa and is without information or knowledge sufficient to form a belief as to the remaining allegations contained therein and therefore denies said allegations.

25. Responding to paragraph 50 of Plaintiff's FAC, Defendant Western Range is without information or knowledge sufficient to form a belief as to the allegations contained therein and therefore denies said allegations.

26. Responding to paragraph 51 of Plaintiff's FAC, Defendant Western Range denies that Plaintiff applied to work with Western Range Association and is without information or knowledge sufficient to form a belief as to the remaining allegations contained therein and therefore denies said allegations.

27. Responding to paragraph 52 of Plaintiff's FAC, Defendant Western Range denies there was "poor treatment" on the Little Ranch. Defendant Western Range is without information or knowledge sufficient to form a belief as to what Plaintiff "learned" and denies the remaining allegations contained therein.

28. Responding to paragraphs 53 and 54 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

C. "**Allegations Regarding the WRA-Led Wage Suppression**"

1. *"WRA, its Member Ranches, and their Collusive Relationship"*

29. Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 54.

30. Responding to paragraphs 55, 56, 57, 61, 62 and 63 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

31. Responding to paragraph 58 of Plaintiff's FAC, Defendant Western Range admits that Monica Youree was Executive Director of Western Range from 2017 to present. Defendant Western Range is without information or knowledge sufficient to form a belief as to the remaining allegations contained therein and therefore denies said allegations.

32. Responding to paragraph 59 of Plaintiff's FAC, Defendant Western Range admits that Defendant and its members do not share profits or losses and denies the remaining allegations contained therein.

33. Responding to paragraph 60 of Plaintiff's FAC, Defendant Western Range admits that there are regular membership meetings for educational and compliance presentations, often involving the DOL, various embassies and consulates. Defendant Western Range denies the remaining allegations contained therein.

2. *"Concerted Conduct to Fix Wages Offered to Domestic Sheepherders, and thereby Ensure the Unavailability of Domestic Workers for Sheepherding Jobs"*

34. Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 63.

35. Responding to paragraphs 64, 65, 66, 67, 68, 72, 73, 74, 76, 77, 78 and 80 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

36. Responding to paragraph 69 of Plaintiff's FAC, Defendant Western Range admits that some member employers have multiple worksites and denies the remaining allegations contained therein.

37. Responding to paragraph 70 of Plaintiff's FAC, Defendant Western Range admits that job orders may contain differing pay rates and denies the remaining allegations contained therein.

38.  Responding to paragraph 71 of Plaintiff's FAC, Defendant Western Range admits that worksite locations vary depending on, *inter alia*, season, weather and grazing rotation. Defendant Western Range is without information or knowledge sufficient to form a belief as to the remaining allegations contained therein and therefore denies said allegations.

39.  Responding to paragraph 75 of Plaintiff's FAC, Defendant Western Range admits that wage terms are disclosed to domestic workers and denies the remaining allegations contained therein.

40.  Responding to paragraph 79 of Plaintiff's FAC, Defendant Western Range is informed that some member ranches pay bonuses and denies the remaining allegations contained therein.

### 3. "Concerted Conduct to Fix Wages Offered to Foreign Sheepherders"

41.  Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 80.

42.  Responding to paragraphs 81, 82, 83, 84, 86 and 87 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

43.  Responding to paragraph 85 of Plaintiff's FAC, Defendant Western Range admits that DOL releases various H-2A statistics and denies the remaining allegations contained therein.

### 4. "WRA Sets Sheepherder Wages"

44.  Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's First Amended Complaint in paragraphs 1 through 87.

45.  Responding to paragraphs 88, 89, 90, 91, 92, 93, 94, 95, 96 and 97 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

### 5. "It is Irrational to Pay the Same Wages to Experienced and Inexperienced Sheepherders, Even Though Ranches Represent to DOL that All Sheepherders Make the Same Wage Regardless of Experience"

46.  Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 97.

47.  Responding to paragraphs 98, 101, 103, 104, 105 and 106 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

48.  Responding to paragraph 99 of Plaintiff's FAC, Defendant Western Range admits sheepherding requires some skills. Defendant Western Range denies the remaining allegations contained therein.

49.  Responding to paragraph 100 of Plaintiff's FAC, Defendant Western Range is without information or knowledge sufficient to form a belief as to the allegations contained therein and therefore denies said allegations.

50.  Responding to paragraph 102 of Plaintiff's FAC, Defendant Western Range is without information or knowledge sufficient to form a belief as to what is "tempting" and therefore denies all allegations contained therein.

### 6. *"Revealing their Conscious Commitment to the Wage-Fixing Scheme, WRA Members Illegally Pay Sheepherders Higher Wages than They Offer to Domestic Workers"*

51.  Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 106.

52.  Responding to paragraph 107 of Plaintiff's FAC, Defendant Western Range admits that the quote is taken in whole or in part from some version of 20 CFR § 655. Defendant Western Range is without information or knowledge sufficient to form a belief as to the remaining allegations contained therein and therefore denies said allegations.

53.  Responding to paragraph 108 of Plaintiff's FAC, Defendant Western Range admits that the DOL enforces its policies. Defendant Western Range is without information or knowledge sufficient to form a belief as to the remaining allegations contained therein and therefore denies said allegations.

54.  Responding to paragraph 109 of Plaintiff's FAC, Defendant Western Range admits the allegations contained therein.

55.  Responding to paragraphs 110, 111, 112 and 113 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

### 7. *"Other Workers Performing the Same Work as H-2A Sheepherders are Paid Significantly More"*

56.  Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 113.

57.  Responding to paragraphs 114, 115 and 116 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

*8. "DOL Sets Only the Minimum Wage, and Ranches are Free to Offer a Higher Wage"*

58.  Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 116.

59.  Responding to paragraph 117 of Plaintiff's FAC, Defendant Western Range denies that the DOL has an H-2A "minimum wage" and is without information or knowledge sufficient to form a belief as to the remaining allegations contained therein and therefore denies said allegations.

60.  Responding to paragraphs 118 and 119 of Plaintiff's FAC, Defendant Western Range is without information or knowledge sufficient to form a belief as to the allegations contained therein and therefore denies said allegations.

61.  Responding to paragraph 120 of Plaintiff's FAC, Defendant Western Range admits that comments were made in 2015 involving the proposed DOL regulations and the H-2A program. Defendant Western Range is without information or knowledge sufficient to form a belief as to the remaining allegations contained therein and therefore denies said allegations.

62.  Responding to paragraphs 121 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

*9. "Effects of the Anti-Competitive Conspiracy on DOL's Wage Determinations"*

63.  Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 121.

64.  Responding to paragraphs 122, 123, 124, 125 and 126 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

*10. "The WRA's Market Allocation Scheme Contributes to Ongoing Depression of Wages"*

65.  Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 126.

66.  Responding to paragraphs 127, 128, 129, 130, 131, 132, 133, 135, 136 and 137 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

67.  Responding to paragraph 134 of Plaintiff's FAC, Defendant Western Range admits it requires members to comply with DOL wage floors and requires them to pay no less than what the DOL sets as the AEWR. Defendant Western Range denies that there is an "agreement" regarding wages and is without

1    information or knowledge sufficient to form a belief as to the remaining allegations contained therein and

2    therefore denies said allegations.

3        **11. "The Resulting Restraint of Trade and Antitrust Injuries"**

4        68. Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained

5    in Plaintiff's FAC in paragraphs 1 through 137.

6        69. Responding to paragraphs 138, 139, 140, 141 and 142 of Plaintiff's FAC, Defendant Western

7    Range denies the allegations contained therein.

8        **C.  Class Definition**

9        70. Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained

10   in Plaintiff's FAC in paragraphs 1 through 142.

11       71. Responding to paragraphs 143, 144, 145, 146, 147, 148, 150, 151, 152, 153 and 154 of Plaintiff's

12   FAC, Defendant Western Range denies the allegations contained therein.

13       72. Responding to paragraph 149 of Plaintiff's FAC, Defendant Western Range is without information

14   or knowledge sufficient to form a belief as to the allegations contained therein and therefore denies said

15   allegations.

16       73. Responding to paragraph 155 of Plaintiff's FAC, Defendant Western Range denies that its records

17   will define the contours of a "class". Defendant Western Range is without information or knowledge

18   sufficient to form a belief as to the remaining allegations contained therein and therefore denies said

19   allegations.

20                              **CAUSE OF ACTION**
                   **COUNT I: HORIZONTAL WAGE-FIXING AGREEMENT**
21               **(RESTRAINT OF TRADE, 15 U.S.C. §§ 1, ET SEQ.)**
                              **Plaintiff and the Class**
22

23       74. Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained

24   in Plaintiff's FAC in paragraphs 1 through 156.

25       75. Responding to paragraph 157 of Plaintiff's FAC, Defendant Western Range admits Plaintiff makes

26   assertions. Defendant Western Range denies the content of allegations contained within the assertion.

27       76. Responding to paragraphs 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168 and 169 of

28   Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

## COUNT II: HORIZONTAL MARKET ALLOCATION
### (RESTRAINT OF TRADE, 15 U.S.C. §§ 1, ET SEQ.)
#### Plaintiff and the Class

77.  Defendant Western Range repeats and realleges its responses to Plaintiff's allegations contained in Plaintiff's FAC in paragraphs 1 through 170.

78.  Responding to paragraph 171 of Plaintiff's FAC, Defendant Western Range admits Plaintiff asserts that count and Defendant Western Range denies the allegations contained within the assertion.

79.  Responding to paragraphs 172, 173, 174, 175, 176, 177, 178, 180, 181, 182, 183, 184, 185 and 186 of Plaintiff's FAC, Defendant Western Range denies the allegations contained therein.

80.  Responding to paragraph 179 of Plaintiff's FAC, Defendant Western Range admits that WRA has meetings to educate and maximize member compliance. Defendant Western Range denies the remaining allegations contained therein.

### AFFIRMATIVE DEFENSES

For its Affirmative defenses Defendant states and avers as follows:

1.  The FAC and each purported cause of action therein, fail to state facts sufficient to constitute causes of action against this defendant.

2.  Plaintiff and the putative class lack both common law standing, and antitrust standing, to bring the claims alleged against these Defendants.

3.  The complaint and each purported cause of action therein is barred by the statute of limitations and/or laches to the extent that some or all putative class members/plaintiffs base their causes of action on alleged conduct occurring outside the applicable limitation periods.

4.  To the extent that plaintiff and the putative class have suffered damages as alleged in the complaint, such damages were not proximately caused by defendant, but by the acts or omissions of plaintiff himself, or others, third parties and/or governmental agencies.

5.  The FAC and each purported cause of action therein are barred because defendant's conduct was in furtherance of legitimate consumer and DOL interests.

6.  The FAC and each purported cause of action therein are barred because defendant's conduct was consistent with legitimate business practices and lawfully compliant with regulatory requirements.

7.   None of the damages or injures alleged by plaintiff or the putative class, constitutes antitrust injury. Further, none of the injuries claimed the type of antitrust laws that were intended to prevent; plaintiff is therefore entitled to no relief under the antitrust laws.

8.   Plaintiff and the putative class members approved, acquiesced to, or ratified the actions of which plaintiff and the putative class members complain and therefore plaintiff is not entitled to relief in this action.

9.   The FAC and each purported cause of action therein are barred by the doctrine of estoppel.

10.   The FAC and each purported cause of action therein are barred by the doctrine of equitable estoppel, as defendant reasonably relied upon state and federal agencies and these agencies' express and implied approval of Defendant's H-2A policies, procedures and practices maintained by Defendant Western Range.

11.   The FAC and each purported cause of action therein are barred by plaintiff's own waiver of rights and remedies.

12.   Plaintiff is entitled to no relief for the conduct alleged because plaintiff and some or all of the putative class members have participated in unlawful or other conduct related to their H-2A employment and therefore have unclean hands.

13.   Plaintiff and the putative class members failed to mitigate their alleged damages and are therefore barred in whole or in part from recovering damages and interest. Plaintiff and the putative class members are similarly barred from seeking equitable relief.

14.   Plaintiffs are barred from recovering any equitable relief on the ground that remedies at law adequately redress the wrongs and injuries alleged by plaintiff, if any have been sustained.

15.   The causes of action in the FAC are barred because plaintiff and putative class members have not sustained any damages.

16.   Plaintiff is entitled to no relief since plaintiff and putative class members who voluntarily chose employment are in pari delicto, having equally and voluntarily participated in the alleged misconduct.

17.   Plaintiff is entitled to no relief for the conduct alleged because the agreements and/or expectations upon which plaintiff's claims relied, were subject to the DOL and other government agencies, promulgation, mandatory compliance with and enforcement.

18. Plaintiff is entitled to no relief for the conduct alleged because the damages claimed are speculative, at best.

19. This Defendant's conduct complained of, was undertaken to comply with rules and regulations of state and federal agencies and is therefore immune from liability.

20. The wage fixing violations alleged were lawfully set, mandated and enforced by state or federal agency requirements, which Defendant Western Range complied with.

21. The alleged fixing of wage floors involved AEWRS set lawfully, in compliance with governmentally mandated wage floors, in response to changing conditions over various times.

22. The applicability of the Statutes of Limitations and Laches require individualized determinations for each putative class member, thereby precluding class-wide resolution.

23. Plaintiff's claims brought on behalf of himself and the putative class members, cannot and should not be maintained on a class-action or representative action because plaintiff is not similarly situated with other putative Plaintiffs, Plaintiff cannot fairly represent the interests of the putative claims members; the claims fail to meet the necessary requirements for class certification, including, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative. Further, there is lack of a commonality of interest and issues between and among the putative class members.

24. Plaintiff's claims brought on his behalf and the putative class require individualized discovery and determination as to each class member, thus precluding class wide determination.

25. Plaintiff's claims brought on behalf of himself and the putative class members, are barred, in whole or in part, under the doctrines of waiver, ratification, acquiescence, fraud, accord and satisfaction, payment, settlement, consent, release, and/or estoppel.

26. Defendant has no knowledge of, nor would it have had knowledge of, any alleged uncompensated work by the Plaintiff or putative class members, and Defendant did not authorize, require, request, ratify, or permit such activity to occur.

## PRAYER

WHEREFORE, Defendant prays as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff and the putative class take nothing by way of his Complaint;

3.      For Defendant Western Range's costs of suit and attorney fees incurred herein; and

4.      For such other and further relief as the Court may deem just and proper.

The undersigned affirms that this document does not contain the personal information of any person.

DATED this _17_ day of July, 2023.

WOODBURN AND WEDGE

By _____
Ellen Jean Winograd, Esq.
State Bar No. 815
Jose Tafoya, Esq.
State Bar No. 16011
**Attorneys for Defendant**
**WESTERN RANGE ASSOCIATION**

## CERTIFICATE OF SERVICE

I hereby certify that on July _17_, 2023, a true and correct copy of the foregoing was served

electronically on persons requiring notice

TOWARDS JUSTICE
Alex Hood, Esq.
David Seligman, Esq.
Natasha Viteri, Esq.
2480 Fairfax Street, Ste. 220
Denver, CO 80207

THIERMAN BUCK LLP
Mark Thierman, Esq.
Joshua Buck, Esq.
Leah Jones, Esq.
Joshua Hendrickson, Esq.
7287 Lakeside Drive
Reno, Nv 89511

FAIRMARK PARTNERS, LLP
Jamie Crooks, Esq.
Aisha Rich, Esq.
1825 7th Street NW, #821
Washington, DC 20001

EDELSON PC
Yaman Salahi, Esq.
150 California St., 18th Floor
San Francisco, CA 94111

EDELSON PC
Natasha Fernandez-Silber, Esq.
350 N. La Salle Dr., 14th Floor
Chicago, IL 60654

By: _____
Employee of Woodburn and Wedge