Jerry M. Snyder
Jerry Snyder Law
Nevada State Bar No. 6830
429 Plumb Ln.
Reno, Nevada 89509
Jerry@Jerrysnyderlaw.com
Telephone (775) 499-5647
*Attorney for Defendants*
*F.I.M. Corporation*
*Need More Sheep Co LLC.*
*Faulkner Land and Livestock Co.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

*****

| | |
|---|---|
| CIRILO UCHARIMA ALVARADO, On Behalf of Himself and All Others Similarly Situated, Plaintiff, | Case No.:   3:22-cv-00249-MMD-CLB |
| vs. | F.I.M. CORP, INC., NEED MORE SHEEP CO., LLC, AND FAULKNER LAND AND LIVESTOCK COMPANY'S MOTION TO DISMISS |
| WESTERN RANGE ASSOCIATION, a California non-profit corporation; ELLISON RANCHING COMPANY, a Nevada corporation; JOHN ESPIL SHEEP CO., INC., a Nevada corporation; F.I.M. CORP., a Nevada corporation; THE LITTLE PARIS SHEEP COMPANY, LLC, a Nevada limited liability company; BORDA LAND & SHEEP COMPANY, LLC, a Nevada limited liability company; HOLLAND RANCH, LLC, a Nevada limited liability company; NEED MORE SHEEP CO., LLC, a Nevada limited liability company; and FAULKNER LAND AND LIVESTOCK COMPANY, INC., an Idaho corporation; Defendants. | |

Defendants F.I.M. CORP, ("F.I.M.,") Need More Sheep Co., LLC ("Need More Sheep,") and FAULKNER LAND AND LIVESTOCK COMPANY, INC. ("Faulkner" collectively the "Moving Defendants") by and through their counsel of record, JERRY M. SNYDER of JERRY SNYDER LAW, hereby file their Motion

to Dismiss. This motion is supported by FRCP 12(b), on the pleadings and papers on file herein, and on the following Points and Authorities.

## POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Cirilo Ucharima Alvarado ("Alvarado") initiated the present case on June 1, 2022 by filing his putative class action complaint against Western Range Association ("WRA"). Alvarado alleged that the WRA conspired with its member ranches to fix the wages for H-2A sheepherders at or near the minimum amount required by the United States Department of Labor. WRA moved to dismiss the complaint, arguing in part that dismissal was mandated under *Llacua v. Western Range Ass'n*, 930 F.3d 1161 (10th Cir. 2019) – a case that bears a striking factual similarity to the present case. On March 21, 2023, this Court denied WRA's motion, noting that Plaintiff's allegations regarding the contents of the WRA handbook, along with the testimony of former WRA employee Dennis Richins "contain sufficient factual matter to plausibly suggest that an illegal agreement was made." Doc. No. 43, 14:1-5.

On June 16, 2023, Alvarado filed his First Amended Complaint, adding as parties a number of WRA member ranches, including the Moving Parties. The FGAC is almost entirely devoid of any factual allegations relating to F.I.M. Need More Sheep, or Faulkner. Indeed, each of the moving defendants is mentioned by name only once in the Complaint – in Section III, where the Plaintiff identifies the parties to the case. Plaintiff does not allege any facts to suggest that any of the Moving Parties participated in the alleged so-called "conspiracy" to fix wages

offered to H-2A sheepherders. Indeed, although Plaintiff specifically lists a number of the officers and directors of Western Range for the years 2017 through 2022, none of the moving Defendants are listed. Rather than allege a single factual allegation to indicate that any of the Moving Defendants participated in the purported conspiracy, Plaintiff makes a general allegation that each of the Moving Parties "engages in all of the anticompetitive conduct alleged herein." These sweeping and general statements do not provide sufficient factual allegations to plausibly suggest that the Moving Parties participated in any alleged conspiracy.

In addition, Defendant Faulkner is an Idaho Corporation that operates in Idaho and Arizona. The only contact that Faulkner has with the state of Nevada is that it transports sheep through the state, via truck, twice per year. An H-2A sheepherder is typically present on these trips for the purpose of assisting with loading and unloading in Idaho and Arizona. This limited contact with the State of Nevada cannot form a sufficient basis for personal jurisdiction in the State of Nevada.

## II. FACTUAL STATEMENT

### a. Procedural Background

Plaintiff initiated the present action On June 1, 2022 by filing his Complaint against Western Range Association alleging violations of the Sherman Antitrust Act. On August 16, 2022, WRA moved to dismiss the Complaint.[1] WRA's motion was based in part on *Llacua v. Western Range Ass'n*, 930 F.3d

---

[1] WRA's motion to dismiss sets forth a detailed explanation of the regulatory framework of the

1161 (10th Cir. 2019,) in which the 10th Circuit affirmed the dismissal of Sherman Act claims against WRA that were based on factual allegations nearly identical to those set forth in the Complaint in this matter. The *Llacua* court noted that the factual allegations of the complaint "even if taken as true, do not plausibly lead to the conclusion association members gave up control over the wages offered or otherwise entered into an agreement to keep wages low." *Id.*

In deciding WRA's motion to dismiss in the present case, this Court came to a different conclusion. This court noted that Plaintiffs alleged that Dennis Richins, a former Executive Director of WRA testified in another case that WRA filled out job orders, and always put in the minimum wage allowed by law, that WRA members received a letter stating what the wage would be, and (3) WRA members agreed to offer the same fixed minimum wage. This Court further noted that Alvarado alleged that WRA published a handbook setting forth the minimum wage. This Court determined that those allegations set forth sufficient factual matter to plausibly that an agreement was made," and therefore denied WRA's motion to Dismiss.

b.  The Allegations of the FAC

On June 16, 2023, Plaintiff filed the FAC. The allegations of the FAC are substantially similar to those of the initial complaint. However, Plaintiff added a number of WRA member ranches as Defendants.

Defendant F.I.M. is mentioned once in the body of the FAC. At ¶30, Plaintiff alleges that:

---

H-2A guest worker program, so the moving parties need not reiterate it here.

Defendant F. I. M. is a Nevada corporation with its principal place of business in Smith, Nevada. F. I. M. is and at all relevant times was a member of the WRA, and engages in all of the anticompetitive conduct alleged herein. Through the WRA, F. I. M. recruits tens of sheepherders each year.

Defendant Need More Sheep is mentioned once in the body of the complaint. At ¶33, Plaintiff alleges that:

Defendant Need More Sheep is a Nevada limited liability company with its principal place of business in Ely, Nevada. It has a flock of approximately 10,000 sheep (nearly 14% of all sheep in Nevada) on a ranch comprising roughly 1.5 million acres of land. Need More Sheep is and at all relevant times was a member of the WRA, and engages in all of the anticompetitive conduct alleged herein. It recruits numerous sheepherders through WRA each year.

Defendant Faulkner is mentioned once in the body of the complaint. At ¶34, Plaintiff alleges that:

Defendant Faulkner is an Idaho corporation with its principal place of business in Gooding, Idaho. Faulkner has multiple sheepherder worksites, including in Clark, Lincoln, White Pine, and Elko Counties in Nevada. Faulkner is and at all relevant times was a member of the WRA, and engages in all of the anticompetitive conduct alleged herein. Through WRA, Faulkner recruits dozens of sheepherders each year.

Plaintiff does not make any other specific allegations with respect to the Moving parties.

### c.   Faulkner Has Virtually No Contact With the State of Nevada

Faulkner is an Idaho Corporation whose principal place of business is in Idaho. Faulkner runs sheep in Arizona in the winter and in Idaho in the warmer months. In the Fall, Faulkner transports approximately 6000 ewes from Idaho to Arizona. In the Spring, Faulkner transports approximately 6000 ewes and 6000-7500 lambs from Arizona to Idaho. This transportation is done through approximately 30 truckloads.

Faulkner conducts no other operations within the state of Nevada.

**Exhibit 1**, Declaration of John Faulkner, at ¶2-4.

These trucks will typically be accompanied by an H-2A sheepherder, primarily to assist with loading and unloading the sheep and to tend the sheep in the rare event of some sort of unforeseen circumstance that delays the truck. In most instances, the sheepherder literally does nothing in the State of Nevada but ride in the truck. At no point do the sheepherders reside in Nevada, and any work done in Nevada is merely incidental. **Ex. 1**, ¶3-6.

### III.    ARGUMENT

a. <u>Dismissal of the Moving Parties Is Appropriate Pursuant to FRCP 12(b)(6)</u>

Dismissal under FRCP 12(b)(6) is appropriate where the allegations of the complaint do not contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). In order to adequately plead their claim under section 1 of the Sherman Act, Plaintiff must allege facts showing "(1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce ...; (3) which actually injures competition." *Kendall v. Visa U.S.A., Inc.,* 518 F.3d 1042, 1047 (9th Cir. 2008). The central question to an analysis of claims under section one is "whether the challenged anticompetitive conduct 'stems from [lawful] independent decision or from an agreement, tacit or express.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544

(2007)). Thus,

> [F]or plaintiffs bringing a claim under Section 1 of the Sherman Act—particularly those relying on evidence of parallel business conduct to establish a conspiracy—stating a plausible claim requires something more. Such plaintiffs must plead "some further factual enhancement" that places their allegations of parallel conduct in a context suggesting a preceding agreement."

*In re Dynamic Random Access Memory (DRM) Indirect Purchaser Antitrust Litig.*, 28 F. 4th 42, 45 (9th Cir. 2022). It is insufficient to merely allege actions that are "consistent with Defendants . . .reacting to the same market pressures and taking parallel action to serve their interests." *Id.* at 53.

**b.** Alvarado Has Not Made Factual Allegations Sufficient to State a Plausible Sherman Act Claim Against the Moving Parties

In its March 21, 2023 Order, this Court carefully analyzed the adequacy of Alvarado's claims against WRA under section 1 of the Sherman Act. This court noted that allegations of parallel conduct alone were not sufficient to plead a Sherman Act case under *Twombly*. However, this Court concluded that certain statements made by Dennis Richins, a former Executive Director of WRA, along with statements allegedly in the WRA handbook, were sufficient to "nudge [the claim] across the line from conceivable to plausible." Doc. 43, 15:1-5.

By contrast, the FAC does not contain any specific factual allegations whatsoever that suggest that F.I.M., Need More Sheep, or Faulkner in any way were parties to the alleged wage fixing agreement. The FAC only mentions these entities in a single paragraph each in the "Parties" section of the Complaint, in which Plaintiff alleges that each of the Moving Parties "engages in all of the

anticompetitive conduct alleged herein." Plaintiff's complaint lists the officers and directors of the Western Range Association for six years, from 2017 to 2022. FAC 12-16. None of the moving parties appear on this list. Plaintiff does not allege any facts that suggest any of the moving parties assented to or participated in any "agreement" to fix the wages at which sheepherders would be paid. Indeed, Plaintiff does not allege any facts suggesting that any of the moving parties were even aware of such an alleged agreement.

Plaintiff simply does not allege any facts with respect to F.I.M., Need More Sheep, or Faulkner that suggest a plausible basis for their antitrust claims. Accordingly, under the clear direction of *Twombly*, the First Amended Complaint against the Moving Parties should be dismissed.

        **c.**  <u>Faulkner Should Be Dismissed under FRCP 12(b)(2) Because It Is</u>
<u>Not Subject to Personal Jurisdiction in Nevada</u>

In addition, all claims against Faulkner should be dismissed because Faulkner is not subject to personal jurisdiction in the State of Nevada.

Federal Court may exercise personal jurisdiction over a defendant if it is permitted by the state long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Fireman's Fund Ins. Co. v. Nat. Bank of Coops.,* 103 F.3d 888, 893 (9th Cir.1996). Nevada's long arm statute, NRS 14.075, provides that courts may exercise personal jurisdiction to the extent permitted by the U.S. Constitution.

Court's recognize two genres of personal jurisdiction. General jurisdiction arises when a plaintiffs contacts with the forum state are so extensive that a

court in that state may exercise jurisdiction over the defendant in any

matter. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 131

S.Ct. 2846, 180 L.Ed.2d 796 (2011).

In contrast, specific jurisdiction focuses on an analysis of whether the

Defendant has "minimum contacts" with the forum state such that the assertion

of jurisdiction "does not offend traditional notions of fair play and substantial

justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 315 (1945).

The Ninth Circuit has adopted a three part test to analyze whether the

such minimum contacts exist: "(1) the defendant has performed some act or

consummated some transaction within the forum or otherwise purposefully

availed himself of the privileges of conducting activities in the forum, (2) the

claim arises out of or results from the defendant's forum-related activities, and

(3) the exercise of jurisdiction is reasonable." *Pebble Beach v. Caddy,* 453 F.3d

1151, 1155 (9th Cir. 2006). The United States Supreme Court has made it clear

that "for a State to exercise jurisdiction consistent with due process, the defendant's

suit-related conduct must create a substantial connection with the forum State."

*Walden v. Fiore,* 571 U.S. 277 (2014).

In *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.,* ____ U.S.____, 137 S.Ct.

1773 (2017,) the U.S. Supreme Court again emphasized that in assessing whether a

court has personal jurisdiction, "the 'primary concern' is the 'burden on the

defendant.'" *Id.* at 1780 (quoting *Worldwide Volkwagen v. Woodson,* 444 U.S. 286,

291(1980). The Court held that the defendant pharmaceutical company was not

subject to jurisdiction in California, even though its products had been marketed and

sold in California, and the company had research facilities in California, because the subject plaintiffs had not been prescribed or purchased the products at issue in the State of California. For that reason, the court held that the actual conduct that gave rise to the Plaintiffs claims had not taken place in California, and therefore there was not a sufficient connection "between the forum and the specific claim at issue." *Bristol Myers Squib,* 137 S.Ct. at 1782.

Here, Faulkner's operations are entirely in Idaho and Arizona. The H-2A workers that Faulkner hires work entirely in those two states. The wages that Faulkner pays its H-2A workers are earned in those two states. Faulkner's H-2A workers only pass through the State of Nevada incidentally when they are accompanying a truck carrying sheep from Idaho to Arizona or from Arizona to Idaho. Plaintiff's claims arise from Faulkner's alleged employment practices, which are entirely conducted in either Idaho or Arizona. Because Faulkner's employees do not work in Nevada, Plaintiff's claim's – which arise from an alleged agreement regarding pay for H-2A workers – do not arise from Faulkner's limited contact with the State of Nevada. Accordingly, this Court may not exercise jurisdiction over Faulkner.

///

///

///

///

///

///

///

## IV. CONCLUSION

For the foregoing reasons, the Moving Parties respectfully request that the present motion be granted.

Dated:   August 10, 2023

Jerry M. Snyder
Jerry Snyder Law
Nevada State Bar No.   6830
429 Plumb Ln.
Reno, Nevada 89509
Jerry@Jerrysnyderlaw.com
Telephone: (775) 499-5647
*Attorney for F.I.M. Corp, Inc.*
*Need More Sheep Co., LLC, and*
*Faulkner Land and Livestock*

11

**INDEX OF EXHIBITS**

Exhibit 1      ……………………………..   Declaration of John Faulkner

**CERTIFICATE OF SERVICE**

On July 21, 2023, I electronically transmitted the attached documents to the Clerk's office and served all parties via the CM-ECF system.

August 10, 2023

Jerry Snyder

13