**FABIAN VANCOTT**
DAVID M. SEXTON, ESQ.
Nevada Bar #14951
411 E. Bonneville Ave., Ste. 400
Las Vegas, Nevada 89101
(702) 233-4444
dsexton@fabianvancott.com
*Attorneys for Ellison Ranching Company*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

CIRILO UCHARIMA ALVARADO,
On Behalf of Himself and All Others
Similarly Situated, Plaintiff,

vs.

WESTERN RANGE ASSOCIATION, a
California non-profit corporation; ELLISON
RANCHING COMPANY, a Nevada
corporation; JOHN ESPIL SHEEP CO., INC.,
a Nevada corporation; F.I.M. CORP., a
Nevada corporation; THE LITTLE PARIS
SHEEP COMPANY, LLC, a Nevada limited
liability company; BORDA LAND & SHEEP
COMPANY, LLC, a Nevada limited liability
company; HOLLAND RANCH, LLC, a
Nevada limited liability company; NEED
MORE SHEEP CO., LLC, a Nevada limited
liability company; and FAULKNER LAND
AND LIVESTOCK COMPANY, INC., an
Idaho corporation; Defendants.

Case No.: 3:22-cv-00249-MMD-CLB

**DEFENDANT ELLISON
RANCHING COMPANY'S
MOTION TO STRIKE**

ORAL ARGUMENT REQUESTED

Defendant ELLISON RANCHING COMPANY, by and through its counsel of record, David M. Sexton, Esq. of the law firm of Fabian VanCott, files this Motion to Strike, requesting that this Court strike certain baseless, immaterial, impertinent, and scandalous allegations from Plaintiff's First Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Additionally, this Motion is made in the alternative to Ellison's Motion to Dismiss filed concurrently herewith because if Ellison's Motion to Dismiss is granted, this Motion to Strike will be rendered moot.

**FABIAN VANCOTT**
411 E. Bonneville Ave., Ste. 400
Las Vegas, Nevada 89101
(702) 233-4444

This Motion is supported by the following Memorandum of Points and Authorities, any attached affidavits, declarations, and exhibits, the papers and pleadings on file herein, as well as any oral argument allowed by the Court at a hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### SUMMARY

Plaintiff's First Amended Complaint contains several baseless, immaterial, impertinent, scandalous, and needlessly inflammatory allegations that are wholly unnecessary to support the causes of action alleged. The causes of action brought by Plaintiff are two alleged Sherman Act violations based on wage fixing and market allocation. Among the allegations that Ellison seeks to have stricken from the First Amended Complaint are accusations of racism against the ranchers and comparisons claiming the WRA and its members (including Ellison) treat their H-2A workers as slaves and employee tactics akin to fugitive slave laws when dealing with these workers. These allegations are inappropriate and must be stricken from the First Amended Complaint.

### II.

### LEGAL ARGUMENT

**A.    BASELESS, IRRELEVANT, AND SCANDALOUS ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD BE STRICKEN**

Ellison moves to strike the following baseless, immaterial, impertinent, and scandalous allegations[1] from the First Amended Complaint:

---

[1] Though the First Amended Complaint is rife with immaterial, impertinent, and scandalous allegations that have no bearing on the antitrust claims, Ellison will not waste judicial resources on any but those listed herein, which are the most explicit accusations of
(footnote continued on next page)

**FABIAN VANCOTT**
411 E. Bonneville Ave., Ste. 400
Las Vegas, Nevada 89101
(702) 233-4444

(1) the entirety of Paragraph 142 of the First Amended Complaint, which draws an unfounded and inflammatory comparison between ranchers and slave owners searching for "runaways" escaping "deplorable working conditions." The paragraph further offers the opinion that WRA and its members' "tactics are reminiscent of the fugitive slave laws, premised on control over the bodies and labor value of workers. Indeed, the WRA and its members' ability to implement this exploitative and racist wage-fixing scheme is a function of their collective monopsony power over the labor market for sheepherders.";

(2) that WRA and its members' conduct "left [Plaintiff] indentured…" First Amended Compl. ¶ 53); and

(3) extreme and derogatory allegations regarding the working conditions allegedly experienced by Plaintiff, and which he baselessly asserts are representative of other purported class members (¶ 7 ("While on the range…often living in small, dilapidated one-room trailers without heating or air conditioning and surviving off of canned foods and potatoes. Some, including Plaintiff, are subject to abusive practices by their employers, designed to make them feel even more trapped and isolated in their jobs."); ¶ 20 ("Mr. Ucharima Alvarado's treatment at the hands of his WRA-assigned member ranch was abhorrent….One more than one occasion, his employers at Little Ranch required him to sleep out in the open, exposed the elements while herding sheep, gave him expired food to eat, and refused to provide clothing and medical attention when he needed it most. The Little Ranch also threatened Mr. Ucharima Alvarado constantly with physical violence and with sending him back to Peru before the end of his contract term."; ¶21 ("His host ranch confiscated his passport and visa to ensure he could not leave."); ¶ 50 ("Mr. Ucharima Alvarado paid for most of these costs himself, including transportation and document fees."; ¶52 ("He soon came to understand why his fellow sheepherders were not only unhappy with their assignment, but feared their employer….")).

Rule 12(f) of the Federal Rules of Civil Procedure gives the district court discretion to "strike from a pleading ... any redundant, immaterial, impertinent, and scandalous matter" and avoid the expenditure of time and money that must arise from litigating spurious issues

---

indentured servitude, slavery, racism, and otherwise dire/illegal working conditions.

by dispensing with those issues prior to trial. *Suprock v. Quantum Energy, Inc.*, No. 2:21-cv-02184-JAD-BNW, 2023 WL 3971357, at *3 (D. Nev. June 9, 2023) (citation omitted).

Under Rule 12, allegations are immaterial when they have "no essential or important relationship to the claim for relief or defenses being pleaded;" impertinent when they "do not pertain, and are not necessary, to the issues in question;" and scandalous when they "unnecessarily reflect on the moral character of an individual or state anything in repulsive language that detracts from the dignity of the court…[including] allegations that cast a cruelly derogatory light on a party…." *Americanwest Bank v. Banc of California*, No. SA CV 13-1914 DOC, 2014 WL 1347166, at *4 (C.D. Cal. Apr. 4, 2014) (citations omitted).

Here, the above-referenced allegations of slavery, racism, indentured servitude, and dire working conditions meet the definition of immaterial, impertinent, and scandalous and should be stricken.

Both causes of action in First Amended Complaint are antitrust claims for wage fixing and market allocation—both of which have the elements of (1) an agreement; (2) effect on interstate or foreign commerce; and (3) unreasonable restraint on trade. *See* 15 U.S.C. § 1. The references to slavery, racism, indentured servitude, and poor working conditions are not relevant or necessary to any elements of the claims and are included to smear the moral character of Defendants, casting them in a cruel and derogatory light. Any legal point Plaintiff is trying to make regarding price-fixing or market allocation could be made without these baseless, incorrect, cruel, and derogatory statements.

Indeed, these are exactly the type of scandalous and irrelevant materials that courts in this circuit regularly strike. For example, in *Bureerong v. Uvawas*, the court granted a motion to strike the term "Slave Sweatshop" from employment lawsuit brought by immigrant

workers as immaterial, scandalous, and highly prejudicial *despite* the fact that "several of the operators have recently pled guilty to slavery charges, the actual term 'Slave Sweatshop' adds nothing to the material allegations in Plaintiffs' First Amended Complaint… However,…it is highly prejudicial to Defendants…[and] appears only for inflammatory effect, and…is immaterial, scandalous, and highly prejudicial…." 922 F. Supp. 1450, 1479 (C.D. Cal. 1996) (abrogated on other grounds); *See also Suprock*, 2023 WL 3971357 at *3 (granting a motion to strike irrelevant and scandalous allegations of extortion in a breach of contract case). Here, the allegations of racism, slavery, and illegal working conditions are equally scandalous, lacking any basis in fact and are even less relevant to any legal claim than in *Bureerong* or *Suprock*. The challenged allegations should be stricken.

Accordingly, Ellison respectfully requests that paragraph 142, references to indenture in paragraph 53, and the above-described allegations regarding dire working conditions be stricken from the First Amended Complaint.

### III.

### CONCLUSION

Based on the foregoing, Ellison respectfully requests that the Court grant this Motion to Strike impertinent, immaterial, and scandalous matters from the First Amended Complaint.

Dated: August 10, 2023

**FABIAN VANCOTT**

*/s/ David M. Sexton*
David M. Sexton, Esq.
Nevada Bar #14951
411 E. Bonneville Ave., Ste. 400
Las Vegas, Nevada 89101
(702) 233-4444
dsexton@fabianvancott.com
*Attorneys for Ellison Ranching Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of August 2023, I electronically filed the above and foregoing **DEFENDANT ELLISON RANCHING COMPANY'S MOTION TO STRIKE** with the Clerk of the Court using the CM/ECF system which will then send notification of such to the following counsel of record:

**THIERMAN BUCK LLP**
LEAH L. JONES, Nev. Bar No. 13161
leah@thiermanbuck.com
7287 Lakeside Drive
Reno, Nevada 89511

**FAIRMARK PARTNERS, LLP**
JAMIE CROOKS, ESQ. (PHV)
jamie@fairmarklaw.com
1825 7th St NW, #821
Washington, DC 20001

**TOWARDS JUSTICE**
DAVID H. SELIGMAN, ESQ. (PHV)
NATASHA VITERI, ESQ. (PHV)
ALEXANDER HOOD, ESQ. (PHV)
alex@towardsjustice.org
1535 High Street, Ste. 300
Denver, CO 80218

**EDELSON PC**
YAMAN SALAHI, ESQ. (PHV)
ysalahi@edelson.com
150 California Street, 18th Floor
San Francisco, California 94111

Natasha Fernández-Silber (PHV)
nfernandezsilber@edelson.com
350 N La Salle Dr., 14th Floor
Chicago, IL 60654
*Attorneys for Plaintiff and Putative Class*

**WOODBURN AND WEDGE**
Ellen Jean Winograd
ewinograd@woodburnandwedge.com
Jose Tafoya
jtafoya@woodburnandwedge.com
6100 Neil Road, Suite 500
Reno, NV 89511
*Attorneys for Defendant Western Range Association*

**JERRY SNYDER LAW**
Jerry M. Snyder
429 Plumb Ln.
Reno, Nevada 89509
Jerry@Jerrysnyderlaw.com
*Attorney for F.I.M. Corporation, Need More Sheep Co LLC., and Faulkner Land Livestock Company, Inc.*

**SIMONS HALL JOHNSTON PC**
Anthony L. Hall
AHall@SHJNevada.com
Duncan G. Burk ESQ.
DBurke@SHJNevada.com
690 Sierra Rose Dr.,
Reno, Nevada 89511
*Attorneys for John Espil Sheep Co., Inc., The Little Paris Sheep Company, LLC, Borda Land & Sheep Company, LLC, and Holland Ranch, LLC*

Dated: August 10, 2023

/s/ Anita Montoya
An Employee of Fabian VanCott

**FABIAN VANCOTT**
411 E. Bonneville Ave., Ste. 400
Las Vegas, Nevada 89101
(702) 233-4444