| | |
|---|---|
| **THIERMAN BUCK LLP** <br> LEAH L. JONES, Nev. Bar No. 13161 <br> leah@thiermanbuck.com <br> 7287 Lakeside Drive <br> Reno, Nevada 89511 <br> Telephone: 775-284-1500 <br> Facsimile: 775-703-5027 | **EDELSON PC** <br> NATASHA J. FERNÁNDEZ-SILBER, ESQ. <br> (*Pro Hac Vice*)* <br> nfernandezsilber@edelson.com <br> 350 North LaSalle Street, 14th Floor <br> Chicago, Illinois 60654 <br> Tel: 312-589-6370 <br> * Admitted in New York and Michigan |
| **FAIRMARK PARTNERS, LLP** <br> JAMIE CROOKS, ESQ. (*Pro Hac Vice*) <br> jamie@fairmarklaw.com <br> RUCHA DESAI, ESQ. (*Pro Hac Vice*) <br> rdesai@fairmarklaw.com <br> 1825 7th Street NW, #821 <br> Washington, DC 20001 | *Attorneys for Plaintiff and the Putative Class* <br><br> **FISHER & PHILLIPS LLP** <br> Rebecca Hause-Schultz, *Pro Hac Vice* <br> E-Mail: rhause-schultz@fisherphillips.com <br> Dennis Cuneo, *Pro Hac Vice* <br> E-Mail: dcueno@fisherphillips.com <br> David B. Witkin, *Pro Hac Vice* <br> E-Mail: dwitkin@fisherphillips.com <br> 621 Capitol Mall, Suite 1400 <br> Sacramento, California 95814 <br> Telephone: (916) 210-0400 <br> Facsimile: (916) 210-0401 |
| **TOWARDS JUSTICE** <br> DAVID H. SELIGMAN, ESQ. (*Pro Hac Vice*) <br> david@towardsjustice.org <br> ALEXANDER HOOD, ESQ. (*Pro Hac Vice*) <br> alex@towardsjustice.org <br> PO Box 371680, PMB 44465 <br> Denver, Colorado 80237 | |
| **EDELSON PC** <br> YAMAN SALAHI, ESQ. (*Pro Hac Vice*) <br> ysalahi@edelson.com <br> 150 California Street, 18th Floor <br> San Francisco, California 94111 <br> Tel: 415-212-9300 | **LEWIS BRISBOIS** <br> Ellen Jean Winograd (Nev. Bar No. 815) <br> 5555 Kietzke Lane, Suite 200 <br> E-Mail: ellen.winograd@lewisbrisbois.com <br> Telephone: (775) 399-6377 <br> Facsimile: (775) 827-9256 <br><br> *Attorneys for Defendant Western Range Association* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CIRILO UCHARIMA ALVARADO, on behalf of himself and all others similarly situated; <br><br> *Plaintiff*, <br><br> v. <br><br> **WESTERN RANGE ASSOCIATION**, a California non-profit corporation; **ELLISON RANCHING COMPANY**, a Nevada corporation; **JOHN ESPIL SHEEP CO., INC.**, a Nevada corporation; **F.I.M. CORP.**, a Nevada corporation; **THE LITTLE PARIS SHEEP COMPANY, LLC**, a Nevada limited liability company; **BORDA LAND & SHEEP COMPANY, LLC**, a | Case No. 3:22-cv-00249-MMD-CLB <br><br> **ORDER GRANTING JOINT MOTION TO EXTEND TIME FOR DEFENDANT WRA TO COMPLETE PRODUCTION OF CUSTODIAL ESI AND FOR <u>PLAINTIFF TO FILE AMENDED COMPLAINT</u>** |

Nevada limited liability company; **HOLLAND RANCH, LLC**, a Nevada limited liability company; **NEED MORE SHEEP CO., LLC**, a Nevada limited liability company; and **FAULKNER LAND AND LIVESTOCK COMPANY, INC.**, an Idaho corporation,

*Defendants.*

Plaintiff Cirilo Ucharima Alvarado ("Plaintiff") and Defendant Western Range Association ("WRA"), by and through their respective counsel, respectfully submit this joint motion asking the Court to briefly extend the deadline for WRA to complete its production of custodial ESI to August 30, 2024, and the deadline for Plaintiff to file his amended complaint until two weeks after WRA completes such production, or September 13, 2024.[1]  As explained below, the Parties submit that the extension is warranted by the significant progress the Parties have made in recent weeks, and WRA's good-faith effort to satisfy its discovery obligations during that time.

On July 19, 2024, the Court held a status conference, where it ordered WRA to complete its production of hit counts and custodial ESI by August 2, 2024.  *See* ECF No. 209 at 2.  At the status conference, the Court also reaffirmed August 15, 2024 as Plaintiff's deadline to amend his complaint, which was set on the understanding that WRA would complete its production of discovery materials by August 2, 2024, providing Plaintiff roughly two weeks to review the completed production for purposes of amending his complaint.  *Id*.  The Court also ordered that if, after meeting and conferring, the parties were unable to resolve discovery issues, Plaintiff had leave to file a motion seeking relief.  *Id*.

As of August 2, 2024, WRA has made significant progress toward completing its non-custodial ESI production, including with respect to structured data and other non-custodial ESI.

---

[1] Plaintiff requested the Ranch Defendants' position on this motion before filing.  The Ranch Defendants stated that "if the Court determines that a fourth extension of time for Plaintiff to file his amended complaint is appropriate, *see* ECF 184, 189, 194, 206, 209, the Ranch Defendants preserve their previous objections, *see* ECF 188, 191, 199, but do not oppose the request for an extension."  As Plaintiff has previously stated, he does not intend to seek additional discovery from the Ranch Defendants prior to filing an amended complaint.

However, WRA has not yet begun or completed the production of custodial ESI through negotiated search terms, such as e-mail communications between and amongst WRA staff, WRA and its member ranches (including Ranch Defendants), and WRA and other third parties. Nevertheless, the parties have made tremendous progress over the past several weeks including finalizing a set of search strings, custodians, and other parameters.

Specifically, Plaintiff sent WRA a list of seventeen proposed search terms for the custodial ESI search on July 1, 2024. *See* ECF No. 208-1 at 3. On July 10, 2024, WRA's counsel replied that that Plaintiff's proposed strings were duplicative, overbroad, and would largely produce non-responsive materials. The same day, Plaintiff's counsel explained that WRA needed to produce hit counts for the search terms for Plaintiff to evaluate WRA's concerns regarding overbreadth, burden, responsiveness, or duplication. On July 12, 2024, WRA agreed to run all seventeen search strings and provide hit counts. *See* ECF No. 208-1 at 20. However, it took some time to collect those hit counts.

Following the July 19, 2024 status conference, WRA and Plaintiff have worked in earnest to negotiate the search terms, refine them, and reduce the review burden on WRA, and have been in touch almost daily since that date. On July 29, WRA informed Plaintiff that there were technical issues with the search terms provided on July 1. Salahi Decl. ¶ 5. Plaintiff addressed those issues the same day. *Id*. Between July 29, 2024 and August 7, 2024, counsel for Plaintiff and counsel for WRA communicated almost daily by e-mail, phone, or video conference on a variety of search-related topics. *Id*. ¶ 5. To facilitate the search process and reduce burden on WRA, the parties discussed custodians and their roles at WRA, troubleshoot syntax issues relating to specific search strings, and negotiated the exclusion of certain email domains less likely to contain relevant information. *Id.* ¶ 6. Through this process, the parties agreed to reduce the number of custodians, revise the search terms, and come up with other work arounds to refine the searches to exclude as much irrelevant material as possible and to ensure that WRA's review burden was not disproportionate to the needs of the case. *Id.* As a result, the parties were able to successfully reduce the volume of custodial ESI materials to be reviewed by WRA by nearly

90%. *Id.*

On the morning of August 7, WRA and Plaintiff met and conferred about the latest set of search strings and reached final agreement. Salahi Decl. ¶ 7. WRA confirmed that, in light of the Court's prior guidance, the bulk of its review will be focused on privilege. *Id.* To expedite the production process, WRA plans to segregate email communications involving law firm e-mail domains for later privilege review, and to prioritize production of email communications involving non-law firm domains before those potentially privileged communications involving lawyers. *Id.* Now that search parameters for custodial ESI have been agreed upon by WRA and Plaintiff, WRA estimates it will be able to produce all custodial ESI, including a supplemental privilege log, by August 30, 2024. *Id.*

Although WRA was unable to meet the court-set deadline of August 2, 2024 to produce custodial ESI (but believes it has done so with respect to non-custodial ESI), the parties have met and conferred productively since the Court's last status conference and real progress has been made and will continue to be made. For these reasons, Plaintiff and WRA respectfully ask the Court to modify the deadline for WRA to produce custodial ESI (from August 2 to August 30, 2024), and the deadline for Plaintiff to file an amended complaint (from August 15 to September 13, 2024). The parties' request to extend Plaintiff's deadline until two weeks after WRA's anticipated date to complete production of custodial ESI is consistent with the Court's reasoning in its July 19, 2024 order, which envisioned a period of two weeks for Plaintiff to review WRA's completed production for purposes of amending his complaint.

This is the first joint request by Plaintiff and WRA for an extension of time to extend deadlines since the Court's July 19, 2024 order, the first request for an extension of WRA's deadline to produce custodial ESI, and Plaintiff's fourth request to extend the deadline to amend his complaint, all previous extensions of which were granted due to the pace of discovery production. The parties do not expect that additional extensions will be needed for the ESI production or amended complaint.

Dated:  August 8, 2024

**EDELSON PC**

 /s/ Yaman Salahi
YAMAN SALAHI, ESQ. (*Pro Hac Vice*)
ysalahi@edelson.com
150 California Street, 18th Floor
San Francisco, California 94111

NATASHA J. FERNÁNDEZ-SILBER, ESQ. (*Pro Hac Vice*)*
nfernandezsilber@edelson.com
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
* Admitted in New York and Michigan

**FAIRMARK PARTNERS, LLP**
JAMIE CROOKS, ESQ. (*Pro Hac Vice*)
jamie@fairmarklaw.com
1825 7th Street NW, #821
Washington, DC 20001

**TOWARDS JUSTICE**

DAVID SELIGMAN, ESQ. (*Pro Hac Vice*)
david@towardsjustice.org
PO Box 371680, PMB 44465
Denver, Colorado 80237

*Co-Lead Counsel for Plaintiff and the Putative Class*

Dated:  August 8, 2024

**FISHER & PHILLIPS LLP**

 /s/ David B. Witkin
Rebecca Hause-Schultz, *Pro Hac Vice*
E-Mail:  rhause-schultz@fisherphillips.com
Dennis Cuneo, *Pro Hac Vice*
E-Mail:  dcueno@fisherphillips.com
David B. Witkin, *Pro Hac Vice*
E-Mail: dwitkin@fisherphillips.com
621 Capitol Mall, Suite 1400
Sacramento, California 95714
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

**LEWIS BRISBOIS**

Ellen Jean Winograd (Nev. Bar No. 815)
5555 Kietzke Lane, Suite 200
E-Mail: ellen.winograd@lewisbrisbois.com
Telephone: (775) 3099-6377
Facsimile: (775) 827-9256

**IT IS SO ORDERED.**

**DATED:** __August 9, 2024_____

_____
UNITED STATES MAGISTRATE JUDGE