**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CIRILO UCHARIMA ALVARADO, | Case No. 3:22-CV-00249-MMD-CLB |
| Plaintiff, | **ORDER DENYING MOTION TO SEAL** |
| v. | [ECF No. 225] |
| WESTERN RANGE ASSOCIATION, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Cirilo Ucharima Alvarado's ("Plaintiff") motion for leave to file second amended complaint provisionally under seal. (ECF No. 225.) Plaintiff seeks to provisionally file portions of his second amended complaint under seal because portions of the complaint include information from documents that were designated "Confidential" by Defendants Western Range Association and/or Ellison Ranching Company (collectively referred to as "Defendants"). (*Id.*) However, Plaintiff does not believe any of the quoted material in the complaint satisfies the stringent legal standard required to maintain material under seal. No opposition or response was filed by Defendants.

If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying

on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Finding a compelling reason is "best left to the sound discretion" of the Court. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

Plaintiff's sealing request contains information that is subject to a protective order in this case. However, Plaintiff does not believe any of the quoted material in the complaint satisfies the stringent legal standard required to maintain material under seal. Based on this, and Defendants' lack of response, the Court finds that compelling reasons do not justify sealing portions of the second amended complaint and therefore, the motion to seal (ECF No. 225) is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 15, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**