ANTHONY L. HALL, ESQ.
Nevada Bar No. 5977
AHall@SHJNevada.com
DUNCAN G. BURKE, ESQ.
Nevada Bar No. 13081
DBurke@SHJNevada.com
SIMONS HALL JOHNSTON PC
690 Sierra Rose Dr.,
Reno, Nevada 89511
Telephone: (775) 785-0088

*Attorneys for Defendants*
*John Espil Sheep Co., Inc.*
*Borda Land & Sheep Company, LLC*
*Holland Ranch, LLC*
[*Additional Counsel on Next Page*]

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CIRILO UCHARIMA ALVARADO, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN RANGE ASSOCIATION, a California non-profit corporation; ELLISON RANCHING COMPANY, a Nevada corporation; JOHN ESPIL SHEEP CO., INC., a Nevada corporation; F.I.M. CORP., a Nevada corporation; THE LITTLE PARIS SHEEP COMPANY, LLC, a Nevada limited liability company; BORDA LAND & SHEEP COMPANY, LLC, a Nevada limited liability company; HOLLAND RANCH, LLC, a Nevada limited liability company; NEED MORE SHEEP CO., LLC, a Nevada limited liability company; and FAULKNER LAND AND LIVESTOCK COMPANY, INC., an Idaho corporation.<br><br>Defendants. | Case No.: 3:22-cv-00249-MMD-CLB<br><br>**DEFENDANTS' JOINT MOTION FOR STAY OF DISCOVERY** |

1

| | |
|---|---|
| **FABIAN VANCOTT** | **FISHER & PHILLIPS LLP** |
| Scott M. Petersen<br>Email: spetersen@fabianvancott.com<br>Tanner J. Bean<br>Email: tbean@fabianvancott.com<br>Kirsten R. Allen<br>Email: kallen@fabianvancott.com<br>95 S. State Street, Ste. 2300<br>Salt Lake City, Utah 84111<br><br>Bryan Dixon<br>Email: bdixson@fabianvancott.com<br>411 E. Bonneville Ave., Ste. 400<br>Las Vegas, NV 89101<br><br>*Attorneys for Defendant Ellison Ranching Co.* | Rebecca Hause-Schultz, *Pro Hac Vice*<br>E-Mail: rhause-schultz@fisherphillips.com<br>Dennis Cuneo, *Pro Hac Vice*<br>E-Mail: dcuneo@fisherphillips.com<br>David B. Witkin, *Pro Hac Vice*<br>E-Mail: dwitkin@fisherphillips.com<br>621 Capitol Mall, Suite 1400<br>Sacramento, California 95814<br>Telephone: (916) 210-0400<br>Facsimile: (916) 210-0401<br><br>**LEWIS BRISBOIS**<br><br>Ellen Jean Winograd (Nev. Bar No. 815)<br>5555 Kietzke Lane, Ste. 200<br>Reno, NV 89511<br>E-Mail: ellen.winograd@lewisbrisbois.com<br>Telephone: (775) 399-6377<br>Facsimile: (775) 827-9256<br><br>Attorneys for Defendant<br>*Western Range Association* |
| **JERRY SNYDER LAW** | **HOLLAND & HART LLP** |
| Jerry M. Snyder<br>Email: nevadajerrysnyder@gmail.com<br>429 Plumb Ln.<br>Reno, NV 89509<br><br>*Attorneys for Defendants F.I.M. Corp., Need More Sheep Co., LLC, and Faulkner Land & Livestock Co.* | Joshua M. Halen (SBN 13885)<br>HOLLAND & HART LLP<br>5470 Kietzke Lane, Suite 100<br>Reno, Nevada 89511<br>Telephone: (775) 327-3000<br>jmhalen@hollandhart.com<br><br>Cory A. Talbot (admitted *pro hac vice*)<br>April M. Medley (admitted *pro hac vice*)<br>HOLLAND & HART LLP<br>222 S. Main Street, Suite 2200<br>Salt Lake City, Utah 84101<br>Telephone: (801) 799-5800<br>catalbot@hollandhart.com<br>AMMedley@hollandhart.com<br><br>*Attorneys for Defendant The Little Paris Sheep Company, LLC* |

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

2

Pursuant to Federal Rule of Civil Procedure ("FRCP") 1, Defendants Western Range Association ("WRA"); Ellison Ranching Company; John Espil Sheep Co., Inc.; F.I.M. Corp.; The Little Paris Sheep Company, LLC; Borda Land & Sheep Company; Holland Ranch LLC; Need More Sheep Co., LLC; and Faulkner Land and Livestock Company, Inc. (collectively the "Ranch Defendants", and together with WRA, "Defendants") move to stay discovery in this action pending the Court's determination of the Motions to Dismiss (the "TAC Motions to Dismiss") to be filed on February 11, 2025, by all Defendants. This Motion is based upon the following Memorandum of Points and Authorities, the papers and pleadings on file herein, and any oral argument that the Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

A stay is warranted to protect Defendants from additional burdensome discovery pending the Court's review of the TAC Motions to Dismiss. The United States Supreme Court has recognized that staying discovery "may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive." *In re Netflix Antitrust Litig.*, 506 F.Supp.2d 308, 321 (N.D. Cal. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)). This antitrust case has already led to broad, time-consuming, and expensive discovery for the Ranch Defendants, despite the Court's recognition that Plaintiff failed to state a plausible claim against them. It would be antithetical to FRCP 1 ("Rule 1") to allow unfettered additional discovery to proceed following the filing of a Third Amended Complaint ("TAC") that failed to correct the deficiencies of the First Amended Complaint ("FAC") and Second Amended Complaint ("SAC").

### II. RELEVANT PROCEDURAL HISTORY

Plaintiff Cirilo Ucharima Alvarado ("Plaintiff") filed his original complaint on June 1, 2022, alleging two violations of the Sherman Act against WRA. ECF No. 1. On August 16, 2022, WRA filed its motion to dismiss (ECF No. 23), requesting that the Court dismiss Plaintiff's first claim for Horizontal Wage-Fixing Agreement (Restraint of Trade, 15 U.S.C. §§ 1, Et Seq.) (the "WRA Motion to Dismiss"). Plaintiff filed his response to the WRA Motion to Dismiss on October 14, 2022 (ECF

3

1  No. 37), and WRA filed its reply on November 22, 2022.  ECF No. 42.  Thereafter, the Court issued
2  an Order on March 21, 2023, denying the WRA Motion to Dismiss.  ECF No. 43.

3  On June 16, 2023, Plaintiff filed his FAC, adding the Ranch Defendants.  ECF No. 50.  On
4  August 14, 2023, the Ranch Defendants and other defendants filed their motions to dismiss (the
5  "Original Motions to Dismiss").  ECF Nos. 96, 99, & 109.  Plaintiff responded to the Original Motion
6  to Dismiss on September 12, 2023 (ECF No. 121), and the Ranch Defendants replied on September
7  26, 2023.  ECF No. 133.  On March 4, 2024, the Court granted the Original Motions to Dismiss as
8  to the Ranch Defendants and gave Plaintiff 30 days to file an amended complaint (the "March
9  Dismissal").  ECF No. 173.

10  Over the next six months, Plaintiff made five separate requests for an extension of time to
11  file an amended complaint (ECF Nos. 183, 186, 190, 210, & 213).  Plaintiff asserted that he needed
12  the extensions to receive "precisely the type of information the Court's dismissal order suggests
13  would assist Plaintiff in meeting the pleading standard."  ECF No. 183 at 8:13-14.  Importantly, at
14  the parties' July 19, 2024, Status Conference, Plaintiff represented to the Court that he would have
15  no issue preparing and filing his second amended complaint within 13 days of receiving court-
16  ordered discovery.  *See* ECF No. 209 at 2.  Then, on September 11, 2024, Plaintiff informed the
17  Court that he had received all court-ordered discovery as of September 10, 2024, and that with an
18  extension to September 27, 2024, no further extension would be necessary for him to file his second
19  amended complaint.  ECF No. 213 at 3:1, 3:5-6.

20  On September 27, 2024, Plaintiff filed the SAC.  ECF Nos. 224 and 232.  After Plaintiff filed
21  his SAC, the Court entered a briefing schedule.  ECF No. 228.  Following their review of the SAC,
22  the Defendants determined that Plaintiff failed to correct the deficiencies of the FAC identified in
23  the March Dismissal and filed their motions to dismiss the SAC on November 20, 2024 (the "SAC
24  Motions to Dismiss").  ECF Nos. 235, 236, 237, & 238.

25  A month later, on December 20, Plaintiff filed his opposition to the SAC Motions to Dismiss
26  and also filed a Motion for Leave to Amend Complaint (the "Motion to Amend the SAC"), proposing
27  further amendments that plainly attempted to address the issues raised in the SAC Motions to
28  Dismiss, such as Plaintiff's failure to plead his claims adequately under *Iqbal* and *Twombly*.  ECF

4

Nos. 243 & 244. After representing to the Court and to Defendants that the extension to September 27, 2024, would be sufficient for him to amend his complaint utilizing recent discovery, Plaintiff waited until Defendants filed five separate Motions to Dismiss (at considerable time and expense) to then present an entirely new amended complaint crafted in response to the SAC Motions to Dismiss.

On December 31, 2024, the parties submitted a stipulation to stay discovery "pending completion of briefing on Defendants' motions to dismiss." ECF No. 246 at 2:2-3. The Court granted the stipulation staying discovery and further ordered the parties to meet and confer no later than January 24, 2025, to determine whether to extend any stay of discovery, and, no later than January 31, 2025, submit either a joint stipulation regarding a stay of discovery if an agreement can be reached, or a motion to stay discovery. ECF No. 249 at 4:3-6.

Defendants thereafter filed a Joint Motion to Amend Briefing Schedule (the "Joint Motion"), requesting that the Court decide Plaintiff's Motion to Amend the SAC before requiring Defendants to submit reply briefing in support of the potentially moot SAC Motions to Dismiss. Plaintiff opposed the Joint Motion (ECF No. 252), and on January 13, 2025, the Court granted Plaintiff leave to file the TAC and denied the SAC Motions to Dismiss as well as the Joint Motion as moot. ECF No. 253. Plaintiff filed his TAC on January 14, 2025. ECF No. 254.

On January 24, 2025, the parties met and conferred and were unable to come to an agreement to stay discovery. Defendants now seek a stay of discovery pending the Court's ruling on the forthcoming TAC Motions to Dismiss. However, the parties were able to reach an agreement regarding the briefing schedule for the TAC Motions to Dismiss, with Defendants' opening briefs due on February 11, 2025, Plaintiff's opposition brief due March 11, 2025, and Defendants' reply briefs due on March 25, 2025. ECF Nos. 258-260.

### III.   LEGAL STANDARD

The Court's *Civil Standing Order* (ECF No. 28) states "[i]f a party believes that discovery should be stayed pending a decision on the motion to dismiss, the party is required to file a motion to stay that directly addresses the factors articulated in *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013) (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011))."

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Rule 1).

Under *Kor Media* and *Tradebay*, the Court is instructed to conduct "a preliminary peek of the merits of the motion to dismiss to determine the likelihood that the claims will be dismissed." *Kor Media*, 294 F.R.D. at 582-583. The preliminary peek test asks whether "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) after the court takes a 'preliminary peek' at the merits of the potentially dispositive motion, it is 'convinced' that the plaintiff cannot state a claim for relief." *Page v. Shumaker Mallory, LLP*, 2022 WL 1308286 at *2 (D. Nev. 2022) (citing *Kor Media*, 294 F.R.D. at 581).

The preliminary peek at the merits of the underlying motion "is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Tradebay*, 278 F.R.D. at 603. Using Rule 1 as a guide, the Court must decide whether to "speed the parties along in discovery" or "whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Id.*

IV. **ANALYSIS**

A stay should be granted in this case for three primary reasons. First, the TAC Motions to Dismiss satisfy the factors articulated in *Kor Media* and *Tradebay*. Second, the procedural posture of this case weighs heavily in favor of granting a stay. Third, a stay is warranted under the standard articulated by three separate Magistrate Judges in this district and deemed the "pragmatic approach" – an approach that addresses inefficiencies in the preliminary peek test. Guided by Rule 1, the Court should enter a stay pending the determination of the TAC Motions to Dismiss. Moreover, the stay should be a complete stay of the case, so as to preserve the rights of the parties.

### A. A Stay is Warranted Under the Preliminary Peek Factors

#### 1. The TAC Motions to Dismiss are Potentially Dispositive

The first of the preliminary peek factors is that the pending motion must be potentially dispositive. In the TAC Motions to Dismiss, the Ranch Defendants will seek dismissal with prejudice as to all claims by Plaintiff against the Ranch Defendants, much like they did in the SAC Motions to Dismiss. The TAC Motions to Dismiss are therefore facially "potentially dispositive." It is important to remember that the TAC Motions to Dismiss are the *third* round of motions to dismiss after the Original Motions to Dismiss were granted and the SAC Motions to Dismiss were rendered moot through the filing of the TAC after Plaintiff recognized that they were likely to be granted. The Ranch Defendants contend that the TAC fails to cure the defects of the FAC identified in the March Dismissal and the SAC identified in the SAC Motions to Dismiss. Consequently, the appropriate relief for the TAC Motions to Dismiss is dismissal of the claims against the Defendants with prejudice – a dispositive outcome.

#### 2. No Additional Discovery is Needed to Decide the Motion to Dismiss

The second of the preliminary peek factors is whether the potentially dispositive motion can be decided without additional discovery. The answer to this question is a resounding "yes", and Plaintiff cannot reasonably assert that additional discovery is necessary to decide the TAC Motions to Dismiss. Plaintiff sought discovery from the Ranch Defendants for six months while the Original Motions to Dismiss were pending. Plaintiff then sought and received six months of extensions to conduct additional discovery after the March Dismissal and before filing the SAC, asserting that the discovery sought was exactly what he needed to meet the pleading standard. *See* ECF No. 183 at 8:13-14; *see also* ECF Nos. 183, 186, 190, 210, & 213. After a year of discovery, Plaintiff filed his SAC only to abandon his SAC in favor of the TAC when it became clear that the SAC remained deficient as indicated by the SAC Motions to Dismiss.

Plaintiff has received over half a million pages of discovery dating back decades, as well as declarations from each and every one of the Defendants as to their efforts to produce discovery. The Defendants have already been subjected to onerous discovery. Based on Plaintiff's own admission,

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

he sought all the discovery necessary to meet the pleading standard, and additional discovery at this point would serve no rational purpose consistent with Rule 1.

### 3. A Stay is Warranted Based on a Preliminary Peek at the Motion to Dismiss

The third of the preliminary peek factors is whether, based on a review of the Motion to Dismiss, the Court is convinced that Plaintiff cannot state a claim for relief. To be clear, the Court is not tasked to adjudicate the Motion to Dismiss. Protection from discovery flows "from a finding that the cost or inconvenience is *undue* when weighed against the likely benefit of the discovery." *Flynn v. Nevada*, 345 F.R.D. 338, 347 (D. Nev. 2024) (citation omitted) (emphasis in original). Courts conduct the preliminary peek to determine whether engaging in "discovery is a waste of effort." *Kor Media*, 294 F.R.D. at 583.

Notably, neither *Kor Media* nor *Tradebay* involved a *second* motion to dismiss after discovery was permitted pending determination of a first motion to dismiss that was eventually granted, let alone a *third*. Further, neither *Kor Media* nor *Tradebay* involved antitrust claims, which were recognized as involving broad, time-consuming, and expensive discovery in *Twombly*. The Court should therefore evaluate the TAC Motions to Dismiss in the context of the successful Original Motions to Dismiss and the SAC Motions to Dismiss, and should consider this Motion in the context of the expansive discovery that has already occurred in this case as well as the half-year extension that Plaintiff received to attempt to salvage his claims against the Ranch Defendants, which was extended by another three months during which time Plaintiff prepared his TAC. Additional discovery would cause *undue* cost and inconvenience.

In its March 4, 2024 Order granting the Ranch Defendants' first Motion to Dismiss (the "March Dismissal"), the Court highlighted deficiencies in Plaintiff's FAC, including that it did not allege a membership agreement "whereby Ranch Defendants agree to 'comply fully with WRA's policies as a condition of membership, such that they are bound to WRA's allegedly anticompetitive policies or have 'surrender[ed] [themselves] completely to the control of [WRA].'" ECF No. 173 at 13:10-13 (citing *Relevant Sports, LLC v. United States Soccer Fed'n, Inc.*, 61 F.4th 299, 303, 307 (2d Cir. 2023)). In addition, the Court stated that Plaintiff was required to allege with specificity "who from Ranch Defendants entered into the purported agreements with WRA." ECF No. 173 at

8

13:15-16.  Further, the Court noted that "Plaintiff does not specifically allege that someone from each of the Ranch Defendants received the letter referenced in Richins's testimony or the WRA handbook instructing what the wage rate should be and manifested agreement in some manner." *Id.* at 14:20-22.

Plaintiff did not correct these deficiencies in the SAC, and he continues to rely on conclusory assertions in the TAC.  The new allegations in the TAC fall into three categories: (1) allegations that describe procedures followed by Defendants, as required by federal law; (2) allegations that are demonstrably false based on documents incorporated into the Complaint by reference; and (3) allegations that are no more than threadbare recitals and conclusory assertions.

Plaintiff's misrepresentations as to documents incorporated by reference into the TAC should be determinative in granting a stay.  Plaintiff relied heavily on four documents to substantiate his allegations against the Ranch Defendants: (1) WRA's Bylaws, (2) WRA's Member Handbook, (3) Job Assurances, and (4) Assurances.  These documents form the backbone of Plaintiff's allegation of a conspiracy in violation of antitrust laws assented to by the Ranch Defendants; accordingly, the Court may treat these documents "as incorporated by reference into the plaintiff's complaint . . . ." *See Comm. for Reasonable Regul. of Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 365 F. Supp. 2d 1146, 1153 (D. Nev. 2005) (citation omitted).

Plaintiff has a problem: <u>none</u> of these documents contain language supporting Plaintiff's claims.  Instead, the documents refute Plaintiff's claims because they track the applicable statutes and regulations involved with the H-2A program.  An agreement to engage in explicitly lawful activity cannot be sufficient to plausibly state an antitrust claim.  The foundational allegations in the TAC against the Ranch Defendants are therefore superficially premised on actual agreements.  Plaintiff's TAC is otherwise supported only by conclusory statements and unwarranted deductions that are not entitled to deference by this Court.

After exhaustive discovery, Plaintiff chose the four categories of documents specifically to form the basis of his claims against the Ranch Defendants in the TAC.  A cursory review of the documents demonstrates that they do not substantiate Plaintiff's claims.  *See, e.g.*, SAC Mots. to Dismiss, ECF Nos. 236 at Part V(A): 8:8-12:14 & 237 at Part I(A): 9:9-14:4.  Moreover, the TAC

9

includes self-defeating claims, fails to account for the extensive regulatory framework of the H-2A program, and ignores the role WRA plays in providing member ranches access to foreign markets. *See, e.g.*, SAC Mot. to Dismiss ECF No. 236 at Part V(A) 10:3-22, Part V(B)(3): 14:12-15:11, Part V(C): 17:3-20:4. As a result, the Court should not permit Plaintiff to barrage the Ranch Defendants with additional costly discovery. Plaintiff has engaged in an unsuccessful fishing expedition that should not be permitted to continue.

Plaintiff did not correct these deficiencies in his TAC. The Court will find a fulsome analysis of the TAC's deficiencies in the forthcoming TAC Motions to Dismiss. Plaintiff has failed to correct the deficiencies in the SAC with the TAC and has employed a strategy of making numerous allegations against the Ranch Defendants that do no more than describe lawful conduct, hoping that the Court will conflate the lawful conduct allegations with Plaintiff's conclusory illicit conduct allegations. The TAC contains broad language implicating the Ranch Defendants in all Western Range activity. Yet that deficiency is precisely why the Court granted the Ranch Defendants' Original Motions to Dismiss nearly a year ago.

Using Rule 1 as a guide, there is no need to "speed the parties along in discovery". *Tradebay*, 278 F.R.D. at 603. Instead, the Court should use its discretion to stay discovery to accomplish the inexpensive determination of the case.

### B. The Procedural History Demonstrates a Stay is Warranted

The Ranch Defendants have participated in this case for over eighteen months. They have produced discovery, stipulated to a discovery plan (ECF No. 112), agreed to a protective order (ECF No. 113), developed an ESI protocol (ECF No. 160), and participated in person at several case management conferences, which have themselves involved the drafting of case management conference reports. This has all occurred without viable claims for relief pled against them. The "speedy" element of Rule 1 has been stretched beyond its limit (except when Plaintiff requested numerous extensions), and the Court should apply the "just" and "inexpensive" elements of Rule 1 to relieve the Ranch Defendants of the burdens of litigation that they have endured since June of 2023.

### C. The Pragmatic Approach Supports a Stay

At least three Magistrate Judges in this district have recently adopted a pragmatic approach to address inefficiencies of the preliminary peek approach. The preliminary peek approach "puts a magistrate judge in an awkward position because the district judge may evaluate the underlying motion differently." *Kor Media*, 294 F.R.D. at 583 n.4. This Court acknowledged this issue at the parties' October 21, 2024, case management conference. The pragmatic approach resolves this problem by creating a different, two-step, framework to consider a motion to stay discovery. The Court considers "(1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery." *See Aristocrat Technologies, Inc. v. Light & Wonder, Inc.*, 2024 WL 2302151 at *2 (D. Nev. May 21, 2024); *see also Schrader v. Wynn Las Vegas, LLC*, 2021 WL 4810324 (D. Nev. Oc. 14, 2021) (adopting this approach); *Allstate Indem. Co. v. Cooper*, 2023 U.S. Dist. LEXIS 118889 at *3 (D. Nev. July 11, 2023) (same).

Just as with the preliminary peek approach, the first factor is easily satisfied, as no additional discovery is necessary to determine the TAC Motion to Dismiss. In addition, as detailed herein, the second factor of the pragmatic approach is satisfied, as good cause exists to stay discovery. The specific facts of this case, including the Original Motion to Dismiss, the discovery that has already occurred, including the hundreds of thousands of pages that Plaintiff received just months ago, this case's status as an antitrust dispute, the fees and costs already borne by the Defendants, and the likelihood of success of the TAC Motions to Dismiss, all provide substantial grounds for a stay. The pragmatic approach provides a way to avoid prejudgment of the TAC Motions to Dismiss and parallel analysis while still being aligned with Rule 1. A stay is clearly warranted under the pragmatic approach.

### D. A Complete Stay is Warranted

In his most recent status report, Plaintiff indicated that he "expects to propound additional discovery in the near future, including but not limited to document requests, interrogatories, deposition notices, and third-party subpoenas." ECF No. 230 at 2:24-26. The Defendants would be materially prejudiced if depositions were to occur prior to the Court's adjudication of the TAC Motions to Dismiss. Even though the Defendants are confident that the TAC Motions to Dismiss

11

will be granted, it would be imprudent at best to not participate in depositions that occur while the TAC Motions to Dismiss are pending.

As part of the parties' meet and confer efforts, Plaintiff refused to consider a stay of discovery until the completion of briefing on the TAC Motions to Dismiss, despite the parties' earlier stipulation to that effect with respect to the SAC Motions to Dismiss. Plaintiff seemed amenable to delaying depositions, but expressed his intention to propound third-party discovery, interrogatories, and potentially additional document discovery on WRA. These discovery methods would continue to create an undue burden. Defendants would need to analyze the propriety of third-party discovery and potentially file onerous motions to quash. Interrogatories *are* discovery and permitting them would place an unwarranted burden on Defendants as set forth in this Motion. In addition, Plaintiff's previous representations that he has "precisely the type of information" he needs to state a claim against Defendants militates against additional WRA discovery. Consequently, a total stay of discovery pending the adjudication of the Motion to Dismiss is warranted.

## V. CONCLUSION

The Ranch Defendants remained in this case for six months following the March Dismissal while Plaintiff pursued discovery to state a claim against them. Plaintiff's efforts failed. Just as the allegations as to the Ranch Defendants in the FAC and SAC were inadequate, so too are the allegations in the TAC, and dismissal with prejudice is warranted. Good cause exists to stay discovery until the Court rules on the TAC Motion to Dismiss.

For the foregoing reasons, Defendants respectfully submit that the Court should enter a stay of discovery pending the adjudication of the Motion to Dismiss.

DATED this 31st day of January 2025.

**SIMONS HALL JOHNSTON PC**

By: */s/ Duncan G. Burke*
ANTHONY L. HALL
DUNCAN GEORGE BURKE
690 Sierra Rose Dr.,
Reno, Nevada 89511
*Counsel for Defendants*
*John Espil Sheep Co., Inc.*
*Borda Land & Sheep Company, LLC*
*Holland Ranch, LLC*

**HOLLAND & HART LLP**

By: /s/ Cory A. Talbot
 Joshua M. Halen
 5470 Kietzke Lane, Suite 100
 Reno, NV 89511
 (775) 327-3000
 jmhalen@hollandhart.com

 Cory A. Talbot (Admitted *pro hac vice*)
 April M. Medley (Admitted *pro hac vice*)
 222 S. Main Street, Suite 2200
 Salt Lake City, Utah 84101
 (801) 799-5800
 catalbot@hollandhart.com
 AMMedley@hollandhart.com

 *Attorneys for Defendant The Little Paris Sheep Company, LLC*

**FISHER & PHILLIPS LLP**

By: /s/ David B. Witkin
 Dennis Cuneo, *Pro Hac Vice*
 E-Mail: dcuneo@fisherphillips.com
 Rebecca Hause-Schultz, *Pro Hac Vice*
 Email: rhause-schultz@fisherphillips.com
 David B. Witkin, *Pro Hac Vice*
 Email: dwitkin@fisherphillips.com
 621 Capitol Mall, Suite 1400
 Sacramento, California 95714
 Telephone: (916) 210-0400
 Facsimile: (916) 210-0401

**LEWIS BRISBOIS**

By: See below                                    *
 Ellen Jean Winograd (Nev. Bar No. 815)
 5555 Kietzke Lane, Suite 200
 E-Mail: ellen.winograd@lewisbrisbois.com
 Telephone (775) 399-6377
 Facsimile: (775) 827-9256

 *Attorneys for Defendant*
 *Western Range Association*
 (*The filing party did not receive authorization to add a signature for Ms. Winograd in advance of the filing deadline.)

13

**FABIAN VANCOTT**

By: __/s/ Tanner J. Bean__
Scott M. Petersen
E-Mail: spetersen@fabianvancott.com
Tanner J. Bean
E-Mail: tbean@fabianvancott.com
Kirsten R. Allen
E-Mail: kallen@fabianvancott.com
Bryan Dixon
E-Mail: bdixson@fabianvancott.com

*Attorneys for Defendant Ellison Ranching Co.*

**JERRY SNYDER LAW**

By: __/s/ Jerry M. Snyder__
Jerry M. Snyder
E-Mail: nevadajerrysnyder@gmail.com

*Attorneys for Defendants F.I.M. Corp., Need More Sheep Co., LLC, and Faulkner Land & Livestock Co.*

**PROOF OF SERVICE VIA ELECTRONIC SERVICE**

I, Terri Tribble, declare:

I am employed in the City of Reno, County of Washoe, State of Nevada by the law offices of Simons Hall Johnston PC. My business address is 690 Sierra Rose Drive, Reno, Nevada 89511. I am over the age of 18 years and not a party to this action.

On January 31, 2025, I served the foregoing **DEFENDANTS' JOINT MOTION FOR STAY OF DISCOVERY** by causing the document to be served via electronic service through the Court's CM/ECF electronic filing system, which will send notification of such filing to the parties of record.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on January 31, 2025.

/s/ Terri Tribble

Employee of Simons Hall Johnston PC