UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CIRILO UCHARIMA ALVARADO,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN RANGE ASSOCIATION, *et al.*,<br><br>Defendants. | Case No. 3:22-CV-00249-MMD-CLB<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY**<br><br>[ECF No. 261] |

Currently pending before the Court is Defendants Western Range Association ("WRA"), Ellison Ranching Company, John Espil Sheep Co., Inc., F.I.M. Corp., The Little Paris Sheep Company, LLC, Borda Land & Sheep Company, Holland Ranch LLC, Need More Sheep Co., LLC, and Faulkner Land and Livestock Company, Inc.'s (collectively the "Ranch Defendants", and together with WRA, "Defendants") joint motion to stay discovery pending the District Court's determination of pending motions to dismiss. (ECF No. 261.) Plaintiff Cirilo Ucharima Alvarado ("Plaintiff") responded, (ECF No. 270), and Defendants replied, (ECF No. 272). The Court has reviewed the relevant pleadings and papers, and, for the reasons set for below, grants Defendants' motion to stay discovery.

To determine if a stay is appropriate pending the ruling on a motion to dismiss, a court must consider the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether the court is convinced that the plaintiff cannot state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1] The Court must take a "preliminary peek" at the merits of the underlying dispositive motion in order to find whether the plaintiff can state a claim. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D.

---

[1] The undersigned follows the majority approach within the District when adjudicating motions to stay discovery—i.e., the preliminary peek framework outlined in *Kor Media*—and expressly adopts the analysis from Judge Koppe's recent order in *Flynn v. Nevada*, 345 F.R.D. 338 (D. Nev. 2024), which rejects the minority "good cause" approach.

597, 603 (D. Nev. 2011). The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.*

In conducting its review, the Court also considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 512 (D. Nev. 2020).

Having reviewed all the factors set forth above and after conducting a "preliminary peek" of the underlying motions, the Court finds that a stay of discovery pending resolution of the motions to dismiss, is appropriate in this case. Accordingly, Defendants' motion to stay discovery, (ECF No. 261), is **GRANTED**. In the event resolution of the motions to dismiss do not result in dismissal, the parties shall submit an amended joint proposed discovery plan within 14 days of resolution of the motions.

**IT IS SO ORDERED**.

DATED: February 28, 2025

_____
UNITED STATES MAGISTRATE JUDGE