**FAIRMARK PARTNERS, LLP**
JAMIE CROOKS, ESQ. (*Pro Hac Vice)*
jamie@fairmarklaw.com
400 7th St NW, #304
Washington, DC 20004
Tel: (619) 507-4182

**TOWARDS JUSTICE**
DAVID H. SELIGMAN, ESQ. (*Pro Hac Vice*)
david@towardsjustice.org
ALEXANDER HOOD, ESQ. (*Pro Hac Vice)*
alex@towardsjustice.org
PO Box 371680, PMB 44465
Denver, Colorado 80237
Tel: (720) 248-8426

**SALAHI PC**
YAMAN SALAHI, ESQ. (*Pro Hac Vice*)
yaman@salahilaw.com
505 Montgomery St., 11th Floor
San Francisco, California 94111
Tel: (415) 236-2305

**THIERMAN BUCK LLP**
LEAH L. JONES, Nev. Bar No. 13161
leah@thiermanbuck.com
325 W. Liberty St.
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**CIRILO UCHARIMA ALVARADO**, On Behalf of Himself and All Others Similarly Situated,

*Plaintiff*,

v.

**WESTERN RANGE ASSOCIATION**, a California non-profit corporation; **ELLISON RANCHING COMPANY**, a Nevada corporation; **JOHN ESPIL SHEEP CO., INC.**, a Nevada corporation; **F.I.M. CORP.**, a Nevada corporation; **THE LITTLE PARIS SHEEP COMPANY, LLC**, a Nevada limited liability company; **BORDA LAND & SHEEP COMPANY, LLC**, a Nevada limited liability company; **HOLLAND RANCH, LLC**, a Nevada limited liability company; **NEED MORE SHEEP CO., LLC**, a Nevada limited liability company; and **FAULKNER LAND AND LIVESTOCK COMPANY, INC.**, an Idaho corporation,

*Defendants*.

Case No. 3:22-cv-00249-MMD-CLB

**ORDER GRANTING STIPULATION GOVERNING FACT DEPOSITIONS**

Plaintiff Cirilo Ucharima Alvarado ("Plaintiff") and Defendants Western Range Association, Ellison Ranching Company, John Espil Sheep Co., Inc., F.I.M. Corp., The Little Paris Sheep Company, LLC, Borda Land & Sheep Company, LLC, Holland Ranch, LLC, Need More Sheep Co., LLC, and Faulkner Land and Livestock Company, Inc. (collectively, "Defendants," and with Plaintiff, the "Parties"), by and through their counsel of record, hereby stipulate as follows:

WHEREAS, the nine Defendants in this action are represented by five separate law firms, and the Parties anticipate numerous depositions to be noticed and scheduled in this matter;

WHEREAS, coordinating the availability of counsel for nine Defendants, together with witnesses located in Nevada, California, Idaho, and Peru, presents scheduling burdens that the Parties wish to address by uniform procedure rather than by serial motion practice;

WHEREAS, certain witnesses, including Plaintiff and members of the proposed class, have limited or no English proficiency, and will require interpretation, and certain witnesses may reside outside the United States;

WHEREAS, the Parties agree that a uniform protocol governing the noticing and scheduling, of depositions will conserve the resources of the Parties, non-parties, and the Court, reduce duplicative examination, and avoid conflicts among counsel;

WHEREAS, the Parties have met and conferred and have reached the agreement set forth below;

NOW THEREFORE, the Parties stipulate, and respectfully request that the Court order, as follows:

**I. SCOPE AND GENERAL PROVISIONS**

**1. Application.** This Order governs all oral fact depositions of party and non-party witnesses in this action, including depositions taken pursuant to Federal Rules of Civil Procedure ("FRCP") 30(b)(1), 30(b)(6), and 45. It does not govern expert depositions.

**2. Governing law.** Any matter not expressly addressed in this Order is governed

by the FRCP, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Nevada, and the standing orders and individual practices of the presiding Judge and Magistrate Judge.

**3. Cooperation.** Counsel shall cooperate with one another and with deponents in scheduling and conducting depositions, and shall coordinate in advance of each deposition to allocate examination time and avoid unreasonably duplicative questioning.

**4. Reservation of rights.** Nothing in this Order waives any Party's right to seek a protective order under FRCP 26(c), to move to quash or modify a subpoena under FRCP 45(d), or to seek relief from any provision of this Order for good cause.

## II. NOTICING AND SCHEDULING

### A. Depositions

**1. Pre-notice conferral.** No Party shall unilaterally schedule or notice the deposition of a witness without first consulting counsel for the witness and counsel for any Party that currently or formerly employed the witness. The requesting Party shall send a scheduling communication by email to counsel for all Parties, identifying the proposed deponent and offering three (3) or more available dates which the Parties generally expect will be not fewer than twenty-one (21) calendar days out. Counsel receiving a scheduling communication shall respond as soon as is reasonably practicable, which the Parties generally expect will be within seven (7) days and shall either accept one of the proposed dates or counter-propose at least two (2) alternative dates on which the witness and counsel are available. Counsel shall use best efforts to propose alternative dates falling within twenty-one (21) calendar days of the latest date originally proposed. Absent good cause, any Party or Counsel who fails to participate in the aforementioned scheduling communications waives the right to contest the timing of such deposition. Counsel may only be relieved from these time limits with the consent of other Parties or for good cause shown.

**2. Confirmation of representation.** Within five (5) business days, or as soon as is reasonably practicable, of after receiving a deposition request for a Party-affiliated witness

who is no longer employed by the Party, counsel for a Party shall confirm to the requesting Party whether that counsel represents the named deponent. If the Party-affiliated witness who is no longer employed by the Party is not represented, then the Party requesting the deposition shall be responsible for determining the witness's availability.

**3. Formal notice.** Once a date is agreed, the noticing Party shall serve a deposition notice under FRCP 30 electronically on all counsel of record.

**B. Avoiding Conflicts**

**1. No conflicting settings.** Unless otherwise agreed between the Parties, no Party shall schedule a deposition on a date on which any Party has already scheduled another deposition. Plaintiff and Defendants shall meet and confer if double-tracking or triple-tracking of depositions becomes necessary to complete discovery before the fact discovery cutoff.

**2. Counsel conflicts.** Where one firm represents multiple Defendants, the Parties shall make reasonable accommodations for that firm's availability.

**C. Firm Dates**

**1. Depositions noticed before the cutoff.** A deposition properly noticed to occur before the fact discovery cutoff but adjourned by agreement or order may be completed after the cutoff without further leave of Court.

**III. INTERPRETED DEPOSITIONS**

**1. Notice of interpretation.** A Party noticing the deposition of a witness who requires interpretation shall state that fact in the notice and identify the language and, where applicable, the dialect or variety. Counsel for a witness who requires interpretation shall advise the noticing Party of that requirement as soon as is reasonably practicable, which the Parties generally expect will be within seven (7) business days of receiving a scheduling communication.

**2. Retention and disclosure.** The noticing Party shall retain and pay for a qualified interpreter, who shall be certified by the Administrative Office of the United States Courts, the American Translators Association, or a comparable body where certification in the

relevant language is available. The noticing Party shall disclose the interpreter's name and credentials to all Parties as soon as is reasonably practicable, which the Parties generally expect will be at least seven (7) business days before the deposition. Any Party may object to the proposed interpreter within three (3) business days of receiving the disclosure.

**3. Check interpreter.** Any other Party may retain a check interpreter at its own expense. The check interpreter may state an objection to a specific interpretation on the record, which shall be noted by the reporter and resolved by the interpreters conferring on the record. Colloquy between interpreters shall not count against any Party's examination time.

## V. EXAMINATION TIME AND CONDUCT

**1. Coordination.** In light of the large number of parties and counsel who may wish to ask questions of a deposition witness, the Parties shall take reasonable steps to coordinate with one another in advance of each deposition to set expectations about the division of time for questioning per attorney and to avoid unreasonably duplicative questioning.

**2. Objections.** Objections shall be stated concisely in a non-argumentative and non-suggestive manner in accordance with Rule 30(c)(2). An objection made by any one Party preserves the objection for all Parties, and no Party need join in an objection to preserve it. Counsel shall not instruct a witness not to answer except as permitted by Rule 30(c)(2).

## VI. EXHIBITS

**Sequential numbering.** Deposition exhibits shall be numbered sequentially across all depositions in this action, without regard to which Party marks them, using the format "Ex. 1," "Ex. 2," and so forth. A document previously marked shall be referred to by its original exhibit number and shall not be re-marked. Counsel for the noticing Party shall circulate an updated running exhibit index to all counsel of record within five (5) business days after each deposition.

## VII. MODIFICATION

This Order may be modified by written agreement of the affected Parties, subject to approval of the Court, or by order of the Court on motion for good cause. Any Party may seek

relief from any provision of this Order for good cause.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: September 29, 2026

*/s/ Yaman Salahi*

**SALAHI PC**
YAMAN SALAHI, ESQ. (PHV)
yaman@salahilaw.com
505 Montgomery St., 11th Floor
San Francisco, California 94111

**THIERMAN BUCK LLP**
LEAH L. JONES, Nev. Bar No. 13161
leah@thiermanbuck.com
325 W. Liberty St.
Reno, Nevada 89511

**FAIRMARK PARTNERS, LLP**
JAMIE CROOKS, ESQ. (PHV)
jamie@fairmarklaw.com
400 7th St NW, #304
Washington, DC 20004

**TOWARDS JUSTICE**
DAVID H. SELIGMAN, ESQ. (PHV)
david@towardsjustice.org
ALEXANDER HOOD, ESQ. (PHV)
alex@towardsjustice.org
PO Box 371680, PMB 44465
Denver, Colorado 80237
*Attorneys for Plaintiff and the proposed Class*

*/s/ David B. Witkin*

**SIMONS HALL JOHNSTON PC**
ELLEN JEAN WINOGRAD, ESQ.
EWinograd@SHJNevada.com
690 Sierra Rosa Drive
Reno, NV 89511

**WOODBURN AND WEDGE**

JOSE TAFOYA
jtafoya@woodburnandwedge.com
6100 Neil Road Suite 500
Reno, NV 89511

**FISHER & PHILLIPS LLP**
DENNIS CUNEO, ESQ (PHV)
dcuneo@fisherphillips.com
1401 New York Ave., NW, Ste. 400
Washington, DC 20005

REBECCA A. HAUSE-SCHULTZ, ESQ. (PHV)
rhause-schultz@fisherphillips.com
DAVID B. WITKIN, ESQ. (PHV)
dwitkin@fisherphillips.com
621 Capitol Mall, Ste. 2400
Sacramento, CA 95814
*Attorneys for Defendant Western Range Association*

*/s/ Jerry M. Snyder*
**THORNDAL ARMSTRONG, PC**
JERRY M. SNYDER, ESQ.
6590 S. McCarran Blvd., Suite, B
Reno, Nevada 89509
jms@thorndal.com
*Attorney for F.I.M. Corporation, Need More Sheep Co LLC., and Faulkner Land Livestock Company, Inc.*

*/s/ Duncan G. Burke*
**SIMONS HALL JOHNSTON PC**
ANTHONY L. HALL, ESQ.
AHall@SHJNevada.com
DUNCAN G. BURKE, ESQ.
DBurke@SHJNevada.com
JONATHAN A. MCGUIRE, ESQ.
690 Sierra Rose Dr.,
Reno, Nevada 89511

*Attorneys for John Espil Sheep Co., Inc., Borda Land & Sheep Company, LLC, and Holland Ranch, LLC*

*/s/ Cory A. Talbot*

**HOLLAND & HART LLP**
MATTHEW B. HIPPLER, ESQ.
mhippler@hollandhart.com
5470 Kietzke Lane, Ste. 100
Reno, NV 89511

APRIL M. MEDLEY
ammedley@hollandhart.com
CORY A. TALBOT
catalbot@hollandhart.com
222 S. Main St., Ste. 2200
Salt Lake City, UT 84101

*Attorneys for Little Paris Sheep Company, LLC*

*/s/ Tanner J. Bean*

**FABIAN VANCOTT**
BRYAN D. DIXON, ESQ.
Nevada Bar #9320
2275 Corporate Circle, Ste. 220
Henderson, Nevada 89074
(702) 233-4444
bdixon@fabianvancott.com

SCOTT M. PETERSEN, ESQ. (PHV)
KIRSTEN R. ALLEN, ESQ. (PHV)
TANNER J. BEAN, ESQ. (PHV)
95 S. State Street, Ste. 2300
Salt Lake City, Utah 84111
(801) 531-8900
spetersen@fabianvancott.com
kallen@fabianvancott.com
tbean@fabianvancott.com
*Attorneys for Ellison Ranching Company*

**ORDER**

Having reviewed the Parties' Stipulation Governing Fact Depositions, and good cause appearing, the Court hereby orders:

1. The Parties' Stipulation Governing Fact Depositions is APPROVED and is adopted as an Order of this Court.

2. The Protocol set forth in the Stipulation shall govern all fact depositions of party and non-party witnesses in this action, and a copy of this Order shall be attached to each Rule 45 deposition subpoena served in this action.

3. This Order may be modified by written agreement of the affected Parties subject to approval of the Court, or by order of the Court on motion for good cause.

**IT IS SO ORDERED**.

Dated: September 29, 2026

______________________________
Magistrate Judge Carla L. Baldwin