**FAIRMARK PARTNERS, LLP**
JAMIE CROOKS, ESQ. (*Pro Hac Vice)*
jamie@fairmarklaw.com
400 7th St NW, #304
Washington, DC 20004
Tel: (619) 507-4182

**TOWARDS JUSTICE**
DAVID H. SELIGMAN, ESQ. (*Pro Hac Vice*)
david@towardsjustice.org
ALEXANDER HOOD, ESQ. (*Pro Hac Vice)*
alex@towardsjustice.org
PO Box 371680, PMB 44465
Denver, Colorado 80237
Tel: (720) 248-8426

**SALAHI PC**
YAMAN SALAHI, ESQ. (*Pro Hac Vice*)
yaman@salahilaw.com
505 Montgomery St., 11th Floor
San Francisco, California 94111
Tel: (415) 236-2305

**THIERMAN BUCK LLP**
LEAH L. JONES, Nev. Bar No. 13161
leah@thiermanbuck.com
325 W. Liberty St.
Reno, Nevada 89511
Tel: (775) 284-1500
Fax: (775) 703-5027

*Attorneys for Plaintiff and the proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**CIRILO UCHARIMA ALVARADO**, On Behalf of Himself and All Others Similarly Situated,

*Plaintiff*,

v.

**WESTERN RANGE ASSOCIATION**, a California non-profit corporation; **ELLISON RANCHING COMPANY**, a Nevada corporation; **JOHN ESPIL SHEEP CO., INC.**, a Nevada corporation; **F.I.M. CORP.**, a Nevada corporation; **THE LITTLE PARIS SHEEP COMPANY, LLC**, a Nevada limited liability company; **BORDA LAND & SHEEP COMPANY, LLC**, a Nevada limited liability company; **HOLLAND RANCH, LLC**, a Nevada limited liability company; **NEED MORE SHEEP CO., LLC**, a Nevada limited liability company; and **FAULKNER LAND AND LIVESTOCK COMPANY, INC.**, an Idaho corporation,

*Defendants*.

Case No. 3:22-cv-00249-MMD-CLB

**ORDER GRANTING STIPULATION WITHDRAWING PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS OF DEBBIE BRITO AND ANGEL SANCHEZ (ECF NO. 318) AND VACATING NOVEMBER 13, 2026 HEARING**

Plaintiff Cirilo Ucharima Alvarado ("Plaintiff") and Defendant Western Range Association ("WRA") (together, the "Parties"), by and through their respective counsel of record, hereby stipulate as follows:

**WHEREAS**, on October 28, 2026, Plaintiff filed a Motion to Compel the Depositions of Debbie Brito and Angel Sanchez (ECF No. 318) and a Motion for Expedited Briefing (ECF No. 319); on October 29, 2026, the Court granted expedited briefing and ordered WRA to respond to the Motion to Compel by 5:00 p.m. on November 2, 2026 (ECF No. 322); and on October 30, 2026, the Court set an in-person hearing on the Motion to Compel for November 13, 2026, at 9:00 a.m. (ECF No. 323);

**WHEREAS**, during the Parties' October 22, 2026 meet-and-confer, WRA's counsel, David Witkin, in response to Plaintiff's questions regarding Mr. Witkin's email stating that WRA and deponents were not available on the proposed November dates, represented that the January 2027 dates WRA offered were tied to the availability of WRA's counsel, including outside criminal counsel, and did not identify any constraint on the availability of Ms. Brito or Mr. Sanchez themselves, *see* ECF No. 318-9 at 4[1]. Following the Court's Order granting expedited briefing and setting an in-person hearing, counsel for WRA, Rebecca Hause-Schultz, emailed Plaintiff's counsel on October 29, 2026, providing additional context and explanation for why witnesses Ms. Brito and Mr. Sanchez cannot be made available before January 2027. Specifically, Counsel Hause-Schultz explained that Ms. Brito and Mr. Sanchez are performing essential functions to WRA during its "peak filing season" between October through January. Hause-Schultz explained these witnesses absence during this period would cause a burden to WRA's operations.

**WHEREAS**, on October 30, 2026, based on the new representations regarding the deponents' availability, counsel for Plaintiff and WRA, specifically Rebecca Hause-Schultz,

[1] Indeed, WRA counsel at that meeting represented that, although he did not know off the top of his head, the deponents presumably *were* available before the January 2027 dates. ECF No. 318-1 ¶ 21.

met and conferred by telephone to discuss the witnesses' availability further, during which counsel for Plaintiff expressed frustration with the manner of WRA's communications on this issue, including that WRA's explanations for Ms. Brito and Mr. Sanchez availability was now being provided for the first time despite Plaintiff's multiple prior attempts—over videoconference and email—to obtain clarity through the meet-and-confer process with WRA counsel, specifically with Mr. Witkin, *see* ECF Nos. 318-7, 318-8, 318-9, and only after Plaintiff filed his Motion to Compel and the Court granted Plaintiff's Motion for Expedited Briefing;

**WHEREAS**, counsel for WRA acknowledged that concern and committed to ensuring clear communication in the future, and the Parties agreed that such communication in the future is critical to ensuring that all positions and issues are understood;

**WHEREAS**, the Parties thereafter conferred about whether WRA could produce even one of the two witnesses before January 2027, and WRA asserted that it could not, because each witness is responsible for a separate and integral part of WRA's filing process (one with the U.S. Department of Labor ("DOL") and the other with U.S. Citizenship and Immigration Services ("USCIS")), the agencies' rapid-turnaround demands continue without a break through the end of WRA's peak season in late January 2027, and, based on WRA's counsel's discussions with the witnesses and WRA's team, neither witness could be made available in November or December 2026 without disrupting WRA's time-sensitive agency filings on behalf of its members;

**WHEREAS**, during the October 30, 2026 meet-and-confer, WRA's counsel further elaborated—for the first time—that Ms. Brito and Mr. Sanchez work primarily from WRA's office, where one of them handles WRA's filings with DOL and the other handles WRA's filings with USCIS on behalf of WRA's members; that their responsibilities include ensuring that proper Form ETA-790 job orders are on file with DOL and proper Form I-129 petitions are on file with USCIS, facilitating the scheduling of workers' consular appointments, and responding to notices of deficiency and other follow-up inquiries from those agencies, which

carry short turnaround windows and, if not met, can result in the withdrawal of an entire application; and that because WRA services members in multiple states, including California and Nevada, with differing weather patterns and seasonal needs, filings arrive continuously throughout this period and must be handled promptly so that workers' visas are not interrupted and WRA's members do not experience disruption;

**WHEREAS**, in response to these new representations, on the call, counsel for Plaintiff offered to take the depositions in Twin Falls, Idaho, where the witnesses are based, and on a weekend, if doing so would alleviate potential disruption to WRA and enable the depositions to proceed in November or December 2026, but WRA maintained that the witnesses could not be made available before January 2027 even with those modifications;

**WHEREAS**, during the October 30, 2026 meet-and-confer, counsel for WRA further stated that the dates WRA had previously offered for the depositions of Ms. Brito and Mr. Sanchez, January 26 and 27, 2027 (*see* ECF No. 318-7 at 4; ECF No. 320 at 2), were not in fact available because of a WRA conference in Boise, Idaho on those dates, and instead offered January 28 and 29, 2027;

**WHEREAS**, Plaintiff has already noticed WRA's Rule 30(b)(6) deposition for January 28 and 29, 2027 pursuant to the Deposition Protocol (ECF No. 312) because WRA's counsel, Mr. Witkin, previously confirmed those dates were available, *see* ECF No. 318-9 at 4; ECF No. 320 at 3;

**WHEREAS**, WRA then offered to produce Ms. Brito and Mr. Sanchez on January 20 and 21, 2027, and confirmed with the other Defendants that they are also available on those dates;

**WHEREAS**, in light of the further detail provided by WRA's counsel, Ms. Hause-Schultz, and WRA's commitment to improving communication going forward to avoid unnecessary discovery motion practice, as well as WRA's agreement not to oppose a further extension to Plaintiff's expert disclosure deadline in light of the delays in deposition scheduling, Plaintiff has agreed to defer the depositions of Ms. Brito and Mr. Sanchez until

January 20 and 21, 2027;

**NOW, THEREFORE,** the Parties, through their undersigned counsel, hereby stipulate and agree, subject to the Court's approval, as follows:

1. Plaintiff's Motion to Compel the Depositions of Debbie Brito and Angel Sanchez (ECF No. 318) is hereby withdrawn.

2. The depositions of Ms. Brito and Mr. Sanchez shall take place on January 20 and 21, 2027, and shall not be rescheduled except by order of the Court.

3. The November 13, 2026 hearing on Plaintiff's Motion to Compel (ECF No. 323) is vacated as moot, as are the briefing deadlines set in the Court's October 29, 2026 Order (ECF No. 322).

**IT IS SO STIPULATED.**

Dated: October 31, 2026

**SALAHI PC**
By: */s/ Yaman Salahi*

Yaman Salahi (Pro Hac Vice)

*Attorneys for Plaintiff and the proposed Class*

Dated: November 2, 2026

**FISHER & PHILLIPS LLP**
By: /s/ Rebecca Hause-Schultz

Rebecca Hause-Schultz (Pro Hac Vice)

*Attorneys for Defendant Western Range Association*

**[PROPOSED] ORDER**

Pursuant to the Parties' stipulation, and good cause appearing, IT IS SO ORDERED.

DATED: November 2, 2026.

UNITED STATES MAGISTRATE JUDGE